UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10152-NMG

PAMELA J. HILCHEY,

    Plaintiff,

v.

CITY OF HAVERHILL, JOHN J. GUERIN, JR.,
STEVEN BRIGHI, KIM J. PAROLISI,
LANCE DAWKINS, ALAN RATTE,
GARY J. MELANSON, and JOHN P. ARAHOVITES,

    Defendants

## COMPLAINT AND JURY CLAIM

1. This is a civil action arising out of the defendants' deprivation of the plaintiff's civil rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and Articles 1 and 12 of the Declaration of Rights of the Massachusetts Constitution. This action is brought under the provisions of 42 U.S.C. §1983 and pendent state statutes.

2. Jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and 28 U.S.C. §1343, because the plaintiff's claims arise under the Constitution and laws of the United States, and seek redress for the deprivation of rights secured by the Constitution of the United States under color of state law.

A. <u>PARTIES</u>

3. The plaintiff, Pamela J. Hilchey, is a resident of New Hampshire who, at all times material to this action, resided at 1 Cortland Road, Haverhill, Essex County, Massachusetts.

4. The defendant, City of Haverhill, is a body politic organized and existing under the laws of the Commonwealth of Massachusetts, and is a political subdivision of the Commonwealth of Massachusetts which is amenable to suit.

5. The defendant, John J. Guerin, Jr. (hereinafter Guerin), was at all material times employed as the Mayor of the City of Haverhill, and in that capacity was the chief executive officer of the City of Haverhill who had supervisory and policy-making authority over the police department of the City of Haverhill.

6. The defendant, Steven Brighi (hereinafter Brighi), was at certain material times employed as the Chief of Police of the City of Haverhill, and in that capacity had supervisory and policy-making authority in and for the police department of the City of Haverhill.

7. The defendant, Kim J. Parolisi (Parolisi) was at certain material times employed as the Acting Chief of Police of the City of Haverhill, and in that capacity had supervisory and policy-making authority in and for the police department of the City of Haverhill.

8. The defendant, Alan Ratte (hereinafter Ratte) was, at all material times, employed as a police captain for the City of Haverhill, and had supervisory and policy-making authority in and for the City of Haverhill police department.

9. The defendant, Lance Dawkins (hereinafter Dawkins) was, at all material times, employed as a police detective in and for the City of Haverhill police department.

10. The defendant, Gary J. Melanson (hereinafter Melanson) was, at all material times,

employed as a police officer in and for the City of Haverhill police department.

11. The defendant, John P. Arahovites (hereinafter Arahovites) was, at all material times, employed as a police sergeant in and for the City of Haverhill police department.

## B. OPERATIVE FACTS

12. In 2001, while he was employed by the City of Haverhill as a police officer, the plaintiff's husband, Ronald Hilchey, was falsely accused of sexual assault, and was suspended from his employment by the City of Haverhill police department.

13. The suspension of Ronald Hilchey by the City of Haverhill was malicious and false, was not based upon reasonable evidence or probable cause, and was prosecuted solely for the purpose of threatening, intimidating and coercing Ronald Hilchey not to pursue a promotion.

14. Although the accusation of sexual assault was not proven, the City of Haverhill arbitrarily, capriciously and maliciously maintained its suspension of Ronald Hilchey's employment which was contrary to law.

15. On multiple occasions prior to September 7, 2002, while the plaintiff lawfully resided at 1 Cortland Road, Haverhill, Massachusetts, she was arbitrarily subjected to malicious and false accusations, harassment and abuse by various employees of the Haverhill police department.

16. On multiple occasions prior to September 7, 2002, when the plaintiff lawfully requested assistance from the City of Haverhill police department she received malicious harassment and verbal abuse from employees of the Haverhill police department.

17. On multiple occasions prior to September 7, 2002, while the plaintiff lawfully resided at 1 Cortland Road, Haverhill, Massachusetts, with the encouragement of the City of

Haverhill police department, residents of her neighborhood made malicious complaints and false accusations against her to the Haverhill police department.

18. All of the above-described false accusations, abuse and harassment imposed upon the plaintiff were arbitrary and malicious, were not based upon reasonable evidence or probable cause, and were intended solely for purpose of threatening, intimidating and coercing the plaintiff and/or her husband.

19. On multiple occasions prior to September 7, 2002, individuals with supervisory and policy-making authority in and for the City of Haverhill, including without limitation defendants Guerin, Brighi, Parolisi, and Ratte, with intentional or reckless disregard for the rights of the plaintiff:

(i) Failed and neglected to devise, implement or enforce policies for the prevention of malicious and false accusations, harassment, abuse, threats, intimidation and coercion of the plaintiff and her husband, by, *inter alia*, failing to provide adequate training and supervision to individuals involved in the provision of police services, failing to investigate allegations of malicious, abusive and harassing treatment by Haverhill police officers, and failing to discipline police officers found to have engaged in such treatment; and

(ii) Encouraged, tolerated and permitted a pattern and practice of deliberate malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion of the plaintiff and her husband to exist within and among employees and agents of the Haverhill Police department.

20. As a result of the above-described actions of individuals with supervisory and policy-making authority in and for the City of Haverhill, including without limitation defendants

4

Guerin, Brighi, Parolisi, and Ratte, such deliberate indifference to the rights of the plaintiff and her husband, including the tolerating and permitting of malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion directed against the plaintiff and her husband, became the official custom and policy of the City of Haverhill and of the Haverhill police department.

21. On September 4, 2002, the plaintiff complained in writing to defendant Guerin, in his capacity as mayor of the City of Haverhill, about one particular instance of the malicious and abusive treatment to which she and her husband had been subjected by members of the Haverhill police department. The letter making such complaint was sent by the plaintiff to Guerin by certified mail, return receipt requested, and was received by Guerin on September 6, 2002. A true copy of the letter (with expletives deleted) and return receipt are attached to this Complaint as Exhibit A.

22. On September 7, 2002, the plaintiff was arrested and detained by Haverhill police officers acting in their official capacities, including without limitation defendants Ratte, Melanson, Dawkins and Arahovities.

23. No probable cause existed to subject the plaintiff to arrest and detention on September 7, 2002, and no reasonable police officer would have believed that probable cause existed to subject the plaintiff to arrest and detention under the circumstances which then existed.

24. In connection with the arrest of the plaintiff, Haverhill police officers acting in their official capacities, including without limitation defendants Ratte, Melanson, Dawkins and Arahovities, maliciously caused a criminal complaint to issue against the plaintiff, which charged the plaintiff with assault and battery with a dangerous weapon, and the plaintiff was so

5

prosecuted.

25.     The defendants had actual knowledge that no factual basis existed for such criminal charges and/or manifested intentional or reckless disregard for the factual basis for such criminal charges, when no reasonable police officer would have believed that probable cause existed to subject the plaintiff to prosecution for such criminal charges.

26.     Following the arrest of the plaintiff, Haverhill police officers acting in their official capacities, including without limitation defendants Ratte, Melanson, Dawkins and Arahovites, maliciously caused a restraining order to enter against the plaintiff, preventing her from returning to her residence at 1 Cortland Road, Haverhill, Massachusetts, and the plaintiff was permanently deprived of the use of her primary residence thereby.

27.     The arrest and prosecution of the plaintiff by Haverhill police officers was undertaken with actual malice and/or intentional and reckless disregard for the constitutional rights of the plaintiff, constituted retaliation against the plaintiff for her complaint to the mayor against the Haverhill police department and for other exercises of her protected rights, constituted threats, intimidation and coercion against the plaintiff, and was undertaken in furtherance and as part of the official custom and policy of the City of Haverhill and the Haverhill police department of deliberate indifference to the rights of the plaintiff and her husband, including the tolerating and permitting of malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion, as alleged above.

28.     On August 1, 2003, after a trial on the merits, a jury acquitted the plaintiff of all charges brought against her by the defendants.

29. As a result of her arrest and prosecution, the plaintiff suffered extreme and permanent emotional and/or physical injury, including severe anguish of mind which required medical attention, suffered from a diminished earning capacity and a loss of earnings, incurred substantial financial losses, including the forced sale of her Haverhill residence and her relocation to New Hampshire, suffered a loss of enjoyment and liberty, and suffered other tangible and intangible losses, which losses will continue into the future.

### C. CLAIMS BROUGHT ON BEHALF OF THE PLAINTIFF

1. Federal Civil and Constitutional Rights

30. The actions of the defendants, described above, were taken under color of law, with actual malice and/or intentional disregard for the rights of the plaintiff, and were so egregious as to violate the rights secured to the plaintiff under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, including the following rights:

(a) The plaintiff's right to be free from arrest and unreasonable seizure of her person without probable cause;

(b) The plaintiff's right to be free from malicious prosecution without probable cause and without due process of law;

(c) The plaintiff's right to be free from the deprivation of liberty and property without due process of law.

31. As a direct result of the actions of the defendants, described above, the plaintiff suffered legally cognizable damages, injuries and losses, and she brings the following Counts 1 through 8 under 42 U.S.C. §1983 to recover monetary damages for those losses.

Count 1:    Pamela J. Hilchey v. City of Haverhill.

Claim is hereby brought under 42 U.S.C. §1983 against the City of Haverhill, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 31, above.

Count 2:    Pamela J. Hilchey v. John J. Guerin, Jr.

Claim is hereby brought under 42 U.S.C. §1983 against John J. Guerin, Jr., for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 31, above.

Count 3:    Pamela J. Hilchey v. Steven Brighi

Claim is hereby brought under 42 U.S.C. §1983 against Steven Brighi for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 31, above.

Count 4:    Pamela J. Hilchey v. Kim J. Parolisi

Claim is hereby brought under 42 U.S.C. §1983 against Kim J. Parolisi for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 31, above.

Count 5:    Pamela J. Hilchey v. Alan Ratte

Claim is hereby brought under 42 U.S.C. §1983 against Alan Ratte for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 31, above.

Count 6:    Pamela J. Hilchey v. Lance Dawkins

Claim is hereby brought under 42 U.S.C. §1983 against Lance Dawkins for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 31, above.

Count 7:    Pamela J. Hilchey v. Gary J. Melanson

Claim is hereby brought under 42 U.S.C. §1983 against Gary J. Melanson for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 31, above.

Count 8:    Pamela J. Hilchey v. John P. Arahovites

Claim is hereby brought under 42 U.S.C. §1983 against John P. Arahovites for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 31, above.

II.    Massachusetts Civil and Constitutional Rights

32.    The actions of the defendants, described above, constituted threats, intimidation and coercion, by which the defendants deprived the plaintiff of rights secured by the Massachusetts Constitution and the United States Constitution, including:

(i)    The right to liberty and property secured by the Declaration of Rights, Massachusetts Constitution, Part 1, Article 1;

(ii)    The right to be free from being arrested, imprisoned, despoiled, or deprived of property, immunities, or privileges, put out of the protection of the law, exiled or deprived of liberty or estate except by the judgment of peers or the law of the land, as secured by the Declaration of Rights, Massachusetts Constitution, Part 1, Article 12;

  (iii) Rights secured by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, including:

    (a) The plaintiff's right to be free from arrest and unreasonable seizure of her person without probable cause;

    (b) The plaintiff's right to be free from malicious prosecution without probable cause and without due process of law; and

    (c) The plaintiff's right to be free from the deprivation of liberty and property without due process of law.

33. As a direct result of the actions of the defendants, described above, the plaintiff suffered legally cognizable damages, injuries and losses, and she brings the following Counts 9 through 16 under Mass. Gen. Laws, c.12, §111 to recover monetary damages for those losses.

Count 9: Pamela J. Hilchey v. City of Haverhill

Claim is hereby brought under Mass. Gen. Laws, c. 12, §111, against the City of Haverhill, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

Count 10: Pamela J. Hilchey v. John J. Guerin, Jr.

Claim is hereby brought under Mass. Gen. Laws, c. 12, §111, against John J. Guerin, Jr., for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

Count 11:    Pamela J. Hilchey v. Steven Brighi

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Steven Brighi, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

Count 12:    Pamela J. Hilchey v. Kim J. Parolisi

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Kim J. Parolisi, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

Count 13:    Pamela J. Hilchey v. Alan Ratte

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Alan Ratte, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

Count 14:    Pamela J. Hilchey v. Lance Dawkins

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Lance Dawkins, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

Count 15:    Pamela J. Hilchey v. Gary J. Melanson

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Gary J. Melanson, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

Count 16:    Pamela J. Hilchey v. John P. Arahovites

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against John P. Arahovites, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

D.    DEMANDS FOR RELIEF

WHEREFORE, the plaintiff, Pamela J. Hilchey, demands judgment of this Court, as follows:

A.    In an amount of money damages which is reasonable and necessary to compensate her for the losses, injuries and damages resulting from the deprivation of her civil rights under the United States Constitution, as to Counts 1 through 8 of this Complaint, plus punitive damages, attorney's fees, interest, costs, and such other relief as this Honorable Court deems appropriate in the interests of justice; and

B.    In an amount of money damages which is reasonable and necessary to compensate her for the losses, injuries and damages resulting from the deprivation of her civil rights under the Massachusetts Constitution and the United States Constitution, as to Counts 9 through 16 of this Complaint, plus punitive damages, attorney's fees, interest, costs, and such other relief as this Honorable Court deems appropriate in the interests of justice.

## JURY CLAIM

In accordance with the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands a jury trial as to all claims raised in this action.

> The plaintiff, Pamela J. Hilchey,
> By her attorney,
>
> _____
> Eric P. Finamore, Mass. BBO 541872
> WESTON, PATRICK, WILLARD & REDDING
> 84 State Street
> Boston, MA 02109
> (617) 742-9310

**EXHIBIT A**

**Pamela J. Hilchey**
**1 Cortland Road**
**Haverhill, MA 01830**
**(978)521-4363**


September 4, 2002

Mayor John J. Guerin, Jr.
City of Haverhill
4 Summer Street
Haverhill, MA 01830

Dear Mayor,

I have read several of your comments in the newspapers concerning your requirement that all city employees be courteous to citizens. Therefore, I believe that you would be interested in an incident that happened at my home last month and I hope even more than interested in the serious subsequent acts of police corruption that followed to protect the guilty.

I called the police to report that a boy had thrown fireworks in my driveway. During my conversation with the officers, Officer Fogarty, quite unexpectedly, yelled at me " F   K YOU" and went to sit in his police cruiser. My husband was listening intently upstairs to the conversation as we have had more than our share of dealing with unscrupulous Haverhill police officers. I filed a complaint and later went with my husband to speak to Deputy Gariepy. The Deputy asked my husband what he had heard and my husband told him he heard Fogarty yell "OH F   K YOU" as clear as a bell. The Deputy said that he was 90% sure that the officer would be punished and that he would let him know if he needed a report from him. I told the Deputy that he should also get a report from John Spero as Fogarty had admitted to him that he did say it and that John had told him to apologize which he did. My husband took time off from the police station and we were out of town from the afternoon of August 19th to the afternoon of August 22nd. When we returned we found the letter from Gariepy that he had closed the investigation. Deputy Gariepy did not follow the department rules concerning citizen's complaints which state that he was to get reports from every police officer with any knowledge regarding the complaint. Furthermore, several officers filed reports that I was somehow at fault. I was not in any way rude to the officers and greatly resent their apparent acts of conspiracy against me to shift blame from Officer Fogarty to myself.

The abuse my family has received from the Haverhill Police Department over the past year has been relentless and I am greatly concerned for our personal safety. Due to the fact that correct procedure was not followed with this investigation I am requesting that the City require Officer Fogarty to take a polygraph examination to conclusively prove what really happened and I too will gladly take one to prove that all of the allegations of the officers are untrue. Should the city not be able to finance this endeavor I will provide the funding.


Sincerely,


Pamela J. Hilchey

Encls.

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To: JOHN GUERIN
Street, Apt. No.; or PO Box No.: 4 SUMMER ST
City, State, ZIP+4: HAVERHILL MA 01830

7002 0460 0002 7812 9491

PS Form 3800, January 2001     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MAYOR JOHN GUERIN
CITY OF HAVERHILL
4 SUMMER ST
HAVERHILL MA
         01830

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7002 0460 0002 7812 9491

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-0835

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PAMELA J. HILTZ

### DEFENDANTS
CITY OF HAVERHILL, JOHN J GUERIN JR, STEVEN GUIGHI, [illegible], GARY J MELANSON, JOHN P ARTHUR [illegible]

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: ESSEX MA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ESSEX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

05cv 10152 NMG

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ERIC P FILAMORE, WESTON PATRICK PA
84 STATE ST BOSTON MA 02109

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 362 Personal Injury — Med. Malpractice | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 365 Personal Injury — Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 442 Employment | **HABEAS CORPUS:** | | |
| | ☐ 443 Housing/Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 USC §1983

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
DEMAND $ UNSPECIFIED
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE: NONE    DOCKET NUMBER: _____

DATE: 1/25/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Margaret J Hilchey v_
   _City of Haverhill_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,         *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

   [stamp: 05 cv 10152 NMG]

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   _None_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                                      YES       (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                                      YES       (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                                      YES        NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                                      YES       (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                                      (YES)      NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       (EASTERN DIVISION)          CENTRAL DIVISION          WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION            CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

(Cover sheet local.wpd - 11/27/00)