UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 CV 10152 NMG

|  |  |
|---|---|
| PAMELA J. HILCHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF HAVERHILL, JOHN J. GUERIN, JR., | ) |
| STEVEN BRIGHI, KIM J. PAROLISI, | ) |
| LANCE DAWKINS, ALAN RATTE, | ) |
| GARY J. MELANSON, JOHN P. ARAHOVITES, | ) |
| VICTOR M. PELLOT, GEORGE DEKEON, JR., and | ) |
| WILLIAM LEEMAN, | ) |
| | ) |
| Defendants | ) |

## AMENDED COMPLAINT AND JURY CLAIM

1.    This is a civil action arising out of the defendants' deprivation of the plaintiff's civil

rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United

States, and Articles 1 and 12 of the Declaration of Rights of the Massachusetts Constitution. This

action is brought under the provisions of 42 U.S.C. §1983 and pendent state statutes.

2.    Jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and 28 U.S.C.

§1343, because the plaintiff's claims arise under the Constitution and laws of the United States,

and seek redress for the deprivation of rights secured by the Constitution of the United States

under color of state law.

## A.    PARTIES

3.    The plaintiff, Pamela J. Hilchey, is a resident of New Hampshire who, at all times material to this action, resided at 1 Cortland Road, Haverhill, Essex County, Massachusetts.

4.    The defendant, City of Haverhill, is a body politic organized and existing under the laws of the Commonwealth of Massachusetts, and is a political subdivision of the Commonwealth of Massachusetts which is amenable to suit.

5.    The defendant, John J. Guerin, Jr. (hereinafter Guerin), was at all material times employed as the Mayor of the City of Haverhill, and in that capacity was the chief executive officer of the City of Haverhill who had supervisory and policy-making authority over the police department of the City of Haverhill.

6.    The defendant, Steven Brighi (hereinafter Brighi), was at certain material times employed as the Chief of Police of the City of Haverhill, and in that capacity had supervisory and policy-making authority in and for the police department of the City of Haverhill.

7.    The defendant, Kim J. Parolisi (Parolisi) was at certain material times employed as the Acting Chief of Police of the City of Haverhill, and in that capacity had supervisory and policy-making authority in and for the police department of the City of Haverhill.

8.    The defendant, Alan Ratte (hereinafter Ratte) was, at all material times, employed as a police captain for the City of Haverhill, and had supervisory and policy-making authority in and for the City of Haverhill police department.

9.    The defendant, Lance Dawkins (hereinafter Dawkins) was, at all material times, employed as a police detective in and for the City of Haverhill police department.

2

10.    The defendant, Gary J. Melanson (hereinafter Melanson) was, at all material times, employed as a police officer in and for the City of Haverhill police department.

11.    The defendant, John P. Arahovites (hereinafter Arahovites) was, at all material times, employed as a police sergeant in and for the City of Haverhill police department.

12.    The defendant, Victor M. Pellot (hereinafter Pellot) was, at all material times, employed as a police sergeant in and for the City of Haverhill police department.

13.    The defendant, George Dekeon, Jr. (hereinafter Dekeon) was, at all material times employed as a police detective in and for the City of Haverhill police department.

14.    The defendant, William Leeman, (hereinafter Leeman) was, at all material times employed as a police lieutenant in and for the City of Haverhill police department.

### B.    OPERATIVE FACTS

15.    In 2001, while he was employed by the City of Haverhill as a police officer, the plaintiff's spouse, Ronald Hilchey, was falsely accused of sexual assault, and was suspended from his employment by the City of Haverhill police department.

16.    The suspension of Ronald Hilchey by the City of Haverhill was malicious and false, was not based upon reasonable evidence or probable cause, and was prosecuted solely for the purpose of threatening, intimidating and coercing Ronald Hilchey not to pursue a promotion.

17.    Although the accusation of sexual assault was not proven, the City of Haverhill arbitrarily, capriciously and maliciously maintained its suspension of Ronald Hilchey's employment which was contrary to law.

18.    On multiple occasions prior to September 7, 2002, while the plaintiff lawfully resided at 1 Cortland Road, Haverhill, Massachusetts, she was arbitrarily subjected to malicious

3

and false accusations, harassment and abuse by various employees of the Haverhill police
department.

19.    On multiple occasions prior to September 7, 2002, when the plaintiff lawfully
requested assistance from the City of Haverhill police department she received malicious
harassment and verbal abuse from employees of the Haverhill police department.

20.    On multiple occasions prior to September 7, 2002, while the plaintiff lawfully
resided at 1 Cortland Road, Haverhill, Massachusetts, with the encouragement of the City of
Haverhill police department, residents of her neighborhood made malicious complaints and false
accusations against her to the Haverhill police department.

21.    All of the above-described false accusations, abuse and harassment imposed upon
the plaintiff were arbitrary and malicious, were not based upon reasonable evidence or probable
cause, and were intended solely for purpose of threatening, intimidating and coercing the plaintiff
and/or her husband.

22.    On multiple occasions prior to September 7, 2002, individuals with supervisory
and policy-making authority in and for the City of Haverhill, including without limitation
defendants Guerin, Brighi, Parolisi, Leeman and Ratte, with intentional or reckless disregard for
the rights of the plaintiff:

(i)    Failed and neglected to devise, implement or enforce policies for the prevention of
malicious and false accusations, harassment, abuse, threats, intimidation and coercion of the
plaintiff and her husband, by, *inter alia*, failing to provide adequate training and supervision to
individuals involved in the provision of police services, failing to investigate allegations of
malicious, abusive and harassing treatment by Haverhill police officers, and failing to discipline

4

police officers found to have engaged in such treatment; and

    (ii)    Encouraged, tolerated and permitted a pattern and practice of deliberate malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion of the plaintiff and her husband to exist within and among employees and agents of the Haverhill Police department.

23.    As a result of the above-described actions of individuals with supervisory and policy-making authority in and for the City of Haverhill, including without limitation defendants Guerin, Brighi, Parolisi, Leeman, and Ratte, such deliberate indifference to the rights of the plaintiff and her husband, including the tolerating and permitting of malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion directed against the plaintiff and her husband, became the official custom and policy of the City of Haverhill and of the Haverhill police department.

24.    On September 4, 2002, the plaintiff complained in writing to defendant Guerin, in his capacity as mayor of the City of Haverhill, about one particular instance of the malicious and abusive treatment to which she and her husband had been subjected by members of the Haverhill police department. The letter making such complaint was sent by the plaintiff to Guerin by certified mail, return receipt requested, and was received by Guerin on September 6, 2002. A true copy of the letter (with expletives deleted) and return receipt are attached to this Complaint as Exhibit A.

25.    On September 7, 2002, the plaintiff was arrested and detained by Haverhill police officers acting in their official capacities, including without limitation defendants Ratte, Melanson, Dawkins, Arahovities, Pellot, Dekeon and Leeman.

26.    No probable cause existed to subject the plaintiff to arrest and detention on September 7, 2002, and no reasonable police officer would have believed that probable cause existed to subject the plaintiff to arrest and detention under the circumstances which then existed.

27.    In connection with the arrest of the plaintiff, Haverhill police officers acting in their official capacities, including without limitation defendants Ratte, Melanson, Dawkins, Arahovities, Pellot, Dekeon and Leeman, maliciously caused a criminal complaint to issue against the plaintiff, which charged the plaintiff with assault and battery with a dangerous weapon, and the plaintiff was so prosecuted.

28.    The defendants had actual knowledge that no factual basis existed for such criminal charges and/or manifested intentional or reckless disregard for the factual basis for such criminal charges, when no reasonable police officer would have believed that probable cause existed to subject the plaintiff to prosecution for such criminal charges.

29.    Following the arrest of the plaintiff, Haverhill police officers acting in their official capacities, including without limitation defendants Ratte, Melanson, Dawkins, Arahovities, Pellot, Dekeon and Leeman, maliciously caused a restraining order to enter against the plaintiff, preventing her from returning to her residence at 1 Cortland Road, Haverhill, Massachusetts, and the plaintiff was permanently deprived of the use of her primary residence thereby.

30.    The arrest and prosecution of the plaintiff by Haverhill police officers was undertaken with actual malice and/or intentional and reckless disregard for the constitutional rights of the plaintiff, constituted retaliation against the plaintiff for her complaint to the mayor against the Haverhill police department and for other exercises of her protected rights, constituted threats, intimidation and coercion against the plaintiff, and was undertaken in furtherance and as

6

part of the official custom and policy of the City of Haverhill and the Haverhill police department of deliberate indifference to the rights of the plaintiff and her husband, including the tolerating and permitting of malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion, as alleged above.

31.    On August 1, 2003, after a trial on the merits, a jury acquitted the plaintiff of all charges brought against her by the defendants.

32.    As a result of her arrest and prosecution, the plaintiff suffered extreme and permanent emotional and/or physical injury, including severe anguish of mind which required medical attention, suffered from a diminished earning capacity and a loss of earnings, incurred substantial financial losses, including the forced sale of her Haverhill residence and her relocation to New Hampshire, suffered a loss of enjoyment and liberty, and suffered other tangible and intangible losses, which losses will continue into the future.

C.    CLAIMS BROUGHT ON BEHALF OF THE PLAINTIFF

I.    Federal Civil and Constitutional Rights

33.    The actions of the defendants, described above, were taken under color of law, with actual malice and/or intentional disregard for the rights of the plaintiff, and were so egregious as to violate the rights secured to the plaintiff under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, including the following rights:

(a)    The plaintiff's right to be free from arrest and unreasonable seizure of her person without probable cause;

(b)    The plaintiff's right to be free from malicious prosecution without probable cause and without due process of law;

7

(c)    The plaintiff's right to be free from the deprivation of liberty and property without due process of law; and

(d)    The plaintiff's right to be free from the abridgement of her freedom of speech.

34.    As a direct result of the actions of the defendants, described above, the plaintiff suffered legally cognizable damages, injuries and losses, and she brings the following Counts 1 through 8 under 42 U.S.C. §1983 to recover monetary damages for those losses.

Count 1:    Pamela J. Hilchey v. City of Haverhill.

Claim is hereby brought under 42 U.S.C. §1983 against the City of Haverhill, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 2:    Pamela J. Hilchey v. John J. Guerin, Jr.

Claim is hereby brought under 42 U.S.C. §1983 against John J. Guerin, Jr., for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 3:    Pamela J. Hilchey v. Steven Brighi

Claim is hereby brought under 42 U.S.C. §1983 against Steven Brighi for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 4:    Pamela J. Hilchey v. Kim J. Parolisi

Claim is hereby brought under 42 U.S.C. §1983 against Kim J. Parolisi for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

8

Count 5:    Pamela J. Hilchey v. Alan Ratte

Claim is hereby brought under 42 U.S.C. §1983 against Alan Ratte for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 6:    Pamela J. Hilchey v. Lance Dawkins

Claim is hereby brought under 42 U.S.C. §1983 against Lance Dawkins for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 7:    Pamela J. Hilchey v. Gary J. Melanson

Claim is hereby brought under 42 U.S.C. §1983 against Gary J. Melanson for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 8:    Pamela J. Hilchey v. John P. Arahovites

Claim is hereby brought under 42 U.S.C. §1983 against John P. Arahovites for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 9:    Pamela J. Hilchey v. Victor M. Pellot

Claim is hereby brought under 42 U.S.C. §1983 against Victor M. Pellot for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 10:    Pamela J. Hilchey v. John P. George Dekeon, Jr.

Claim is hereby brought under 42 U.S.C. §1983 against George Dekeon, Jr. for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 11:    Pamela J. Hilchey v. William Leeman

Claim is hereby brought under 42 U.S.C. §1983 against William Leeman for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

II.    Massachusetts Civil and Constitutional Rights

35.    The actions of the defendants, described above, constituted threats, intimidation and coercion, by which the defendants deprived the plaintiff of rights secured by the Massachusetts Constitution and the United States Constitution, including:

(i)    The right to liberty and property secured by the Declaration of Rights, Massachusetts Constitution, Part 1, Article 1;

(ii)    The right to be free from being arrested, imprisoned, despoiled, or deprived of property, immunities, or privileges, put out of the protection of the law, exiled or deprived of liberty or estate except by the judgment of peers or the law of the land, as secured by the Declaration of Rights, Massachusetts Constitution, Part 1, Article 12;

(iii)    Rights secured by the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, including:

(a)    The plaintiff's right to be free from arrest and unreasonable seizure of her person without probable cause;

10

(b)    The plaintiff's right to be free from malicious prosecution without probable cause and without due process of law; and

(c)    The plaintiff's right to be free from the deprivation of liberty and property without due process of law, and

(d)    The plaintiff's right to be free from the abridgement of her freedom of speech.

36.    As a direct result of the actions of the defendants, described above, the plaintiff suffered legally cognizable damages, injuries and losses, and she brings the following Counts 9 through 16 under Mass. Gen. Laws, c.12, §111 to recover monetary damages for those losses.

Count 12:    Pamela J. Hilchey v. City of Haverhill

Claim is hereby brought under Mass. Gen. Laws, c. 12, §111, against the City of Haverhill, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 13:    Pamela J. Hilchey v. John J. Guerin, Jr.

Claim is hereby brought under Mass. Gen. Laws, c. 12, §111, against John J. Guerin, Jr., for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 14:    Pamela J. Hilchey v. Steven Brighi

Claim is hereby brought under Mass. Gen. Laws, c. 12, §111, against Steven Brighi, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution

and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 15:    Pamela J. Hilchey v. Kim J. Parolisi

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Kim J. Parolisi, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 16:    Pamela J. Hilchey v. Alan Ratte

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Alan Ratte, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

Count 17:    Pamela J. Hilchey v. Lance Dawkins

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Lance Dawkins, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 18:    Pamela J. Hilchey v. Gary J. Melanson

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Gary J. Melanson, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

Count 19:    Pamela J. Hilchey v. John P. Arahovites

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against John P. Arahovites, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 20:    Pamela J. Hilchey v. Victor M. Pellot

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Victor M. Pellot, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 21:    Pamela J. Hilchey v. George Dekeon, Jr.

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against George Dekeon, Jr., for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 22:    Pamela J. Hilchey v. William Leeman

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against William Leeman, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

D.    DEMANDS FOR RELIEF

WHEREFORE, the plaintiff, Pamela J. Hilchey, demands judgment of this Court, as follows:

A.    In an amount of money damages which is reasonable and necessary to compensate her for the losses, injuries and damages resulting from the deprivation of her civil rights under the United States Constitution, as to Counts 1 through 8 of this Complaint, plus punitive damages, attorney's fees, interest, costs, and such other relief as this Honorable Court deems appropriate in the interests of justice; and

B.    In an amount of money damages which is reasonable and necessary to compensate her for the losses, injuries and damages resulting from the deprivation of her civil rights under the Massachusetts Constitution and the United States Constitution, as to Counts 9 through 16 of this Complaint, plus punitive damages, attorney's fees, interest, costs, and such other relief as this Honorable Court deems appropriate in the interests of justice.

JURY CLAIM

In accordance with the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands a jury trial as to all claims raised in this action.

The plaintiff, Pamela J. Hilchey,
By her attorney,

Eric P. Fihamore, Mass. BBO 541872
WESTON, PATRICK, WILLARD & REDDING
84 State Street
Boston, MA 02109
(617) 742-9310

14