UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10152NMG

| | |
|---|---|
| PAMELA J. HILCHEY,<br>Plaintiff<br><br>v.<br><br>CITY OF HAVERHILL, JOHN J.<br>GUERIN, JR., STEVEN BRIGHI,<br>KIM J. PAROLISI, LANCE DAWKINS,<br>ALAN RATTE, GARY J. MELANSON,<br>JOHN P. ARAHOVITES, VICTOR M.<br>PELLOT, GEORGE DEKEON, JR.<br>and WILLIAM LEEMAN,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT**

**1.      Introduction**

Defendants City of Haverhill, John J. Guerin, Jr., Steven Brighi, Kim J. Parolisi, Lance Dawkins, Alan Ratte, Gary J. Melanson, John P. Arahovites, Victor M. Pellot, George Dekeon, Jr. and William Leeman ("Defendants") respectfully move the Court to Order Plaintiff Pamela Hilchy ("Plaintiff") to provide a more definite statement of certain of her claims which are pled in such a manner as to be so vague and ambiguous that the Defendants do not understand what is alleged, specifically the Plaintiff's general allegation in Paragraph 18, *et seq.* that "on multiple occasions prior to September 7, 2002 . . . she was arbitrarily subjected to malicious and false accusations, harassment and abuse by various employees of the Haverhill Police Department." Reasonable clarification of the events which support the allegations of Paragraphs 18 through 23 of the Complaint by the Plaintiff is needed to identify the specific events alleged and the individuals who are allegedly involved in each of those events, to determine whether the specific actions of the

defendants alleged were performed under color of state law and/or within the applicable limitations period and whether the events alleged fairly assert a deprivation of the Plaintiff's rights under federal law. See Fed.R.Civ.P. 12(e). Additionally, the Defendants move Court to Order the Plaintiff to amend her Complaint to specify the basis of her standing to assert claims for alleged mistreatment of her husband, or alternatively to (1) delete her allegations which alleged wrongdoing against Ronald Hiltchey from her Complaint; or (2) segregate her claims alleging wrongdoing against Ronald Hiltchey into one or several distinct counts of her Complaint in order that the Defendants can move for dismissal of those allegations for lack of standing in a direct and concise fashion.

The defects complained of and the details requested are as follows:

## II. Argument

### A. Standard for Motion for More Definite Statement

A motion for more definite statement is to be granted "if a pleading to which a response pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." See Fed. R. Civ. P. 12(e). The "motion is granted sparingly since it is not to be used as a substitute for discovery in trial preparation. . . but is to be used only when a pleading is too general. Town of Hooksett Sch. Dist. v. W.R. Grace & Co., 617 F. Supp. 126, 135 (D.N.H. 1984). Rule 12 (e) motions are designed to "strike at unintelligibility, rather than a lack of detail in the complaint." Cox v. Maine Mar. Acad., 122 F.R.D. 115, 116 (D.Me. 1988). Accordingly, a Rule 12(e) motion properly is granted "only when a party is unable to determine the issues he must meet."

The defects complained of and the details requested are as follows:

  B. Defects in the "Operative Facts" Section of the Plaintiff's Complaint and Details Requested.

    1. Paragraphs 18 Through 23 Of The Complaint Alleges Unspecified Abuses "On Multiple Occasions Prior To September 7, 2002" In Such A General Manner That The Defendants Cannot Tell What Events Are Intended Or Who Among Them Was Allegedly Involved.

As currently drafted, the Complaint does not describe the conduct complained of generally and ambiguously in Paragraphs 18 through 23, nor does it attribute the conduct complained of to specific persons or entities among the 11 named Defendants. These material deficiencies render the Complaint unintelligible and impossible to respond to without forcing the Defendants to guess at the underlying facts and to interpret the Plaintiff's intent and meaning. Moreover, the general pleading wrongfully deprives the Defendants of any opportunity to challenge the sufficiency of the facts alleged to state a claim upon which relief can be granted and thus effectively denies the natural person Defendants the immunity to suit provided by qualified immunity. The Defendants respectfully move the Court to order the Plaintiff to revise and/or supplement her Complaint to set forth, in a clear and concise manner, facts sufficient to provide notice of the specific conduct which forms the basis of her claims of liability.

The Plaintiff alleges that "on multiple occasions prior to September 7, 2002, while the plaintiff lawfully resided at 1 Cortland Road, Haverhill, Massachusetts, she was arbitrarily subjected to malicious and false accusations, harassment and abuse by various employees of the Haverhill police department." See Pl.'s Complaint, attached as Ex. A, ¶ 18. Not only does this allegation fail to state the specific dates on which the complained of conduct occurred, which could be relevant to a defense based on the statute of limitations, but it also fails to state the identity of the actor(s) and the conduct complained of that allegedly constitutes "false accusations, harassment and abuse."

These deficiencies are replicated in subsequent paragraphs of the Complaint in which the Plaintiff attempts to lay the factual basis for her claims. "On multiple occasions prior to September 7, 2002, when the plaintiff lawfully requested assistance from the City of Haverhill police department she received malicious harassment and verbal abuse from employees of the Haverhill police department." See Pl.'s Complaint, ¶ 19. This allegations states a legal conclusion, that the Plaintiff was harassed and verbally abused, without stating the specific conduct supporting the allegation, identifying the perpetrators of the conduct or the dates on which the specific conduct occurred. "On multiple occasions prior to September 7, 2002, while the plaintiff lawfully resided at 1 Cortland Road, Haverhill, Massachusetts, with the encouragement of the City of Haverhill police department, residents of her neighborhood made malicious complaints and false accusations against her to the Haverhill police department." See Pl.'s Complaint, ¶ 20. The Plaintiff does not identify the actor, the specific conduct, or the date on which the conduct occurred.

Without knowing the conduct complained of, the identity of the person(s) whose conduct is complained of, and the dates on which the conduct occurred, the Defendants are unable to respond to the Plaintiff's Complaint in good faith and without prejudice to themselves. See Delta Educ., Inc. v. Langlois, 719 F.Supp. 42, 50 (D.N.H. 1989) (a more definite statement will be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself). Therefore, the Court should allow the Defendants' Motion and, with respect to Paragraph 18 through 20, order the Plaintiff to identify the conduct complained of, the Defendants to whom she attributes such conduct, and the dates on which said conduct occurred.

4

    C.    Defects Concerning the Plaintiff's Claims Based on Federal Civil and Constitutional Rights (Counts 1-11) and Details Requested

In Counts 1 through 11, the Plaintiff states separate claims against each Defendant for alleged violations of her rights under 42 U.S.C. § 1983. In Paragraph 33, the Plaintiff alleges that her rights under the First, Fourth, Fifth and Fourteenth Amendments were violated. See Pl.'s Complaint, § 33. Specifically, the Plaintiff alleges that the following of her rights were violated: the right to be free from arrest and unreasonable seizure without probable cause, the right to be free from malicious prosecution without probable cause and due process, the right to be free from deprivation of liberty and property without due process of law, and the right to freedom of speech. See id.

    1.    Count I Against The City of Haverhill Does Not Allege The Conduct For Which The Plaintiff Claims Haverhill Is Liable.

In support of her claim against the City of Haverhill under 42 U.S.C. § 1983, the Plaintiff merely states, in a conclusory fashion, that "claim is hereby brought under 42 U.S.C. § 1983 against the City of Haverhill, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in paragraphs 1 through 34 above." See Pl.'s Complaint, Count 1. Even with the benefit of incorporation of the preceding paragraphs, Count I does not specify the conduct for which the City of Haverhill is allegedly responsible.

While the Federal Rules of Civil Procedure established liberal pleading requirements, it is axiomatic that "each general allegation be supported by a specific factual basis. The pleadings are not sufficient where the plaintiff rests on 'subjective characterizations" to unsubstantiated conclusions." Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990).

The Defendants move the Court to order the Plaintiff to identify the factual basis for her claims against the City of Haverhill and how those facts constitute a violation of her civil rights

5

under 42 U.S.C. § 1983 or, in the alternative, the Court should strike this count from the Complaint.

        2.      Count II Against Defendant Guerin Does Not Allege The Conduct For Which The Plaintiff Claims Mr. Guerin Is Liable.

In support of her claim against Defendant Guerin under 42 U.S.C. § 1983, the Plaintiff merely states, in a conclusory fashion, that "claim is hereby brought under 42 U.S.C. § 1983 against the John L. Guerin, Jr., for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in paragraphs 1 through 34 above." See Pl.'s Complaint, Count 2. Mr. Guerin was formerly the Mayor of the City of Haverhill. Even with the benefit of incorporation of preceding paragraphs, Count II does not specify the conduct for which the City of Haverhill is allegedly responsible. It is impossible for the Defendant to respond to this count as currently drafted.

As stated above, numerous of the Plaintiff's allegations in the "Operative Facts" portion of her Complaint are unintelligible as currently pled in that they do not state the conduct complained of, the identity of the actor, or the date on which the conduct occurred. Nor does the Complaint contain any facts to support the Plaintiff's bald assertion that the Defendant Guerin violated the Plaintiff's civil rights. There is no factual allegation which supports the Plaintiff's claim that Defendant Guerin caused her to be arrested without probable cause, that he was responsible for her alleged malicious prosecution, the he deprived her of liberty and property without due process of law or that he interfered with her freedom of speech. While the Federal Rules of Civil Procedure established liberal pleading requirements, it is axiomatic that "each general allegation be supported by a specific factual basis. The pleadings are not sufficient where the plaintiff rests on 'subjective characterizations" to unsubstantiated conclusions." See Fleming v. Lind-Waldock & Co., 922 F.2d

20, 23 (1st Cir. 1990). The Court should order the Plaintiff to identify the factual basis for her claims against the Defendant Guerin and how those facts constitute a violation of her civil rights under 42 U.S.C. § 1983 or, in the alternative, the Court should strike this count from the Complaint.

        3.      Count III-XI Against Defendants Brighi, Parolisi, Ratte, Dawkins, Melanson, Arahovites, Pellot, Dekeon, and Leeman Do Not Allege The Conduct For Which The Plaintiff Claims These Police Officers Are Liable.

In support of her claims against Defendants Brighi, Parolisi, Ratte, Dawkins, Melanson, Arahovites, Pellot, Dekeon, and Leeman under 42 U.S.C. § 1983, the Plaintiff merely states, in a conclusory fashion, that "claim is hereby brought under 42 U.S.C. § 1983 against the [Defendant] Jr., for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in paragraphs 1 through 34 above." See Pl.'s Complaint, Counts 3-11. As stated above, numerous of the Plaintiff's allegations in the "Operative Facts" portion of her Complaint are unintelligible as currently pled in that they do not state the conduct complained of, the identity of the actor, or the date the conduct occurred.. As a result of these deficiencies, Counts 18 through 23 of the Plaintiff's Complaint are so vague and ambiguous that the Defendants are unable to admit or deny substantial portions of the Complaint. The Court should order the Plaintiff to identify the factual basis for her claims against these Defendants and how those facts constitute a violation of her civil rights under 42 U.S.C. § 1983 or, in the alternative, the Court should strike these counts from the Complaint.

        D.      Defects Concerning the Plaintiff's Claims Based on the Massachusetts Civil Rights Act (Counts 12-22) and Details Requested

In Counts 12 through 22, the Plaintiff states separate claims against each Defendant for violation of her rights under M.G.L. c. 12, § 11I, the Massachusetts Civil Rights Act ("MCRA").

See Pl.'s Complaint, ¶ 35. Specifically, she asserts that the following of her rights were violated: the right to liberty and property; the right to be free from arrest and unreasonable seizure without probable cause; the right to be free from malicious prosecution without probable cause and without due process of law; the right to be free from deprivation of liberty and property without due process of law; and the right to freedom of speech. See id.

1. Counts XII-XX Against all the Defendants

In support of her claims against the Defendants under the MCRA, the Plaintiff merely states, in a conclusory fashion, that "claim is hereby brought under Mass. Gen. Laws, c. 12, § 11I, against the [Defendant] for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in paragraph 1 through 35 above." See Pl.'s Complaint, Count 12. It is impossible for the Defendants to respond to these counts as currently drafted.

In order to prevail on a claim under the MCRA, a plaintiff must demonstrate that:

> (1) her exercise or enjoyment of right secured by the Constitution or laws of either the United States or of the Commonwealth (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation or coercion.

Bally v. Northeastern Univ., 403 Mass. 713, 717, 532 N.E.2d 49, 52 (1989) (*quoting* M.G.L. ch. 12, § 11I). The Complaint does not state a factual basis to support the Plaintiff's allegations that any of the Defendants interfered, or attempted to interfere, with her rights by use of threats, intimidation or coercion. While the Federal Rules of Civil Procedure established liberal pleading requirements, it is axiomatic that "each general allegation be supported by a specific factual basis. The pleadings are not sufficient where the plaintiff rests on 'subjective characterizations" to unsubstantiated

conclusions." Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990). The Court should order the Plaintiff to identify the factual basis for her claims against the Defendants under the MCRA and how those facts constitute a violation of her civil rights or, in the alternative, the Court should strike these counts from the Complaint.

      E.      The Plaintiff's Insertion of Allegations Concerning Alleged Wrongdoing Against Her Husband, Who Is Not A Party To This Case, Is Inappropriate And Those Allegations Should be Delete Or Segregated Into Separate Counts Of The Complaint.

The Complaint is defective to the extent that the Plaintiff attempts to intersperse allegations of wrongdoing against a person not a party into her allegations of entitlement to civil damages under state and federal civil rights laws. Specifically, the Plaintiff includes paragraphs of in her complaint evidently alleging entitlement to relief for allegedly unlawful disciplinary proceedings against her husband in the workplace. See Paragraphs 15, 16 and 17 of the Complaint. In other paragraphs of the Complaint she evidently claims entitlement for relief for wrong done to her husband and or herself. See Paragraphs 22, 23, 24, 30. No allegation is made which provides any basis for inferring that the Plaintiff has some conceivable basis for asserting entitlement to damages for alleged deprivation of her husband's rights. The Plaintiff's husband is not a party to this litigation. If the Plaintiff wishes to persist in her claim of entitlement of damages for alleged deprivation of non-parties' civil rights, then her claims pertaining to such persons or parties should be segregated into one or several distinct counts in order that her standing to assert such claims can be challenged directly by a motion to dismiss.

The Defendants respectfully move the Court to order the Plaintiff to delete allegations of her Complaint which allege wrongdoing by the Defendants against persons other than the Plaintiff from her Complaint, or alternatively, order the Plaintiff to segregate all such claims into a separate count

so that the Defendant can challenge and the Court can address the issue of the Plaintiff's standing in a direct and efficient manner.

### III. Conclusion

Wherefore, the Defendants respectfully move the Court to Order the Plaintiff to amend her Complaint to provide a more definite statement of her causes of action and their factual basis.

### Request for Oral Argument

The Defendants respectfully request a hearing and oral argument of the present motion.

> Respectfully submitted,
>
> The Defendants,
> CITY OF HAVERHILL, JOHN J. GUERIN, JR., STEVEN BRIGHI, KIM J. PAROLISI, LANCE DAWKINS, ALAN RATTE, GARY J. MELANSON, VICTOR M. PELLOT, GEORGE DEKEON, JR and WILLIAM LEEMAN,
> By their attorneys,
>
> /s/ William P. Breen
> William P. Breen, Jr. BBO #558768
> Rebecca L. Andrews, BBO #644846
> MURPHY, HESSE, TOOMEY & LEHANE, LLP.
> 300 Crown Colony Drive, Suite 410
> Quincy, MA 02169
> (617) 479-5000

July 27, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

The undersigned attorney certifies that prior to filing the above motion, he conferred in good faith with Plaintiff's counsel to narrow the issues raised by this motion.

William P. Breen, Jr.

## CERTIFICATION OF SERVICE

The undersigned attorney hereby certifies that on the 27th day of July 2005, he served a copy of the foregoing document, via first class mail, upon the following:

Eric P. Finamore, Esq.
Weston, Patrick, Willard & Redding
84 State Street
Boston, MA 02109

_____
William P. Breen, Jr.