UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05 CV 10152 NMG

PAMELA J. HILCHEY,

          Plaintiff,

v.

CITY OF HAVERHILL, et al.,

          Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR A MORE DEFINITE STATEMENT**

The plaintiff, Pamela J. Hilchey, opposes the Defendants' Motion for a More Definite Statement under Fed. R. Civ. P. 12(e). The motion lacks merit, and should be denied. Far from being "vague or ambiguous," the plaintiff's Amended Complaint clearly apprises the defendants of both the facts serving as the basis for her claims and the legal theories upon which those claims are based. The Amended Complaint is sufficient under all traditional rules of notice pleading, as interpreted by the First Circuit and the U.S. Supreme Court. The defendants' present motion violates the rules of pleadings established by those courts. Moreover, applicable law distinctly disfavors the motion brought by the defendants, particularly when the facts sought are the proper subjects of discovery, and the defendants have not identified a single legal authority to this Court which would justify the allowance of their motion. In substance, the defendants' present motion is without foundation in law or fact, and it should be denied by this Court.

1.  *Nature of the Action.* The factual and legal theories of this action are clearly and unambiguously set forth in the Amended Complaint. The action arises out of the arrest of the plaintiff on September 7, 2002 by the defendant police officers, in their official capacities, and her prosecution for certain alleged crimes, of which she was acquitted by a jury. As alleged in the complaint, prior to September 7, 2002 the plaintiff and her husband (a City of Haverhill police officer), were subjected to intimidation and harassment at the hands of certain members of the Haverhill police department. The plaintiff complained to the mayor of the city about the treatment she received. On September 7, 2002, the day after the mayor's office received her complaint, the plaintiff was arrested by members of the Haverhill police department, and was charged with intentionally using a motor vehicle to endanger the lives of several children. On August 1, 2002, a jury acquitted the plaintiff of all charges.

The plaintiff's Amended Complaint alleges that the plaintiff was arrested without probable cause, that she was prosecuted for crimes she did not commit, that these actions were taken by the individual defendants with malice, in furtherance and as part of the official custom and policy of the City of Haverhill and the Haverhill police department of deliberate indifference to her rights, and in retaliation against and intimidation of the plaintiff and her husband. As the complaint alleges in detail, the wrongful arrest and prosecution, and the other actions taken by the defendants, violated the rights secured to the plaintiff by the United States and Massachusetts Constitutions. She seeks damages for those violations.

    2.    *The Motion for a More Definite Statement Should be Denied.* Notwithstanding the factual and legal specificity of the Amended Complaint, the defendants claim to be entitled to – indeed, to require – a more definite statement of the plaintiff's claim before they can intelligently respond to her allegations. Rule 12(e) of the Federal Rules of Civil Procedure provides that a defendant may move for a more definite statement of a plaintiff's claim if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The rule is designed to strike at unintelligibility of pleading rather than a lack of specificity of detail, and may not be used as a substitute for fact discovery. *Haghkerdar v. Husson College*, 226 F.R.D. 12 (D. Me 2005). Therefore, motions under Rule 12(e) are generally disfavored by federal courts; they are not properly granted for the simple omission of factual details, but should only be granted if the complaint is so excessively vague as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it. *Greater New York Auto. Dealers Ass'n v. Environmental System Testing, Inc.*, 211 F.R.D. 71 (E.D.N.Y. 2002). Federal courts have consistently held that if the moving party can obtain the detail which it claims to need through discovery, the motion for a more definite statement in the complaint should be denied. *Castillo v. Norton*, 219 F.R.D. 155 (D. Ariz. 2003); *Davison v. Santa Barbara High School Dist.*, 48 F.Supp.2d 1225 (C.D. Cal. 1998).

    The defendants' motion should be denied on its face because, first of all, its very text admits of its own legal deficiency. In the first paragraph of its argument, the defendants' motion concedes that, as a matter of law, any motion for a more definite statement "is granted sparingly since it is not to be used as a substitute for discovery in trial preparation," and that such a motion is "designed to strike at unintelligibility, rather than a lack of detail in the complaint." *See*

*Defendants' Motion for A More Definite Statement* at 2, citing *Town of Hooksett School Dist. v. W.R. Grace & Co.*, 617 F. Supp 126, 135 (D.N.H. 1984) and *Cox v. Maine Marine Academy*, 122 F.R.D. 115, 116 (D. Me. 1988).

After first conceding the difficulty of the legal standard which they would have to meet to qualify for a more definite statement, the defendants next notably fail to demonstrate *any* affirmative legal authority for their motion. A review of the applicable cases by the Court will quickly reveal the reason for this failure: there is no such authority. To the contrary, the case law uniformly disfavors application of the rule. Most of the cases cited by the defendants do not even concern interpretation of Rule 12(e). In the cases cited which *do* concern requests for more definite statements (with one exception based upon RICO mail fraud, clearly inapplicable to the present case), the courts disfavor and deny them. In short, the defendants have cited no decisional law which supports allowance of their motion, and there is precious little such law on the books.

The defendants are not entitled to the relief requested by their motion for the simple reason that they cannot show that they lack the ability to respond intelligently to the Amended Complaint, such as would be required by Fed. R. Civ. P. 12(e). The allegations of the Amended Complaint are neither vague nor unintelligible, and the defendants cannot reasonably maintain that they are unable to respond. To the contrary, the Amended Complaint makes certain unambiguous allegations of fact, and each defendant is fully able to either admit or deny each factual allegation, or to state that he is without knowledge or information sufficient to form a belief as to the truth of the allegation, as he is obliged to do under Fed. R. Civ. P. 8(b). Nothing about the Amended Complaint imposes upon the defendants a risk of undue prejudice in making their responses. If

the defendants believe, in good faith, that they committed all or some of the wrongful acts alleged in the Amended Complaint, they are obligated to admit such allegations; otherwise, they can deny or plead lack of sufficient information. There is no risk of prejudice created by this sort of response to the allegations of the Amended Complaint. In any event, the defendants are not entitled to a more definite statement simply because, at this pre-discovery stage of the case, they wish to have more facts at their disposal.

Moreover, although courts uniformly hold that a Rule 12(e) motion is not an appropriate means to discover facts supporting a plaintiff's claim, a plain reading of the motion clearly shows this to be the defendants' motivation. The defendants' motion is nothing more than a request for further factual allegations, of the precise sort which courts routinely deny. The defendants have put nothing before this Court which demonstrates even a colorable need for a more definite statement, as opposed to full elucidation of the facts through discovery. The defendants seek merely to engage in a fishing expedition, in the hopes of exposing flaws in the plaintiff's allegations. This attempt should be rebuffed as improper by this Court.

The Amended Complaint articulates that the plaintiff was subjected to harassing treatment by members of the police department, that she complained about such treatment, that she was arrested without probable cause, in retaliation for her complaints and other protected activity, that she was prosecuted maliciously and with reckless disregard for her constitutional rights, in retaliation and as deliberate intimidation, and that these actions were taken in furtherance of official policy of the city. As such, the Amended Complaint identifies: (1) specific facts upon which the plaintiff bases her allegations that the defendants committed wrongful actions towards her; and (2) the particular legal theories under which she claims that she is entitled to recover

from the defendants.

It is clear, therefore, that the Amended Complaint provides the basis for the plaintiff's claim against each of the individual and municipal defendants, and adequately specifies the conduct allegedly taken by each. Nevertheless, the defendants' motion asserts that the defendant City of Haverhill is not adequately placed on notice by the allegations of the Amended Complaint of the claim made against it. A casual reading of the complaint disproves such an assertion. The Amended Complaint specifies that, because of the actions of the named individual defendants with supervisory and policy-making authority in and for the City of Haverhill, the tolerating and permitting of malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion directed against the plaintiff and her husband became the official custom and policy of the City of Haverhill and of the Haverhill police department. The Amended Complaint next alleges that on September 7, 2002, in furtherance of this city custom and policy, the plaintiff was falsely arrested and prosecuted, and that she suffered damages as a result. This allegation is well founded in fact and law; indeed, it would be clearly sufficient to withstand a motion to dismiss under Rule 12(b)(6). *See Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). It is difficult to understand how the defendants could seriously maintain, as they do in their motion, that the Amended Complaint "does not specify the conduct for which the City of Haverhill is allegedly responsible."

Similarly, the motion complains that the Amended Complaint fails to specify the basis on which the plaintiff brings her claims of civil rights violations against former Mayor Guerin. Nevertheless, the Amended Complaint alleges that Mr. Guerin, in his official capacity, with intentional or reckless disregard for the rights of the plaintiff: (i) failed and neglected to devise,

6

implement or enforce policies for the prevention of malicious and false accusations, harassment, abuse, threats, intimidation and coercion of the plaintiff and her husband and (ii) encouraged, tolerated and permitted a pattern and practice of deliberate malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion of the plaintiff and her husband to exist within and among employees and agents of the Haverhill Police department, with the result that the plaintiff was falsely arrested and wrongfully accused. These allegations, which are adequate under applicable law, clearly state the legal and factual basis for the plaintiff's claim with sufficient particularity to allow the defendants to respond. If the defendants believe that they cannot, in good faith and without prejudice, deny such allegations, they must admit them. Otherwise, they are free to deny or to disclaim adequate knowledge of the allegations under Rule 8(b), and then to propound discovery requests for such additional facts as they deem necessary.

Finally, the defendants claim that the references in the Amended Complaint to alleged wrongs done to the plaintiff's husband are improper or, perhaps alternatively, that any claims made on her husband's behalf must be segregated into a separate count. This argument is an attempt to create a tempest from thin air. There is no rational way to read the Amended Complaint as making a claim on behalf of Ronald Hilchey. Moreover, there is nothing improper about mentioning the fact of his existence in the complaint – after all, he is a person who played a role in some of the events which form the basis for the complaint. (Indeed, it is ironic that the defendants' entire motion challenges the lack of factual specificity, but then inconsistently complains when certain facts, like the existence of the plaintiff's husband, are mentioned.) In any event, a fair reading of the complaint would reveal that Mr. Hilchey is identified because his disputes with the city provided motive and context for the defendants' wrongful actions.

The claim that the plaintiff is somehow seeking to claim recovery for Mr. Hilchey's damages is also without merit. There is simply no way to read the Amended Complaint as purporting to make a claim on behalf of the plaintiff's husband, or to claim "entitlement to damages for alleged deprivation of non-parties' civil rights." *Defendants' Motion* at 9. The plaintiff has made no such claim. The defendants are right in one respect: "no allegation is made which provides any basis for inferring that the Plaintiff has some conceivable basis for asserting entitlement to damages for alleged deprivation of her husband's rights." *Id.* Why, then, do the defendants raise the issue? The motion appears to be a wishful attempt to pursue a motion to dismiss – of a claim which has not been brought by the plaintiff, and which cannot be fairly extrapolated from the complaint. On its face, the Amended Complaint makes claim only on behalf of the plaintiff; in this respect it is adequate, and the defendants' objection in this regard is specious.

For her complaint, the plaintiff is required to make "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must provide the defendant only with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed. 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All civil actions, including claims of civil rights violations such as the present action, are subject to these liberal notice-pleading rules established pursuant to Fed. R. Civ. P. 8(b). *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004). The Supreme Court has explicitly rejected the notion that there is a heightened pleading requirement for civil rights cases brought against municipalities or their officials. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,*

8

507 U.S. 163, 168-169, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

The allegations of the Amended Complaint are adequate under the general rules of notice pleading and any fair interpretation of Fed. R. Civ. P 8(a)(2). So long as the complaint meets that standard, it is not open to the defendants to claim an inability to respond just to justify a more definite statement. Rule 12(e) does not supplant the general pleading standard of Rule 8(a)(2):

> One fundamental aspect of the federal rules is the notion that a plaintiff who identifies the transaction or occurrence from which his grievance stems and specifies the injury inflicted upon him in a way that at least indicates some possibility of a right to legal redress has stated a claim for relief and is entitled to attempt to flesh out his case by discovery. *It never was intended that the motion for a more definite statement should upset this plan by obliging the plaintiff to plead in more specific terms at the outset of the action.*

WRIGHT & MILLER, *FEDERAL PRACTICE & PROCEDURE* §1376 (emphasis added).

The defendants cannot use Fed. R. Civ. P. 12(e) to circumvent the notice pleading standards of Fed. R. Civ. P. 8(a)(2). Yet, this is clearly their intention. Their feigned ignorance of the plaintiff's claims rings hollow upon an examination of the Amended Complaint. The defendants should not be allowed to engage in the present hair-splitting enterprise represented by their motion. The Amended Complaint is adequate when viewed in light of traditional notice-pleading standards, and it is neither vague nor ambiguous. The present motion must be denied.

3.  *Conclusion.*  The Amended Complaint fairly apprises the defendants of the nature of the plaintiff's claims, in both their factual and legal aspects. The defendants cannot reasonably claim that the Amended Complaint is so vague or ambiguous that they cannot reasonably be required to plead in response. Because the Amended Complaint comports with the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), it is sufficient as a matter of law. *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004). The defendants are not entitled to a more definite statement under Fed. R. Civ. P 12(e). Their motion is without basis in law or fact, and it must be denied.

The plaintiff, by her attorney,

Eric P. Finamore, MA BBO 54187
Weston, Patrick, Willard & Redding
84 State Street
Boston, MA 02109
(617) 742-9310

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all parties, by mailing/hand delivering a copy of same to their counsel of record, on this 10th day of August, 2005.

10