**United States District Court**
**District of Massachusetts**

```
                                )
PAMELA J. HILCHEY,              )
                                )
          Plaintiff,            )
                                )    Civil Action No.
          v.                    )    05-10152-NMG
                                )
CITY OF HAVERHILL et al.,       )
                                )
          Defendants.           )
                                )
```

### MEMORANDUM & ORDER

**GORTON, J.**

The plaintiff, Pamela Hilchey ("Hilchey"), filed an amended complaint in this Court in March, 2005, alleging that the defendants, which include the City of Haverhill, Massachusetts ("the City"), its Mayor, John Guerin, Jr. ("Mayor Guerin"), and nine employees of the Haverhill Police Department, violated her civil rights in contravention of the United States and Massachusetts constitutions.

The plaintiff's husband, Ronald Hilchey, was employed as a police officer with the Haverhill Police Department ("the Police Dept."). In 2001, he was suspended from his position as a result of a sexual assault charge that the plaintiff maintains was false and maliciously pursued by the Police Dept. in order to prevent him from obtaining a promotion.

-1-

Apparently relative to the events involving her husband, Hilchey alleges that "on multiple occasions prior to September 7, 2002", she was subject to threats, harassment and verbal abuse from employees of the Police Dept. She contends that various supervisors in the Police Dept. failed to implement policies that would prevent the harassment and, in fact, encouraged it. She further asserts that she complained to Mayor Guerin about her mistreatment.

Hilchey was arrested on September 7, 2002, and contends that she was criminally prosecuted on undisclosed charges despite knowledge by Haverhill police officers that they lacked probable cause to arrest her. The plaintiff was acquitted by a jury on August 1, 2003.

The plaintiff states that as a result of the harassment and malicious prosecution she experienced, she has suffered multiple economic and psychological harms which will persist into the future.

The defendants have filed a motion for a more definite statement requesting the Court to address three alleged deficiencies in the plaintiff's complaint. First and foremost, they seek to have the Court order Hilchey to provide a more definite statement of certain of her claims. The defendants assert that the allegations in paragraphs 18 through 23 of the complaint are so vague and ambiguous that they cannot discern to

-2-

what events and individuals Hilchey is referring.  Without such
knowledge, the defendants maintain that they cannot determine
whether 1) the actions complained of were discharged under color
of state law, 2) they fell within the applicable limitations
period and 3) the events fairly assert a deprivation of the
plaintiff's civil rights.  In addition, they assert that the
vagueness of those allegations prevents them from accurately
determining whether qualified immunity or other defenses are
available.

Second, the defendants contend that the plaintiff lacks
standing to make allegations about mistreatment of her husband.
Accordingly, they move the Court to order the plaintiff 1) to
amend her complaint in order to establish standing or 2) to
delete from the complaint allegations concerning mistreatment of
the plaintiff's spouse or 3) to segregate her claims involving
mistreatment of her spouse so that the defendants can move for
dismissal of those allegations in a direct and concise manner.

Finally, the defendants contend that the complaint
insufficiently alleges facts establishing the plaintiff's claims
against any of the defendants or pursuant to the Massachusetts
Civil Rights Act.  They ask the Court, therefore, to order the
plaintiff to supplement her allegations with specific facts or,
in the alternative, to strike those counts from the complaint.

Hilchey opposes the defendants' motion, maintaining that her

-3-

complaint fully complies with the standards of notice pleading
set forth by the Federal Rules of Civil Procedure.

Under Fed. Rule Civ. P. 12(e), a party may move for a more
definite statement "[i]f a pleading to which a responsive
pleading is permitted is so vague or ambiguous that a party
cannot reasonably be required to frame a responsive pleading".

Rule 12(e) motions are generally disfavored in light of the
liberal pleading requirements under the Federal Rules, see, e.g.,
Conley v. Gibson, 355 U.S. 41, 47-48 (1957), and the availability
of pretrial discovery procedures, see Cox v. Me. Mar. Acad., 122
F.R.D. 115, 116 (D. Me. 1988). Thus, courts have asserted that
Rule 12(e) motions should be addressed not to a lack of detail
but rather to unintelligibility which thereby prevents the movant
from "determin[ing] the issues he must meet". Haghkerdar v.
Husson Coll., 226 F.R.D. 12, 14 (D. Mass. 2005) (quoting Cox, 122
F.R.D. at 116). See also Swierciewicz v. Sorema N.A., 534 U.S.
506, 514 (2002) (stating that the purpose of Rule 12(e) is to
remedy pleadings that "fail[] to specify the allegations in a
manner that provides sufficient notice").

The thrust of the defendants' motion challenges paragraphs
18 through 23 of Hilchey's complaint which, in essence, allege
that "[o]n multiple occasions prior to September 7, 2002", the
defendants engaged in various and sundry undescribed misconduct
which constituted a violation of her civil rights. The

-4-

allegations are made in legal generalizations with no specific allegations as to the perpetrators or their supervisors.

Although the First Circuit Court of Appeals formerly required a heightened standard of pleading for civil rights claims, it has recently overruled those decisions, holding that notice pleading under Fed. R. Civ. P. 8(a) applies to all civil rights claims regardless of

the type of civil rights case, the capacity in which a particular defendant is sued, the availability vel non of a qualified immunity defense, or the need (or lack of need) for proof of illegal motive.

Educadores Puertorriquenos En Acci On v. Hernandez, 367 F.3d 61, 67 (1st Cir. 2004). The Circuit Court in that case specified that notice pleading standards for civil rights actions were met so long as

the complaint ... at least set forth minimal facts as to who did what to whom, when, where, and why - although why, when why means the actor's state of mind, can be averred generally.

Id. at 68.

In this case, paragraphs 18 through 23 of Hilchey's complaint fail to meet the minimum standards of notice pleading as described by the Circuit Court in Hernandez. This Court will, therefore, require the plaintiff to provide a more definite statement as to the underlying factual basis for the allegations set forth in those paragraphs. More specifically, Hilchey is directed to supplement her allegations so that the defendants can

-5-

determine generally when the alleged misconduct took place, what it entailed and who was involved.

The Court also finds problematic the allegations in Hilchey's complaint involving alleged mistreatment of her spouse to the extent those allegations could be construed as attempting to state a cause of action against defendants on her or her spouse's behalf. Accordingly, the Court directs Hilchey to clarify her complaint in that regard.

With respect to the defendants' more general request that the Court order Hilchey to supply more facts in support of her claims against them, the Court declines to so require. When plaintiff supplements her complaint as herein directed, she will have satisfied the standards of notice pleading and defendants shall file such responsive pleadings as they deem fit.

### ORDER

In accordance with the foregoing, Defendants' Motion for a More Definite Statement (Docket No. 15) is **ALLOWED,** in part, and **DENIED**, in part. Plaintiff is hereby directed to provide a more definite statement with respect to the allegations set forth in paragraphs 18 through 23 and to supplement her complaint with respect to the alleged mistreatment of her spouse to clarify the import and/or causal connection between such conduct and the

alleged violations of her own civil rights.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: December 22, 2005