UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   05 CV 10152 NMG

PAMELA J. HILCHEY,

             Plaintiff,

v.

CITY OF HAVERHILL, JOHN J. GUERIN, JR.,
STEVEN BRIGHI, KIM J. PAROLISI,
LANCE DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN P. ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR., and
WILLIAM LEEMAN,

             Defendants

**SECOND AMENDED COMPLAINT AND JURY CLAIM**

1.     This is a civil action arising out of the defendants' deprivation of the plaintiff's civil rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and Articles 1 and 12 of the Declaration of Rights of the Massachusetts Constitution. This action is brought under the provisions of 42 U.S.C. §1983 and pendent state statutes.

2.     Jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and 28 U.S.C. §1343, because the plaintiff's claims arise under the Constitution and laws of the United States, and seek redress for the deprivation of rights secured by the Constitution of the United States under color of state law.

## A.   PARTIES

3.   The plaintiff, Pamela J. Hilchey, is a resident of New Hampshire who, at all times material to this action, resided at 1 Cortland Road, Haverhill, Essex County, Massachusetts.

4.   The defendant, City of Haverhill, is a body politic organized and existing under the laws of the Commonwealth of Massachusetts, and is a political subdivision of the Commonwealth of Massachusetts which is amenable to suit.

5.   The defendant, John J. Guerin, Jr. (hereinafter Guerin), was at all material times employed as the Mayor of the City of Haverhill, and in that capacity was the chief executive officer of the City of Haverhill who had supervisory and policy-making authority over the police department of the City of Haverhill.

6.   The defendant, Steven Brighi (hereinafter Brighi), was at certain material times employed as the Chief of Police of the City of Haverhill, and in that capacity had supervisory and policy-making authority in and for the police department of the City of Haverhill.

7.   The defendant, Kim J. Parolisi (Parolisi) was at certain material times employed as the Acting Chief of Police of the City of Haverhill, and in that capacity had supervisory and policy-making authority in and for the police department of the City of Haverhill.

8.   The defendant, Alan Ratte (hereinafter Ratte) was, at all material times, employed as a police captain for the City of Haverhill, and had supervisory and policy-making authority in and for the City of Haverhill police department.

9.   The defendant, Lance Dawkins (hereinafter Dawkins) was, at all material times, employed as a police detective in and for the City of Haverhill police department.

10. The defendant, Gary J. Melanson (hereinafter Melanson) was, at all material times, employed as a police officer in and for the City of Haverhill police department.

11. The defendant, John P. Arahovites (hereinafter Arahovites) was, at all material times, employed as a police sergeant in and for the City of Haverhill police department.

12. The defendant, Victor M. Pellot (hereinafter Pellot) was, at all material times, employed as a police sergeant in and for the City of Haverhill police department.

13. The defendant, George Dekeon, Jr. (hereinafter Dekeon) was, at all material times employed as a police detective in and for the City of Haverhill police department.

14. The defendant, William Leeman, (hereinafter Leeman) was, at all material times employed as a police lieutenant in and for the City of Haverhill police department.

## B. OPERATIVE FACTS

15. In 2001, while he was employed by the City of Haverhill as a police officer, the plaintiff's spouse, Ronald Hilchey, was falsely accused of sexual assault, and was suspended from his employment by the City of Haverhill police department.

16. The suspension of Ronald Hilchey by the City of Haverhill was malicious and false, was not based upon reasonable evidence or probable cause, and was prosecuted solely for the purpose of threatening, intimidating and coercing Ronald Hilchey not to pursue a promotion.

17. Although the accusation of sexual assault was not proven, the City of Haverhill arbitrarily, capriciously and maliciously maintained its suspension of Ronald Hilchey's employment which was contrary to law.

17(a). The plaintiff in this action makes no claim for damages arising out of the false accusations made against Ronald Hilchey set forth in Paragraphs 15 through 17, above; however,

the plaintiff alleges that the deliberate indifference to the rights of the plaintiff and her husband, manifested by the acts alleged therein, became the official custom and policy of the City of Haverhill and of the Haverhill police department.

18. On multiple occasions prior to September 7, 2002, while the plaintiff lawfully resided at 1 Cortland Road, Haverhill, Massachusetts, she was arbitrarily subjected to malicious and false accusations, harassment and abuse by various employees of the Haverhill police department, as set forth in Paragraph 20(a), below.

19. On multiple occasions prior to September 7, 2002, when the plaintiff lawfully requested assistance from the City of Haverhill police department she received malicious harassment and verbal abuse from employees of the Haverhill police department as set forth in Paragraph 20(a), below.

20. On multiple occasions prior to September 7, 2002, while the plaintiff lawfully resided at 1 Cortland Road, Haverhill, Massachusetts, with the encouragement of the City of Haverhill police department, residents of her neighborhood made malicious complaints and false accusations against her to the Haverhill police department, as set forth in Paragraph 20(a), below.

20(a). The above-described false accusations, abuse and harassment referred to in Paragraphs 18 through 20 above include but are not limited to the following:

(i) In September, 2001, the plaintiff was falsely accused by neighbors of threatening them with a gun, shouting profanities, and endangering the safety of children. These accusations were made with the encouragement and/or involvement of defendant Steven Brighi, who met with those neighbors and refused to meet with the plaintiff and her husband to discuss the factual basis for the accusations. No

factual basis for the accusations was proven.

(ii)    In October, 2001, the plaintiff was falsely accused by a neighbor, Robert Dick, of threatening to shoot him. Thereafter, solely on the basis of such false accusation and without adequate investigation, the City of Haverhill police department caused Ronald Hilchey's service revolver to be taken from him, to the detriment of his ability to perform his official duties.

(iii)   In November, 2001, employees of the City of Haverhill police department, including Sergeant John Rodgers, sought a criminal complaint against the plaintiff on the basis of a false and unfounded accusation that she had attempted to hit a motor vehicle with her motor vehicle. The court declined to issue the complaint.

(iv)    On or about August 2, 2002, the plaintiff called City of Haverhill police officers to report neighbors throwing fireworks in her driveway. In responding to the call, Officer Glenn Fogarty used profane and abusive language towards the plaintiff, in the presence of Ronald Hilchey. The City of Haverhill police department failed to adequately investigate the incident and/or to discipline Officer Fogarty.

20(b).  The plaintiff in this action makes no claim for damages arising out of the events alleged in Paragraph 20(a), *per se*; however, the plaintiff alleges that the deliberate indifference to the rights of the plaintiff and her husband, manifested by the acts alleged therein, became the official custom and policy of the City of Haverhill and of the Haverhill police department.

21.     All of the above-described false accusations, abuse and harassment imposed upon the plaintiff, referred to in Paragraphs 18 through 20(a), were arbitrary and malicious, were not based upon reasonable evidence or probable cause, and were intended solely for purpose of

threatening, intimidating and coercing the plaintiff and/or her husband.

22. On multiple occasions prior to September 7, 2002, by tolerating and permitting the malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion directed against the plaintiff and her husband, as referred to in Paragraphs 15 through 20(a) and otherwise, individuals with supervisory and policy-making authority in and for the City of Haverhill, including without limitation defendants Guerin, Brighi, Parolisi, Leeman and Ratte, with intentional or reckless disregard for the rights of the plaintiff:

(i) Failed and neglected to devise, implement or enforce policies for the prevention of malicious and false accusations, harassment, abuse, threats, intimidation and coercion of the plaintiff and her husband, by, *inter alia*, failing to provide adequate training and supervision to individuals involved in the provision of police services, failing to investigate allegations of malicious, abusive and harassing treatment by Haverhill police officers, and failing to discipline police officers found to have engaged in such treatment; and

(ii) Encouraged, tolerated and permitted a pattern and practice of deliberate malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion of the plaintiff and her husband to exist within and among employees and agents of the Haverhill Police department.

23. As a result of the actions referred to in Paragraphs 22 of individuals with supervisory and policy-making authority in and for the City of Haverhill, including without limitation defendants Guerin, Brighi, Parolisi, Leeman, and Ratte, such deliberate indifference to the rights of the plaintiff and her husband, including the tolerating and permitting of malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion directed

against the plaintiff and her husband, became the official custom and policy of the City of Haverhill and of the Haverhill police department.

24.     On September 4, 2002, the plaintiff complained in writing to defendant Guerin, in his capacity as mayor of the City of Haverhill, about one particular instance of the malicious and abusive treatment to which she and her husband had been subjected by members of the Haverhill police department. The letter making such complaint was sent by the plaintiff to Guerin by certified mail, return receipt requested, and was received by Guerin on September 6, 2002. A true copy of the letter (with expletives deleted) and return receipt are attached to this Complaint as Exhibit A.

25.     On September 7, 2002, the plaintiff was arrested and detained by Haverhill police officers acting in their official capacities, including without limitation defendants Ratte, Melanson, Dawkins, Arahovities, Pellot, Dekeon and Leeman.

26.     No probable cause existed to subject the plaintiff to arrest and detention on September 7, 2002, and no reasonable police officer would have believed that probable cause existed to subject the plaintiff to arrest and detention under the circumstances which then existed.

27.     In connection with the arrest of the plaintiff, Haverhill police officers acting in their official capacities, including without limitation defendants Ratte, Melanson, Dawkins, Arahovities, Pellot, Dekeon and Leeman, maliciously caused a criminal complaint to issue against the plaintiff, which charged the plaintiff with assault and battery with a dangerous weapon, and the plaintiff was so prosecuted.

28.     The defendants had actual knowledge that no factual basis existed for such criminal charges and/or manifested intentional or reckless disregard for the factual basis for such

criminal charges, when no reasonable police officer would have believed that probable cause existed to subject the plaintiff to prosecution for such criminal charges.

29. Following the arrest of the plaintiff, Haverhill police officers acting in their official capacities, including without limitation defendants Ratte, Melanson, Dawkins, Arahovities, Pellot, Dekeon and Leeman, maliciously caused a restraining order to enter against the plaintiff, preventing her from returning to her residence at 1 Cortland Road, Haverhill, Massachusetts, and the plaintiff was permanently deprived of the use of her primary residence thereby.

30. The arrest and prosecution of the plaintiff by Haverhill police officers was undertaken with actual malice and/or intentional and reckless disregard for the constitutional rights of the plaintiff, constituted retaliation against the plaintiff for her complaint to the mayor against the Haverhill police department and for other exercises of her protected rights, constituted threats, intimidation and coercion against the plaintiff, and was undertaken in furtherance and as part of the official custom and policy of the City of Haverhill and the Haverhill police department of deliberate indifference to the rights of the plaintiff and her husband, including the tolerating and permitting of malicious prosecutions and false accusations, harassment, abuse, threats, intimidation and coercion, as alleged above.

31. On August 1, 2003, after a trial on the merits, a jury acquitted the plaintiff of all charges brought against her by the defendants.

32. As a result of her arrest and prosecution, the plaintiff suffered extreme and permanent emotional and/or physical injury, including severe anguish of mind which required medical attention, suffered from a diminished earning capacity and a loss of earnings, incurred substantial financial losses, including the forced sale of her Haverhill residence and her relocation

to New Hampshire, suffered a loss of enjoyment and liberty, and suffered other tangible and intangible losses, which losses will continue into the future.

### C. CLAIMS BROUGHT ON BEHALF OF THE PLAINTIFF

I. Federal Civil and Constitutional Rights

33. The actions of the defendants, described above, were taken under color of law, with actual malice and/or intentional disregard for the rights of the plaintiff, and were so egregious as to violate the rights secured to the plaintiff under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, including the following rights:

(a) The plaintiff's right to be free from arrest and unreasonable seizure of her person without probable cause;

(b) The plaintiff's right to be free from malicious prosecution without probable cause and without due process of law;

(c) The plaintiff's right to be free from the deprivation of liberty and property without due process of law; and

(d) The plaintiff's right to be free from the abridgement of her freedom of speech.

34. As a direct result of the actions of the defendants, described above, the plaintiff suffered legally cognizable damages, injuries and losses, and she brings the following Counts 1 through 8 under 42 U.S.C. §1983 to recover monetary damages for those losses.

Count 1:    Pamela J. Hilchey v. City of Haverhill.

Claim is hereby brought under 42 U.S.C. §1983 against the City of Haverhill, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 2:     Pamela J. Hilchey v. John J. Guerin, Jr.

Claim is hereby brought under 42 U.S.C. §1983 against John J. Guerin, Jr., for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 3:     Pamela J. Hilchey v. Steven Brighi

Claim is hereby brought under 42 U.S.C. §1983 against Steven Brighi for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 4:     Pamela J. Hilchey v. Kim J. Parolisi

Claim is hereby brought under 42 U.S.C. §1983 against Kim J. Parolisi for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 5:     Pamela J. Hilchey v. Alan Ratte

Claim is hereby brought under 42 U.S.C. §1983 against Alan Ratte for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 6:     Pamela J. Hilchey v. Lance Dawkins

Claim is hereby brought under 42 U.S.C. §1983 against Lance Dawkins for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 7:     Pamela J. Hilchey v. Gary J. Melanson

Claim is hereby brought under 42 U.S.C. §1983 against Gary J. Melanson for the said

defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 8:   Pamela J. Hilchey v. John P. Arahovites

Claim is hereby brought under 42 U.S.C. §1983 against John P. Arahovites for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 9:   Pamela J. Hilchey v. Victor M. Pellot

Claim is hereby brought under 42 U.S.C. §1983 against Victor M. Pellot for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 10:   Pamela J. Hilchey v. John P. George Dekeon, Jr.

Claim is hereby brought under 42 U.S.C. §1983 against George Dekeon, Jr. for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

Count 11:   Pamela J. Hilchey v. William Leeman

Claim is hereby brought under 42 U.S.C. §1983 against William Leeman for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution, as alleged in Paragraphs 1 through 34, above.

II.   Massachusetts Civil and Constitutional Rights

35.   The actions of the defendants, described above, constituted threats, intimidation and coercion, by which the defendants deprived the plaintiff of rights secured by the Massachusetts Constitution and the United States Constitution, including:

(i) The right to liberty and property secured by the Declaration of Rights, Massachusetts Constitution, Part 1, Article 1;

(ii) The right to be free from being arrested, imprisoned, despoiled, or deprived of property, immunities, or privileges, put out of the protection of the law, exiled or deprived of liberty or estate except by the judgment of peers or the law of the land, as secured by the Declaration of Rights, Massachusetts Constitution, Part 1, Article 12;

(iii) Rights secured by the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, including:

> (a) The plaintiff's right to be free from arrest and unreasonable seizure of her person without probable cause;
>
> (b) The plaintiff's right to be free from malicious prosecution without probable cause and without due process of law; and
>
> (c) The plaintiff's right to be free from the deprivation of liberty and property without due process of law, and
>
> (d) The plaintiff's right to be free from the abridgement of her freedom of speech.

36. As a direct result of the actions of the defendants, described above, the plaintiff suffered legally cognizable damages, injuries and losses, and she brings the following Counts 9 through 16 under Mass. Gen. Laws, c.12, §11I to recover monetary damages for those losses.

Count 12:     Pamela J. Hilchey v. City of Haverhill

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against the City of Haverhill, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in

12

Paragraphs 1 through 36, above.

Count 13:   Pamela J. Hilchey v. John J. Guerin, Jr.

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against John J. Guerin, Jr., for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 14:   Pamela J. Hilchey v. Steven Brighi

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Steven Brighi, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 15:   Pamela J. Hilchey v. Kim J. Parolisi

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Kim J. Parolisi, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 16:   Pamela J. Hilchey v. Alan Ratte

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Alan Ratte, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

Count 17:   Pamela J. Hilchey v. Lance Dawkins

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Lance Dawkins, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 18:   Pamela J. Hilchey v. Gary J. Melanson

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Gary J. Melanson, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 33, above.

Count 19:   Pamela J. Hilchey v. John P. Arahovites

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against John P. Arahovites, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 20:   Pamela J. Hilchey v. Victor M. Pellot

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against Victor M. Pellot, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

Count 21:   Pamela J. Hilchey v. George Dekeon, Jr.

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against George Dekeon, Jr., for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in

Paragraphs 1 through 36, above.

Count 22:    Pamela J. Hilchey v. William Leeman

Claim is hereby brought under Mass. Gen. Laws, c. 12, §11I, against William Leeman, for the said defendant's deprivation of the rights of the plaintiff under the United States Constitution and the Massachusetts Constitution and Declaration of Rights, as alleged in Paragraphs 1 through 36, above.

### D.    DEMANDS FOR RELIEF

WHEREFORE, the plaintiff, Pamela J. Hilchey, demands judgment of this Court, as follows:

A.    In an amount of money damages which is reasonable and necessary to compensate her for the losses, injuries and damages resulting from the deprivation of her civil rights under the United States Constitution, as to Counts 1 through 8 of this Complaint, plus punitive damages, attorney's fees, interest, costs, and such other relief as this Honorable Court deems appropriate in the interests of justice; and

B.    In an amount of money damages which is reasonable and necessary to compensate her for the losses, injuries and damages resulting from the deprivation of her civil rights under the Massachusetts Constitution and the United States Constitution, as to Counts 9 through 16 of this Complaint, plus punitive damages, attorney's fees, interest, costs, and such other relief as this Honorable Court deems appropriate in the interests of justice.

## JURY CLAIM

In accordance with the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands a jury trial as to all claims raised in this action.

> The plaintiff, Pamela J. Hilchey,
> By her attorney,
>
> _/s/ Eric P. Finamore_
> Eric P. Finamore, Mass. BBO 541872
> WESTON, PATRICK, WILLARD & REDDING
> 84 State Street
> Boston, MA 02109
> (617) 742-9310

# EXHIBIT A

Case 1:05-cv-10152-NMG   Document 20   Filed 01/13/2006   Page 17 of 19

EXHIBIT A

Pamela J. Hilchey
1 Cortland Road
Haverhill, MA 01830
(978)521-4363


September 4, 2002

Mayor John J. Guerin, Jr.
City of Haverhill
4 Summer Street
Haverhill, MA 01830

Dear Mayor,

I have read several of your comments in the newspapers concerning your requirement that all city employees be courteous to citizens. Therefore, I believe that you would be interested in an incident that happened at my home last month and I hope even more than interested in the serious subsequent acts of police corruption that followed to protect the guilty.

I called the police to report that a boy had thrown fireworks in my driveway. During my conversation with the officers, Officer Fogarty, quite unexpectedly, yelled at me " F    K YOU" and went to sit in his police cruiser. My husband was listening intently upstairs to the conversation as we have had more than our share of dealing with unscrupulous Haverhill police officers. I filed a complaint and later went with my husband to speak to Deputy Gariepy. The Deputy asked my husband what he had heard and my husband told him he heard Fogarty yell "OH F    K YOU" as clear as a bell. The Deputy said that he was 90% sure that the officer would be punished and that he would let him know if he needed a report from him. I told the Deputy that he should also get a report from John Spero as Fogarty had admitted to him that he did say it and that John had told him to apologize which he did. My husband took time off from the police station and we were out of town from the afternoon of August 19th to the afternoon of August 22nd. When we returned we found the letter from Gariepy that he had closed the investigation. Deputy Gariepy did not follow the department rules concerning citizen's complaints which state that he was to get reports from every police officer with any knowledge regarding the complaint. Furthermore, several officers filed reports that I was somehow at fault. I was not in any way rude to the officers and greatly resent their apparent acts of conspiracy against me to shift blame from Officer Fogarty to myself.

The abuse my family has received from the Haverhill Police Department over the past year has been relentless and I am greatly concerned for our personal safety. Due to the fact that correct procedure was not followed with this investigation I am requesting that the City require Officer Fogarty to take a polygraph examination to conclusively prove what really happened and I too will gladly take one to prove that all of the allegations of the officers are untrue. Should the city not be able to finance this endeavor I will provide the funding.


Sincerely,


Pamela J. Hilchey

Encls.

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 0.60 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.65 |

UNIT ID: 0835

Postmark Here

Clerk

09/05/02

Sent To: JOHN GUERIN
Street, Apt. No.; or PO Box No.: 4 SUMMER ST
City, State, ZIP+4: HAVERHILL MA 01830

PS Form 3800, January 2001   See Reverse for Instructions

7002 0460 0002 7812 9491

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MAYOR JOHN GUERIN
CITY OF HAVERHILL
4 SUMMER ST
HAVERHILL MA
01830

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery  9/6

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)   7002 0460 0002 7812 9491

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-0835