UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10152NMG

| | |
|---|---|
| PAMELA J. HILCHEY, <br> Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| CITY OF HAVERHILL, JOHN J. GUERIN, JR., STEVEN BRIGHI, KIM J. PAROLISI, LANCE DAWKINS, ALAN RATTE, GARY J. MELANSON, JOHN P. ARAHOVITES, VICTOR M. PELLOT, GEORGE DEKEON, JR. and WILLIAM LEEMAN, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT CITY OF HAVERHILL'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT 12 OF THE SECOND AMENDED COMPLAINT**

**I.   Introduction**

Defendant City of Haverhill has moved the Court to Dismiss Count 12 of the Second Amended Complaint because it does not state a claim upon which relief can be granted. Count 12 purports to state a claim against the City of Haverhill under the Massachusetts Civil Rights Act, Massachusetts General Laws ch. 12, § 11I. The Court should dismiss Count 12 because it is well settled in Massachusetts law that municipalities are not "persons" subject to suit under the Massachusetts Civil Rights Act.

**II.    Argument**

THE COURT SHOULD DISMISS COUNT 12 AGAINST THE CITY OF HAVERHILL BECAUSE MUNICIPALITIES ARE NOT "PERSONS" SUBJECT TO LIABILITY UNDER THE MASSACHUSETTS CIVIL RIGHTS ACT.

Count 12 of the Second Amended Complaint purports to state a claim against the City of Haverhill under the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I based on the alleged interference of natural person Defendants with the Plaintiff's civil rights by means of "threats, intimidation or coercion."  The City of Haverhill is not a "person" subject to liability under the Massachusetts Civil Rights Act and therefore cannot be liable to the Plaintiff on Count 12.

The Massachusetts Civil Rights Act provides, in relevant part

> "Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages."

(Emphasis added). M.G.L. c. 12, 11I. It is well settled in Massachusetts law that municipalities are not "persons" subject to liability under the Massachusetts Civil Rights Act.  Howcroft v. City of Peabody, 51 Mass.App.Ct. 573, 591-592, 747 N.E.2d 729, 744 (2001); See Allan v. Fire Chief of Sudbury, 63 Mass.App.Ct. 1108, 824 N.E.2d 487 (2005); Kelley v. Laforce, 288 F.3d 1, 11 n. 9 (1st Cir. 2002).

Since the City of Haverhill cannot be liable for violation of the Massachusetts Civil Rights Act, Count 12 does not state a claim upon which relief can be granted.  Accordingly, the Court should dismiss Count 12 of the Second Amended Complaint.

**III.     Conclusion**.

Count 12 does not state a claim against the City of Haverhill upon which relief can be granted because the City of Haverhill is not a person subject to suit under the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I. Accordingly, the Court should dismiss Count 12.

Respectfully submitted,

The Defendant,
CITY OF HAVERHILL,
By its attorneys,

/s/ William P. Breen, Jr.
William P. Breen, Jr., Esq. BBO # 558768
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

Dated: March 22, 2006

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 22, 2006.

/s/ William P. Breen, Jr.