UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10152NMG

|  |  |
|---|---|
| PAMELA J. HILCHEY, <br>    Plaintiff <br> <br> v. <br> <br> CITY OF HAVERHILL, JOHN J. <br> GUERIN, JR., STEVEN BRIGHI, <br> KIM J. PAROLISI, LANCE DAWKINS, <br> ALAN RATTE, GARY J. MELANSON, <br> JOHN P. ARAHOVITES, VICTOR M. <br> PELLOT, GEORGE DEKEON, JR. <br> and WILLIAM LEEMAN, <br>    Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT WITH
AFFIRMATIVE DEFENSES AND JURY DEMAND**

**ANSWER**

Defendants City of Haverhill, John J. Guerin, Jr., Steven Brighi, Kim J. Parolisi, Lance Dawkins, Alan Ratte, Gary J. Melanson, John P. Arahovites, Victor M. Pellot, George Dekeon, Jr. and William Leeman ("Defendants") hereby respond, paragraph by paragraph, to the allegations of the Plaintiff's Second Amended Complaint and Jury Claim:

1.      The Defendants make no response to Paragraph 1 because it does not allege material fact but rather states conclusions of law to which no response is required. However, to the extent that a response is required, the Defendants deny that they deprived the Plaintiff of her civil rights under federal or state law, and otherwise leave the Plaintiff to her proof.

2. The Defendants make no response to Paragraph 2 because it does not allege material fact but rather states conclusions of law to which no response is required. However, to the extent that a response is required, the Defendants deny that they deprived the Plaintiff of her civil rights under federal or state law, and otherwise leave the Plaintiff to her proof.

A. <u>Parties.</u>

3. The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 3 and therefore leave the Plaintiff to her proof.

4. The Defendants make no response to that portion of Paragraph 4 which asserts that the City of Haverhill is "amenable to suit" because it does not allege material fact but rather states conclusions of law to which no response is required. The Defendants admit the remaining allegations of Paragraph 4.

5. As to the allegations of Paragraph 5, the Defendants admit only that John J. Guerin was at certain times employed as the Mayor of the City of Haverhill. The Defendants make no response to the remainder of Paragraph 5 because it does not allege material fact but rather states conclusions of law to which no response is required. However, to the extent that a further response may be required, the Defendants deny the remaining allegations of Paragraph 5.

6. As to the allegations of Paragraph 6, the Defendants admit only that Steven Brighi was at certain times employed as the Chief of Police of the City of Haverhill. The Defendants make no response to the remainder of Paragraph 6 because it does not allege material fact but rather states conclusions of law to which no response is required. However, to the extent that a further response may be required, the Defendants leave the Plaintiff to her proof.

7. As to the allegations of Paragraph 7, the Defendants admit only that Kim J. Parolisi

was at certain times employed as the Acting Chief of Police of the City of Haverhill. The Defendants make no response to the remainder of Paragraph 7 because it does not allege material fact but rather states conclusions of law to which no response is required. However, to the extent that a further response may be required, the Defendants leave the Plaintiff to her proof.

8.   As to the allegations of Paragraph 8, the Defendants admit only that Alan Ratte was at certain times employed as a police captain for the City of Haverhill. The Defendants deny that portion of Paragraph 8 which alleges that Alan Ratte had "policy making authority in and for the City of Haverhill police department." The Defendants make no response to the remainder of Paragraph 8 because it does not allege material fact but rather states conclusions of law to which no response is required. However, to the extent that a further response may be required, the Defendants leave the Plaintiff to her proof.

9.   The Defendants admit the allegations of Paragraph 9.

10.  The Defendants admit the allegations of Paragraph 10.

11.  The Defendants admit the allegations of Paragraph 11.

12.  The Defendants admit the allegations of Paragraph 12.

13.  The Defendants admit the allegations of Paragraph 13.

14.  The Defendants admit the allegations of Paragraph 14.

B.   Operative Facts.

15.  As to the allegations of Paragraph 15, the Defendants admit only that the Plaintiff's spouse was employed as a police officer for the City of Haverhill in 2001 and that the Plaintiff's husband was suspended from his employment by the City of Haverhill police department. The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of

the remaining allegations of Paragraph 15 and therefore leave the Plaintiff to her proof.

16. The Defendants deny the allegations of Paragraph 16.

17. The Defendants deny the allegations of Paragraph 17.

17(a). The Defendants deny the allegations of Paragraph 17(a).

18. The Defendants deny the allegations of Paragraph 18.

19. The Defendants deny the allegations of Paragraph 19.

20. The Defendants deny the allegations of Paragraph 20.

20(a). The Defendants deny the allegations of Paragraph 20(a).

20(b). The Defendants deny the allegations of Paragraph 20(b).

21. The Defendants deny the allegations of Paragraph 21.

22. The Defendants deny the allegations of Paragraph 22.

23. The Defendants deny the allegations of Paragraph 23.

24. Denied in the express terms alleged. As to the allegations of Paragraph 24, the Defendants admit only that the Plaintiff wrote a letter addressed to Defendant Guerin on or about September 4, 2002. The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the remaining allegations of Paragraph 24 and therefore leave the Plaintiff to her proof.

25. As to the allegations of Paragraph 25, the Defendants admit only that the Plaintiff was arrested by Defendant Arahovites on September 7, 2002. The Defendants deny the remaining allegations of Paragraph 25.

26. The Defendants deny the allegations of Paragraph 26.

27. Denied in the express terms alleged. As to the allegations of Paragraph 26, the

Defendants admit only that the Plaintiff was arrested and charged with assault by means of a dangerous weapon. The Defendants deny that they "maliciously caused a criminal complaint to issue." The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the remaining allegations of Paragraph 27 and therefore leave the Plaintiff to her proof.

28. The Defendants deny the allegations of Paragraph 28.

29. The Defendants deny the allegations of Paragraph 29.

30. The Defendants deny the allegations of Paragraph 30.

31. The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 31 and therefore leave the Plaintiff to her proof.

32. The Defendants lack sufficient knowledge and information upon which to base a belief as to the truth of the allegations of Paragraph 32 and therefore leave the Plaintiff to her proof.

C. <u>Claims Brought On Behalf of the Plaintiff</u>.

I. <u>Federal Civil and Constitutional Rights</u>.

33. The Defendants deny the allegations of Paragraph 33.

34. The Defendants deny the allegations of Paragraph 34.

<u>Count 1</u>:   <u>Pamela J. Hilchey v. City of Haverhill</u>.

The Defendants deny that the City of Haverhill deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that the City of Haverhill is liable to the Plaintiff under 42 U.S.C., § 1983.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 2:    <u>Pamela J. Hilchey v. John J. Guerin, Jr</u>.

The Defendants deny that John J. Guerin, Jr. deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that John J. Guerin, Jr. is liable to the Plaintiff under 42 U.S.C., § 1983.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 3:    <u>Pamela J. Hilchey v. Steven Brighi</u>.

The Defendants deny that Steven Brighi deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that Steven Brighi is liable to the Plaintiff under 42 U.S.C., § 1983.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 4:    <u>Pamela J. Hilchey v. Kim J. Parolisi</u>.

The Defendants deny that Kim J. Parolisi deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that Kim J. Parolisi is liable to the Plaintiff under 42 U.S.C., § 1983.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 5:    <u>Pamela J. Hilchey v. Alan Ratte</u>.

The Defendants deny that Alan Ratte deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that Alan Ratte is liable to the Plaintiff under 42 U.S.C., § 1983.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 6:    <u>Pamela J. Hilchey v. Lance Dawkins</u>.

The Defendants deny that Lance Dawkins deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that Lance Dawkins is liable to the Plaintiff under 42 U.S.C., § 1983.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 7:   <u>Pamela J. Hilchey v. Gary J. Melanson</u>.

The Defendants deny that Gary J. Melanson deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that Gary J. Melanson is liable to the Plaintiff under 42 U.S.C., § 1983.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 8:   <u>Pamela J. Hilchey v. John P. Arahovites</u>.

The Defendants deny that John A. Arahovites deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that John A. Arahovites is liable to the Plaintiff under 42 U.S.C., § 1983.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 9:      <u>Pamela J. Hilchey v. Victor M. Pellot</u>.

The Defendants deny that Victor M. Pellot deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that Victor M. Pellot is liable to the Plaintiff under 42 U.S.C., § 1983.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.


Count 10:     <u>Pamela J. Hilchey v. George Dekeon, Jr.</u>

The Defendants deny that George Dekeon, Jr. deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that George Dekeon, Jr. is liable to the Plaintiff under 42 U.S.C., § 1983.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.


Count 11:     <u>Pamela J. Hilchey v. William Leeman</u>.

The Defendants deny that William Leeman deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that William Leeman is liable to the Plaintiff under 42 U.S.C., § 1983.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

II.     <u>Massachusetts Civil and Constitutional Claims</u>.

    35.     The Defendants deny the allegations of Paragraph 35.

    36.     The Defendants deny the allegations of Paragraph 36.

Count 12:     <u>Pamela J. Hilchey v. City of Haverhill</u>.

The Defendants deny that the City of Haverhill deprived the Plaintiff of rights under the United States Constitution and the Massachusetts Declaration of Rights as alleged in the Second Amended Complaint and further deny that the City of Haverhill is liable to the Plaintiff under Massachusetts General Laws ch. 12, § 11I.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 13:     <u>Pamela J. Hilchey v. John J. Guerin, Jr</u>.

The Defendants deny that John J. Guerin, Jr. deprived the Plaintiff of rights under the United States Constitution and the Massachusetts Declaration of Rights as alleged in the Second Amended Complaint and further deny that John J. Guerin, Jr. is liable to the Plaintiff under Massachusetts General Laws ch. 12, § 11I.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 14:   Pamela J. Hilchey v. Steven Brighi.

The Defendants deny that Steven Brighi deprived the Plaintiff of rights under the United States Constitution and the Massachusetts Declaration of Rights as alleged in the Second Amended Complaint and further deny that Steven Brighi is liable to the Plaintiff under Massachusetts General Laws ch. 12, § 11I.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 15:   Pamela J. Hilchey v. Kim J. Parolisi.

The Defendants deny that Kim J. Parolisi deprived the Plaintiff of rights under the United States Constitution and the Massachusetts Declaration of Rights as alleged in the Second Amended Complaint and further deny that Kim J. Parolisi is liable to the Plaintiff under Massachusetts General Laws ch. 12, § 11I.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 16:   <u>Pamela J. Hilchey v. Alan Ratte</u>.

The Defendants deny that Alan Ratte deprived the Plaintiff of rights under the United States Constitution and the Massachusetts Declaration of Rights as alleged in the Second Amended Complaint and further deny that Alan Ratte is liable to the Plaintiff under Massachusetts General Laws ch. 12, § 11I.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 17:   <u>Pamela J. Hilchey v. Lance Dawkins</u>.

The Defendants deny that Lance Dawkins deprived the Plaintiff of rights under the United States Constitution and the Massachusetts Declaration of Rights as alleged in the Second Amended Complaint and further deny that Lance Dawkins is liable to the Plaintiff under Massachusetts General Laws ch. 12, § 11I.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 18:   <u>Pamela J. Hilchey v. Gary J. Melanson</u>.

The Defendants deny that Gary J. Melanson deprived the Plaintiff of rights under the United States Constitution and the Massachusetts Declaration of Rights as alleged in the Second Amended

Complaint and further deny that Gary J. Melanson is liable to the Plaintiff under Massachusetts General Laws ch. 12, § 11I.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 19:    <u>Pamela J. Hilchey v. John P. Arahovites</u>.

The Defendants deny that John A. Arahovites deprived the Plaintiff of rights under the United States Constitution and the Massachusetts Declaration of Rights as alleged in the Second Amended Complaint and further deny that John A. Arahovites is liable to the Plaintiff under Massachusetts General Laws ch. 12, § 11I.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 20:    <u>Pamela J. Hilchey v. Victor M. Pellot</u>.

The Defendants deny that Victor M. Pellot deprived the Plaintiff of rights under the United States Constitution and the Massachusetts Declaration of Rights as alleged in the Second Amended Complaint and further deny that Victor M. Pellot is liable to the Plaintiff under Massachusetts General Laws ch. 12, § 11I.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 21:    Pamela J. Hilchey v. George Dekeon, Jr..

The Defendants deny that George Dekeon, Jr. deprived the Plaintiff of rights under the United States Constitution as alleged in the Second Amended Complaint and further deny that George Dekeon, Jr. is liable to the Plaintiff under Massachusetts General Laws ch. 12, § 11I.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

Count 22:    Pamela J. Hilchey v. William Leeman.

The Defendants deny that William Leeman deprived the Plaintiff of rights under the United States Constitution and the Massachusetts Declaration of Rights as alleged in the Second Amended Complaint and further deny that William Leeman is liable to the Plaintiff under Massachusetts General Laws ch. 12, § 11I.

WHEREFORE, the Defendants move the Court to dismiss the Plaintiff's claim with prejudice, to award the Plaintiff no relief and to award to the Defendants their recoverable costs and fees.

D. <u>Demands For Relief</u>.

The Defendants deny that the Plaintiff is entitled to any relief whatsoever.

**<u>AFFIRMATIVE DEFENSES</u>**

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Second Amended Complaint does not state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The Second Amended Complaint does not state a claim upon which relief can be granted because the Defendants are not liable to pay the Plaintiff any amount of damages for harm alleged.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The natural person Defendants are entitled to qualified immunity on the Plaintiff's federal and state law claims.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

The Plaintiff's claims are barred by the jurisdictional doctrines of collateral estoppel and *res judicata*.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

The actions of the Defendants were justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

## SIXTH AFFIRMATIVE DEFENSE

The harm alleged by the Plaintiff was caused, if at all, by the Plaintiff's own negligence and/or wrongdoing.

## SEVENTH AFFIRMATIVE DEFENSE

The harm which the Plaintiff alleges was caused by the Defendants was caused, if at all, by persons for whom the Defendants are not responsible or liable.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claimed harm was caused, if at all, by the Plaintiff's own violation of laws which governed the conduct of the parties at the time that the Plaintiff allegedly sustained harm.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim against the City of Haverhill must be dismissed because the Plaintiff has failed to allege an official custom, policy or practice which caused the allegedly unconstitutional deprivation of the Plaintiff's civil rights.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against the Defendants are frivolous and not made in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred and/or subject to reduction because she failed to mitigate her alleged harm.

## JURY DEMAND

The Defendants demand a trial by jury on all claims and issues so triable.

                        The Defendants,
CITY OF HAVERHILL, JOHN J. GUERIN, JR., STEVEN BRIGHI, KIM J. PAROLISI, LANCE DAWKINS, ALAN RATTE, GARY J. MELANSON, VICTOR M. PELLOT, GEORGE DEKEON, JR and WILLIAM LEEMAN,
By their attorney,

/s/ William P. Breen, Jr.
William P. Breen, Jr., Esq. BBO # 558768
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

Dated: March 22, 2006

<u>Certificate of Service</u>

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 22, 2006.

<u>/s/ William P. Breen, Jr.</u>