UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAMELA J. HILCHEY,<br><br>              Plaintiff,<br>v.<br><br>CITY OF HAVERHILL, JOHN J. GUERIN, JR.,<br>STEVEN BRIGHI, KIM J. PAROLISI,<br>LANCE DAWKINS, ALAN RATTE,<br>GARY J. MELANSON, JOHN P. ARAHOVITES,<br>VICTOR M. PELLOT, GEORGE DEKEON, JR.,<br>and WILLIAM LEEMAN,<br><br>              Defendants. | ) CIV. A. No. 05 CV 10152- NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO THE
MOTION OF DEFENDANT CITY OF HAVERHILL TO
DISMISS COUNT 12 OF THE SECOND AMENDED COMPLAINT**

### Introductory Statement

Plaintiff, Pamela J. Hilchey, by her attorney, Eric P. Finamore, Esq., hereby submits her opposition to the motion by defendant, City of Haverhill ("Haverhill"), to dismiss Count 12 of the Second Amended Complaint.

### Argument

A.    The Defendant Cannot Support its Claim that It Is Well-Settled that Municipalities Are Not "Persons" Subject to Liability Under the Massachusetts Civil Rights Act.

Haverhill asserts that Count 12, brought pursuant to the Massachusetts Civil Right Act ("MCRA"), M.G.L. c.12 § 11I, should be dismissed because "it is well settled in Massachusetts law that municipalities are not 'persons' subject to liability under the

MCRA." Haverhill's brief at 2.[1] In fact, however, there is no such "well-settled" principle of law in Massachusetts, and Haverhill cites only three cases in support of this bold assertion. *Id.*

One of those cases, <u>Allan v. Fire Chief of Sudbury</u>, 63 Mass. App. Ct 1108 (2005), is a summary affirmance pursuant to Rule 1:28 and offers no basis for Haverhill's claim. In another of those cases, <u>Kelley v. LaForce</u>, 288 F.3d 1, 11 (1st Cir 2002), the Court of Appeals held that:

> because we determined under our § 1983 analysis that appellants failed to present any evidence of a Town Policy or custom, we affirm the district court's judgment for the Town on the MCRA claim.

In a footnote, the Court of Appeals cited, as an alternative bases for affirmance, the third case cited by Haverhill: <u>Howcroft v. City of Peabody</u>, 51 Mass. App. Ct. 573 (2001).

In <u>Howcroft</u>, the Appeals Court explicitly noted that the Supreme Judicial Court "expressly left open" the issue of "whether a municipality is a 'person' under the MCRA." <u>Howcroft</u>, 51 Mass. App. Ct. at 592.

Haverhill's decisional authority for its motion, therefore, rests solely upon <u>Howcroft</u>.[2]

**B.     The Supreme Judicial Court Has Never Endorsed <u>Howcroft</u> and Has Implied, Instead, that the Commonwealth (and Its Subdivisions) are Subject to the MCRA.**

In the period since it was decided, the Supreme Judicial Court has not had occasion to review <u>Howcroft</u> or the principle for which Haverhill cites it. Nonetheless, it

---

[1] References in this form are to document 23 in the present action, filed March 22, 2006.

[2] The Appeals Court has neither reconsidered <u>Howcroft</u> nor relied upon it for the principle cited by Haverhill.

is evident that the Supreme Judicial Court – even after <u>Howcroft</u> – has considered the Commonwealth (contrary to the position adopted in <u>Howcroft</u>, at 51 Mass. App. Ct. at 592) to be subject to the MCRA.

In <u>Lopes v. Commonwealth</u>, 442 Mass. 120, 184 (2004), the Supreme Judicial Court held that the plaintiffs were unable to state a claim under either 42 U.S.C. §1983 or the MCRA for the same reason: "failure to state a claim under the Medicaid Act." The Supreme Judicial Court further held that,

> [i]n addition, the complaint fails to allege any threats, intimidation, or coercion by the Commonwealth, an essential element of a claim under the State civil rights act.

*Id.* [citation omitted]. If the Court thought that the Commonwealth was not subject to suit under the MCRA, it would not have engaged in this analysis.

Indeed, the Supreme Judicial Court has explicitly held to the contrary of the principle Haverhill cites in <u>Howcroft</u>:

> [w]e conclude that the legislature intended to provide a remedy under G.L. c. 12, § 11I, coextensive with 42 U.S.C. § 1983...except that the Federal statute <u>requires</u> State action whereas its State counterpart does not.

<u>Batchelder v. Allied Store Corp.</u>, 393 Mass. 819, 822-23 (emphasis added).

If Haverhill is correct, 42 U.S.C. § 1983 and c.12, §11I, far from being coextensive, are mutually exclusive: § 1983 applies only if the MCRA does not; the MCRA applies only if § 1983 does not. The Supreme Judicial Court has never adopted this position, and it contradicts the existing body of decisional authority.

Conclusion

As demonstrated above, the Massachusetts Supreme Judicial Court has repeatedly referred to the elements of a cause of action under the MCRA in a variety of cases brought against the Commonwealth or a political subdivision thereof, and has therefore confirmed, by implication, the applicability of the statute. Therefore, contrary to Haverhill's assertion, it is not well-settled Massachusetts law that the MCRA does not apply to such claims. This Court must, therefore, permit the plaintiff's claims against Haverhill to proceed.

For the foregoing reasons, plaintiff Pamela J. Hilchey respectfully requests that the motion to dismiss Count 12 of the Second Amended Complaint be denied in all respects and for such other and further relief as the Court deems just.

> Respectfully submitted,
> The plaintiff, Pamela J. Hilchey
> By her attorney,
>
> /s/ Eric P. Finamore
> Eric P. Finamore, Mass. BBO 541872
> WESTON PATRICK
> 84 State Street, Suite 1100
> Boston, MA 02109
> (617) 742-9310

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 5, 2006.

/s/ Eric P. Finamore