UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

**PAMELA HILCHEY**
    Plaintiff,

V.

**CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,**
    Defendants.

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR BIFURCATION OF DISCOVERY
AND TRIAL ISSUES**

**I**    **STATEMENT OF THE CASE**

The plaintiff has sued the defendants individually and as they were agents or employees of the City of Haverhill, alleging violations of the plaintiff's constitutional rights pursuant to Title 42 U.S.C. Section 1983 as well as state civil rights claims pursuant to G.L. c. 12, Sections 11H and I. The City of Haverhill is similarly sued pursuant to Title 42 U.S.C. Section 1983.

**II**    **ARGUMENT**

**The Discovery and Trial of the Individual Claims Must be Bifurcated from the Municipal/Supervisory Claims**.

    **A.**    **Judicial Economy Would Best Be Served by Bifurcation**

Fed.R.Civ.P. 42(b) permits among other reasons, bifurcation of discovery and trial issues for the purpose of economy and expedition. Judicial economy would best be served by a bifurcation of these claims. In order to establish supervisory or municipal liability, the plaintiff must first, by necessity, establish an actual violation of his rights by the individual officers.

Thus, the more complicated and lengthy presentation of evidence relating to municipal policy and practices and supervisory issues would not be reached until and if a finding were made that the individuals had violated the plaintiff's rights.

The plaintiff has requested documents from the defendants that are voluminous and relate primarily to the supervisory and municipal claim. All discovery relating to the individual claims has been produced to the plaintiff.

### B.     The Individual Defendants Will Be Unduly Prejudiced if Irrelevant Evidence is Introduced in Plaintiff's Case Against the Town

Rule 42(b) of the Federal Rules of Civil Procedure provides that the Court may order a separate trial of any claims or of any separate issue or issues in order to avoid prejudice, or where, among other things separate trials would be conducive to expedition and economy.

Evidence of prior conduct of a party offered to prove that the person acted in conformity therewith is inadmissible at trial. Bonilla v. Yamaha Motors Corp., 955 F.2d 150, 154-155 (1st Cir. 1992). Rule 404(b) of the Federal Rules of Evidence permits evidence of past conduct for the limited purpose of establishing motive, intent, knowledge or identity.

Presumably, the plaintiffs will attempt to offer at time of trial, evidence and testimony from witnesses relating to prior, unrelated instances of alleged misconduct, by some or all of the individual defendants as well as non-party police officers, as well as evidence relating to an alleged failure of discipline or training. Defendants anticipate that this testimony would be offered by the plaintiff in order to establish their supervisory and municipal liability claims against the City of Haverhill.

But for the limited basis for the admission of such prior instances of conduct, pursuant to Fed. R. Evid. 404(b) there is no relevancy or materiality of such prior claims in the plaintiffs'

case against the individual defendants. Such prior alleged instances are not admissible pursuant to Fed. R. Evid. 608(b) as they would not be probative of the truthfulness of the individual defendants. Rule 608 bars evidence of specific instances of conduct of a witness for the purpose of attacking or supporting his credibility except where the specific instances are the subjects of criminal convictions or probative of truthfulness or untruthfulness of a witness testifying as to his own character.

The introduction of such irrelevant prior instances of conduct would be highly prejudicial to the individual officers, and should be barred pursuant to Fed. R. Evid. 403. "Rule 404(b) ... is subject to the over-arching protection of Rule 403 which requires that the probative value not be substantially outweighed by the danger of unfair prejudice." U.S. v. Garcia-Rosa, 876 F. 2d 209, 220-221 (1st Cir. 1989) and U.S. v. Mateos-Sanchez, 864 F. 2d. 232 (1st Cir. 1988). Fed. R. Evid. 403 states:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence. "

In Kinan v. City of Brockton, 876 F. 2d 1029 (1st Cir. 1989) the Court of Appeals examined the trial court's exclusion of evidence in a civil rights trial of two prior similar law suits. Both of which resulted in agreements for judgment for the plaintiffs. The Court held that the trial court properly excluded evidence of testimony of witnesses relating to the prior cases.

> "We find no abuse of discretion. Moreover, introducing evidence of the two other cases would inevitably result in trying those cases, or at least portions of them, before the jury. The merits of the two other cases would become inextricably intertwined with the case at bar. The result would be confusion and the consumption of a great deal of unnecessary time ... Finally, we agree with the District Court that whatever remote relevancy the cases had on custom, or practice was outweighed by the potential for prejudice. Fed. R. Evid. 403. Id. at 10341035.

The Court noted that the prior cases did not result in actual findings of misconduct. It should be further noted that the Court in <u>Kinan</u> ruled as properly excluded those prior instances as unduly prejudicial even as against the defendant municipality against which the plaintiff had to prove a custom or policy of allowing, the deprivation of constitutional rights of citizens. Id. at 1033.

Under the balancing test of Fed. R. Evid. 403, this Court must weigh the probative value of the alleged prior acts against the danger of undue prejudice to the defendants. See, e.g. <u>U.S.A. v. Rowe,</u> 360 F.2d 1, 15 (2nd Cir. 1966). Here, the probative value of other unrelated, unproven acts does not bear on any element of the instant action against the individual defendants. The probative value of these other alleged acts is zero. On the other hand, allowing evidence of these other alleged acts to come before the jury would be highly prejudicial to the individual defendants. It would encourage the jury to impermissibly base its decision on the past conduct of the defendants and not the facts surrounding the action being litigated. It would place the defendants in a hostile light and taint the individuals in the eyes of the jury.

In <u>Tigges v. Cataldo,</u> 611 F. 2d 936, 938 (1st Cir. 1979) the plaintiff appealed the District Court judge's ruling excluding certain testimony during cross-examination. The Court noted that since the sought after examination dealt with past conduct and was not in and of itself "probative of truthfulness or untruthfulness" pursuant to Fed. R. Evid. 608(b) the plaintiff could not have cross-examined the witness directly on the prior incident. Id "... the inquiry, if allowed, would have thrust before the jury the otherwise inadmissible issue of [the individual officer's] past disciplinary record, which could have been highly prejudicial to him". Id. at 939.

## III    <u>CONCLUSION</u>

It is apparent that there is no proper basis for the presentation of unfounded prior allegations of misconduct against the individual officers and such presentation would constitute undue prejudice.  The probative value, if any, is clearly outweighed.  Judicial economy would further, best be served by the bifurcation of such claims.

For all of the above stated reasons, the discovery and the trial of the individual claims

should be bifurcated by the Court from that of the municipal and supervisory claims.

                Defendants,
                by their attorney,

                */s/ Regina M. Ryan*

                Douglas I. Louison   BBO# 545191
                Regina M. Ryan BBO# 565246
                MERRICK, LOUISON & COSTELLO
                67 Batterymarch Street
                Boston, MA 02110
                (617) 439-0305

## **CERTIFICATE OF SERVICE**

    I, Regina M. Ryan., hereby certify that on the 12tj day of July, 2007, I served the foregoing via electronic filing directed to: Eric P. Finamore, Esquire, WESTON, PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109.

                */s/ Regina M. Ryan*

                Regina M. Ryan