UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civ. No. 005 CV 10152 NMG

PAMELA J. HILCHEY, )
)
Plaintiff, )
)
v. )
)
CITY OF HAVERHILL, *et al.*, )
)
Defendants. )

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO BIFURCATE
DISCOVERY AND TRIAL ISSUES

Preliminary Statement

Plaintiff, Pamela J. Hilchey, by her attorney, Eric P. Finamore, hereby submits her brief in opposition to Defendants' Motion to Bifurcate Discovery and Trial Issues.

Relevant Facts

Plaintiff served her discovery requests for the production of documents and for answers to interrogatories upon all defendants in October, 2006. A case management conference was held. Notices of deposition for the individual defendants were served and a deposition schedule was undertaken. The deposition schedule was modified to recognize inconvenience to the parties, inclement winter weather, and, in one instance, the absence of the deponent at the previously appointed place and hour for his appearance.

A deposition notice pursuant to Rule 30(b)(6), with an attached schedule pertaining to subjects for deposition and documents – essentially duplicative of the request for discovery served more than six months earlier – was served on the City of Haverhill on May 8, 2007.

Discussions regarding completion of discovery were undertaken.[1] Defendants' counsel raised for the first time during the course of the present litigation the possibility of requesting bifurcation of trial and discovery on June 21, 2007.[2]

The present motion was served on July 12, 2007.

### ARGUMENT

### Point I

### DEFENDANTS BEAR THE BURDEN OF SHOWING THAT THE STANDARDS SET FORTH IN RULE 42(b) FOR BIFURCATION ARE MET.

Rule 42(b) of the Federal Rules of Civil Procedure provides, in relevant part:

[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial . . .

As Magistrate Judge Alexander, on behalf of this Court, held:

[t]he party seeking separation bears the burden of demonstrating that judicial economy would be promoted and that no party would be prejudiced by separate trials.

*In re '639 Patent Litigation*, slip op., No. 97 – 12416 – RCL (D.Mass. June 15, 1999)(citing *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254,

---

[1] *See* Plaintiff's Motion for a Status Conference, ¶ 8 and Exhibit A, submitted July 11, 2007.

[2] *See* Letter dated June 29, 2007 from plaintiff's counsel to defendants' counsel, included in Exhibit A to Plaintiff's Motion for a Status Conference.

256 [D.N.J. 1997]; in turn citing *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 [N.D.Cal. 1992]).

Although the decision whether to bifurcate for trial is left to the sound discretion of the trial court,

> "The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course. Thus, Rule 42(b) should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule."

9C C. Wright & A. Miller, Federal Practice and Procedure § 2388 (2007), quoted and followed in *Ferrante v. Metro-North Commuter Railroad*, 2007 WL 1793447, at *2, slip op. 06-civ-4447 (S.D.N.Y. June 18, 2007)(noting that "[d]efendant advances no specific arguments").

Moreover, the bifurcation of discovery – in addition to bifurcation for trial – is to be utilized sparingly, as Judge McNaught held for this Court more than twenty years ago:

> the broad mandates of Fed.R.Civ.P. 26 demand that the scope of discovery be liberally construed so as to provide both parties with information essential to proper litigation on all the facts.

*M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D.Mass. 1984)(citation omitted)(denying a motion for bifurcation pursuant to Rule 42[b] and refusing to stay discovery).

Judge McNaught's approach retains its viability:

> the timing of Defendants' Motion in this case is suspect and supports Plaintiff's assertion that, in filing the Motion, Defendants are seeking to avoid responding to Plaintiff's discovery requests. . . . the idea that bifurcation may be appropriate was never mentioned during the Case Management Conference, even though there was extended discussion about the formulation of the discovery plan. Instead, the Motion to Bifurcate was filed after the . . . Defendants objected to discovery which had been propounded.

*Creative Home Designs, Inc. v. Fred Francis Builders, L.P.*, 2006 WL 2469379, at *2, slip op. 6-CV-0039 (M.D.Tenn. August 25, 2006)(denying motion pursuant to Rule 42[b] to bifurcate and refusing to stay discovery).

In light of the foregoing principles, it is not surprising that motions to bifurcate pursuant to Rule 42(b) and to stay discovery have often been denied in actions alleging violations of 42 U.S.C. § 1983 that include claims of municipal liability.  *See, e.g., Katt v. New York City Police Department*, 1997 WL 394593, at *2 (denying motion pursuant to Rule 42[b] and refusing to stay discovery); *Rosa v. East Hartford*, 2005 WL 752206, at *5, slip op. 00CV1367 (D.Conn. March 31, 2005)(denying motion pursuant to Rule 42[b]); *Green v. Baca*, 226 F.R.D. 624 (C.D. Cal. 2005)(denying motion pursuant to Rule 42[b]); *Ingles v. City of New York*, 2005 WL 1354028, at *1, slip op. 01-Civ-8279 (S.D.N.Y. June 7, 2005)(denying motion pursuant to Rule 42[b], where "separate trials would not further convenience or avoid prejudice or be conducive to 'expedition and economy'").

### Point II

**DEFENDANTS' MOTION FOR BIFURCATION OF TRIAL AND DISCOVERY MUST BE DENIED BECAUSE NO BASIS FOR THEM HAS BEEN SHOWN AND PLAINTIFF WOULD BE PREJUDICED THEREBY.**

Application of the governing standards to the present action and the circumstances of the present motion demonstrates that defendants' motion must be denied, as were the requests for bifurcation in the 42 U.S.C. § 1983 cases of *Katt, Rosa, Green*, and *Ingles, supra*.

As an initial matter, although the defendants assert that "All discovery relating to the individual claims has been produced to plaintiff," Defendants' Brief at 2,[3] the claim is exaggerated. Plaintiff admits that answers to interrogatories have been served and that formal responses to Plaintiff's requests for production have been served – in each case, on the day of the deposition of the individual defendant, and often during each of the depositions themselves. These responses, however, have not been complete or extensive. Plaintiff estimates that less than five hundred pages of documents have been produced by the defendants in this action from its inception; production has continued through May, 2007. Moreover, Plaintiff's discovery requests to the City of Haverhill and to the individual defendants have overlapped: internal affairs documentation has been requested from the City of Haverhill regarding each of the individual defendants, as have any complaints alleging civil rights violations.

Second, the defendants assert that the documents subject to the Plaintiff's discovery requests "are voluminous and relate primarily to the supervisory and municipal claim." The defendants have not, however, explained the basis for this assertion. Defendants' Brief at 2. There is no detailed list of the burdensomeness of the requests at issue, or their volume. Here, as in *Ferrante*, 2007 WL 1793447, at *2, "Defendant advances no specific arguments." In these circumstances, there is no basis upon which the Court *could* base a decision to bifurcate on the grounds of convenience, efficiency, and economy, as required by Rule 42(b).

---

[3] References in this form are to Defendant's Memorandum in Support of Their Motion for Bifurcation of Discovery and Trial Issues, filed and served July 12, 2007.

5

Third, the defendants *first raised* their interest in bifurcation on June 21, 2007, on the verge of the end of an extended discovery period, substantially subsequent to the case management conference, and well into the period of pre-trial litigation. In these circumstances, as in *Creative Home Designs, Inc.*, 2006 WL 2469379, at *2, defendants' "timing . . . is suspect . . . and supports Plaintiff's assertion that . . . Defendants are seeking to avoid responding to Plaintiff's discovery requests." The requirements of Rule 26 are not to be avoided by appeal to Rule 42(b). *M. Berenson Co., Inc.*, 103 F.R.D. at 637; *Creative Home Designs, Inc.*, 2006 WL 2469379, at *2 ("The Federal Rules contain specific provisions for the abuse of the discovery process. Fed.R.Civ.P. 26").

Fourth, the bulk of authority cited in defendants' brief pertains to an issue irrelevant to the Rule 42(b) inquiry: whether some of the discovery sought would be admissible at trial. Defendants' Brief at 2 – 4 (arguing that prior instances of violations are not admissible against the individual defendants). This is, however, not the standard pursuant to Rule 26, which does not require admissibility. *Katt*, 1997 WL 394593, at *2. At the time of trial, "defendant may make appropriate objections or applications for limiting instructions." *Ferrante*, 2007 WL 1793447, at *3.

In *Rosa*, a precisely similar argument for bifurcation was soundly rejected:

> bifurcation is not necessary either to avoid prejudice to the defendants or to further convenience. Defendants' concern that evidence Rosa will introduce in support of his *Monell* claim will prejudice the individual officers is exaggerated. Any spillover prejudice to the individual officers that may be caused by the admission of Rule 404(b) evidence to establish the *Monell* claim could be cured by limiting instructions. Moreover, contrary to the defendants' assertion, the presence of the *Monell* claim does not compel bifurcation. There are far less burdensome ways to deal with that situation, including use of a special verdict form, a well-adapted jury charge, and carefully crafted limiting instructions. Contrary to defendants' assertions, separate trials would not be efficient and would inconvenience the court, the jury, and the plaintiff. Accordingly, defendants' motion to bifurcate is denied.

*Rosa*, 2005 WL 752206, at *5.

The overwhelming weight of the factors involved in a Rule 42(b) determination in the present 42 U.S.C. § 1983 action demand, as set forth in the foregoing authorities, that the defendants' motion to bifurcate this action for trial pursuant to Rule 42(b) and to stay discovery until *after* the initial determination be denied. *Katt*; *Rosa*; *Green*; *Ingles*; all *supra*.

### Conclusion

For all of the reasons set forth above, Plaintiff, Pamela J. Hilchey, respectfully requests this Honorable Court to deny in its entirety Defendants Motion to Bifurcate Discovery and Trial Issues, and for such other and further relief as to the Court seems just.

Respectfully submitted,
The plaintiff, Pamela J. Hilchey
By her attorney,

*/s/ Eric P. Finamore*
Eric P. Finamore, Mass. BBO 541872
WESTON PATRICK
84 State Street, Suite 1100
Boston, MA 02109
(617) 742-9310

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 16, 2007.

*/s/ Eric P. Finamore*