UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

**PAMELA HILCHEY**
  **Plaintiff,**

**V.**

**CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,**
  **Defendants.**

<u>**DEFENDANTS CITY OF HAVERHILL, JOHN J. GUERIN, JR.,STEPHEN BRIGHI, KIM PAROLISI, LANCE DAWKINS, ALAN RATTE, GARY MELANSON, JOHN ARAHOVITES, VICTOR PELLOT, GEORGE DEKEON, JR. AND WILLIAM LEEMAN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**</u>

**I.**  <u>**STATEMENT OF THE CASE**</u>

  The plaintiff Pamela Hilchey brings this action against the defendants City of Haverhill, John J. Guerin, Stephen Brighi, Kim J. Parolisi, Lance A. Dawkins, Alan Ratte, Gary J. Melanson, John Arahovites, Victor M. Pellot, George Dekeon, Jr., and William Leeman who were at the time of the alleged incidences agents or employees of the City of Haverhill. The plaintiff asserts that the defendants violated her civil rights pursuant to 42 USC §1983 and G.L. c. 12, §11H. The defendants assert that there was probable cause to arrest the plaintiff which would negate any civil rights violations as alleged by the plaintiff.

**II**  <u>**STATEMENT OF THE FACTS**</u>

The plaintiff Pamela Hilchey had an ongoing dispute with her neighbors and the police were called to the neighborhood on many occasions.

On September 7, 2002, Officer Melanson and Sgt. Pellot were dispatched to 49 Pear Tree Lane on an assault complaint. The officers were informed by the victims that at 9:10 a.m. on September 27, 2002, Mrs. Hilchey drove into the development where the victims (four minor children) were riding their bicycles. Mrs. Hilchey drove her Chevy Tahoe truck at the children and they became scared. Mrs. Hilchey then left the development and came back approximately 10 minutes later and drove into her driveway at 1 Courtland Road.

On September 7, 2002, the Haverhill District Court issued a warrant for her arrest for three counts of assault by means of a dangerous weapon to wit a motor vehicle. Mrs. Hilchey was arrested that evening and transported to the police station where she was photographed, booked and released to her husband without incident. On August 1, 2003, after a trial, a jury acquitted the plaintiff of the charges.

The Haverhill police relied on the three witness statements when it sought a warrant for the arrest of the plaintiff from the Haverhill District Court. The three victims were identified as Katelyn Monigle, Matthew Monigle and Amanda Bastarache, all neighbors of Mrs. Hilchey and minor children. A fourth victim was later identified as Kevin Regan, another neighbor of the plaintiff who was present at the time of the incident.

The children were interviewed by experienced officers and were all found to be credible.

### III.     ARGUMENT

**A.     The defendants did not violate the plaintiff's State or Federal Civil Rights**

1.   **The Plaintiff's Arrest Was Appropriate As Supported By The Warrant Issued By The District Court.**

It is undisputed that the plaintiff was arrested pursuant to an arrest warrant issued from the Haverhill District Court. Said warrant was sought and obtained by the Haverhill police. As the Court is aware, the Fourth Amendment requires that arrests be based on probable cause. Beck v. Ohio, 379 U.S. 89 (1964); Alexis v. McDonald's Restaurants of Mass.,Inc., 67 F.3d 341, 349 (1st Cir. 1995). If probable cause to arrest exists, then there has not been a constitutional deprivation. See Roche v. John Hancock Mut. Life Ins.Co., 81 F.3d 249, 254 (1st Cir. 1999). The probable cause standard is a "relatively low threshold" for police officers to establish. White v. Town of Marblehead, 989 F.Supp. 345, 349 (D. Mass. 1997). It is also well settled that an officer who conducts an arrest pursuant to a warrant is liable only "where the officer should have known that the facts recited in the affidavit did not constitute probable cause. Abreu-Guzman v. Ford, 241 F.3d 69 (1st Cir. 2001); citing Rodriques v. Furtado, 950 F.2d 805, 812 (1st Cir. 1991). Moreover, it is objectively reasonable for officers to seek an arrest warrant "so long as the presence of probable cause is at least arguable". Abreu 241 F.3d at 72; Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991).

Here in the present case, there was ample evidence to establish probable cause at the time the arrest warrant was sought and received from the Haverhill District Court. The Haverhill Police interviewed the victims, took statements from them and found them to be credible. These three witness statements supported the claim that the plaintiff committed the crime of assault with a dangerous weapon and were submitted to the neutral magistrate when applying for the arrest warrant.

Given the totality of the facts and circumstances known to the officers at the time of Ms.

Hilchey's arrest, it cannot be said that the necessary probable cause was clearly lacking. The Haverhill defendants easily met the "low threshold" standard of probable cause. Accordingly, the Haverhill defendants request that this Court dismiss all 42 U.S.C. § 1983 and M.G.L. c. 12 §§ 11H and I claims based on false arrest and false imprisonment.

### 2. **The Defendants Cannot be Liable for Failing to Properly Investigate.**

If the plaintiff is asserting a claim under §1983 for an alleged improper investigation conducted by the defendant officers, this claim must fail.

Had the defendants conducted a more thorough investigation, by interviewing more persons at the scene, probable cause would not have been negated.[1] In many recent cases, the First Circuit has reaffirmed the traditional view of the Supreme Court in Baker v. McCollan, 443 U.S. 137 (1979), that the "constitution does not guarantee that only the guilty will be arrested." Baker at 145. In Tomczak v. Barntstable, 901 F.Supp. 397 (D.Mass. 1995), the District Court recognized that " criminal suspect has no constitutional right to a perfect investigation. Id. at 402. Similarly, in Duca v. Martins, 941 F.Supp. 1291 (D.Mass. 1996), the Court found that "[t]here is no constitutional or statutory requirement that before an arrest can be made, the police must conduct a trial." Id. at 1290.

Regardless of the information the defendants might have obtained from additional witnesses or evidence, they would have been faced with the eyewitness statements, that Mrs. Hilchey was driving her motor vehicle at a group of young children. The facts upon which probable cause arose would not and could not disappear. Moreover, the fact that Mrs. Hilchey

---

[1] As recognized in Tomczak v. Barnstable, 901 F.Supp. 397 (D.Mass. 1995), "police work is difficult enough without imposing unreasonable demands of perfection on every judgment officers are expected to make in ambiguous circumstances."

was later found not guilty has no bearing on the issue of probable cause. Therefore, summary judgment should enter for the defendants as to the plaintiffs's claims for violations of his Fourth Amendment Rights for failing to properly investigate..

### 3. There Is No Evidence of an Unlawful Custom or Practice by the City of Haverhill

**Municipal Liability under Section 1983**

Municipal liability under section 1983 cannot be based on *respondeat superior*. Monell v. New York City Dep't of Soc. Svces., 436 U.S. 658, 98 S.Ct. 2018 (1978). In order to hold a municipality liable under Section 1983 or the MCRA, a plaintiff must "identify a municipal 'policy' or 'custom' that caused his or her injury." Board of the County Comm'rs of Bryant County v. Brown, 117 S.Ct. 1382, 1388 (1997)  Municipal liability lies only when a municipal policy or custom causes the alleged constitutional deprivation. Manarite v. City of Springfield, 957 F.2d 953 (1st Cir. 1992). A single incident of misconduct alleged in a complaint does not suffice to show a municipal policy. City of Canton v. Harris, 489 U.S. 378, 387 (1989); Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985)(plurality opinion); See Also, Gallego v. Wilson, 882 F.Supp. 1169 (D.Mass. 1995)(dismissed plaintiff's municipal misconduct claim because a single alleged incident of individual misconduct cannot establish a municipal policy or custom).

The plaintiff, here, must prove a direct link between the policy statement or custom and the constitutional violations. Bowen v. City of Manchester, 966 F.2d 12, 18 (1st Cir. 1992). "[I]solated instances of unconstitutional activity [by subordinates] ordinarily are insufficient to establish a supervisor's policy or custom, or otherwise show deliberate indifference."

Maldanado-Denis v. Castillo-Rodriquez, 23 F.3d 576 (1st Cir. 1994).

Moreover, in the cases of supervisory liability, the First Circuit has held that "supervisory liability under §1983 cannot be predicated on a respondeat theory, but only on the basis of the supervisor's own acts or omissions." Seekamp v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997). Thus, there can be supervisory liability only if (1) there is subordinate liability, and (2) the supervisor's action or inaction was "affirmatively linked" to the constitutional violation cause by the subordinate. Id. See also Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988). That affirmative link must amount to "supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference. Id.

The plaintiff in this case has absolutely no evidence that the City of Haverhill or its Police Chief of Police, embraced a policy or custom under which any official acted to deprive her of any constitutional rights. Accordingly, all claims against the Town under §1983 must be dismissed.

### 4. The Individual Defendants Are Entitled to Qualified Immunity[2]

Qualified immunity protects government officials, such as the Haverhill defendants, who wield discretionary powers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) *cited in* Burns v. Loranger, 907 F.2d 233, 235 (1st Cir. 1990); See also Saucier v. Katz, 121 S.Ct. 2151 (2001). Thus, "[e]ven

---

[2] The standard for qualified immunity is the same for alleged civil rights violations under both the United States Constitution and the Massachusetts Declaration of Rights. See Duarte v. Healy, 537 N.E. 2d 1230, 1232 (Mass. 1989); see also Dinsdale v. Commonwealth, 675 N.E. 2d 374, 378 (Mass. 1997).

defendants who violate constitutional rights enjoy a qualified immunity that protects them from liability for damages unless it is further demonstrated that their conduct was unreasonable under the applicable standard". Davis v. Scherer, 468 U.S. 183, 190 (1984). The applicability of this defense is a pure question of law and the standard is not demanding. Hall v. Ochs, 817 F.2d 920, 924 (1st Cir. 1987).

The plaintiff has failed to produce any evidence that the defendant police officers acted unreasonably. In a recent Fifth Circuit decision, the Court found that police officers were entitled to qualified immunity where a plaintiff was detained 26 hours on a facially valid warrant which contained his name, date of birth and social security number, despite his claims of innocence. Sanchez v. Swyden, 139 F.3d 464 (5th Cir. 1998); See also Sherman v. Four County Counseling Center, 987 F.2d 397 (7th Cir. 1993) (Officer who followed facially valid statutory requirements prior to detaining plaintiff in mental institution entitled to qualified immunity); Blackwell v. Barton, 34 F.3d 298 (5th Cir. 1994) (Officer entitled to qualified immunity for arresting wrong person).

As the Court of Appeals for the First Circuit has stated, the "applicable standard" for qualified immunity is an objective one and therefore:

> Because qualified immunity does not address the substantive viability of a section 1983 claim, but rather the objective reasonableness of a defendant's actions, a plaintiff who is entitled to prevail on the merits is not necessarily entitled to prevail on the issue of qualified immunity. Amsden v. Moran, 904 F. 2d 748, 751 (1st Cir. 1990).

Issues of qualified immunity require the Court to address two questions. First, the Court must determine whether the right at issue was "clearly established". In this context, a right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 482

U.S. 635, 640 (1987).  Next, the Court must "determine whether defendants reasonably should have comprehended that their specific actions transgressed those "clearly established" rights. Amsden, at 752.

Qualified immunity is a "necessary compromise" between the need to provide remedies to individuals whose constitutional rights have been violated and the necessity of protecting public officials from insubstantial lawsuits which may deter them from carrying out their official responsibilities.  Rodriques v. Furtado, 410 Mass. 878, 883 (1991).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violated the law" and allows ample room for mistaken judgment.  Hunter v. Bryant, 112 S.Ct. 534, 537 (1991) (*per curium*); Malley v. Briggs, 475 U.S. 335, 343 (1986); Roy v. Lewiston, 42 F.3d 691 (1st Cir. 1994).

It is important that the issue of qualified immunity be decided as soon as possible in order to make the protection meaningful.  The Supreme Court has stated because the immunity is

> ...immunity from suit rather than a mere defense to liability ..., we have repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. Hunter v. Bryant, 116 L. Ed 2d 589 (1991) (citations omitted); Mitchell v. Forsyth, 472 U.S. 511 (1985); Accord Saucier v. Katz, 121 S.Ct. 2151 (2001).

In Hunter, the Court concluded that the question of immunity should be decided by the Court long before trial.  Also, the Court should ask whether the agents acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be construed four years after the fact.  For this reason, the individual defendants urge this Court to rule in their favor at this time as opposed to subjecting them to the burden and expense of further litigation.

In cases of arrests with a warrant, this Circuit has stated "it is objectively reasonable for officers to seek an arrest warrant "so long as the presence of probable cause is at least arguable".

Abreu-Guzman v. Ford, 241 F.3d 69 (2001); quoting Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991).  The First Circuit has even gone on to say that "when officers make an arrest subject to a warrant, then, even if probable cause is lacking, officers are entitled to qualified immunity unless the warrant application is so lacking in indicia of probable cause as to render belief in its existence unreasonable."  Abreu-Guzman v. Ford, 241 F.3d 69 (2001); quoting St. Hillaire v. Laconia, 71 F.3d 20, 28 (1st Cir. 1995); quoting Malley v. Briggs, 475 U.S. 335, 344-45 (1986). (emphasis added). Similarly, an officer who conducts an arrest pursuant to a warrant is liable only "where the officer should have known that the facts recited in the affidavit did not constitute probable cause."  Rodriques v. Furtado, 950 F.2d 805, 812 (1st Cir. 1991); Floyd v. Farrell, 765 F.2d 1, 5 (1st Cir. 1985).

In the instant case, qualified immunity should shield the individual Haverhill Defendants from liability.  The statements given by the victims in the matter clearly outline the elements of the crime assault with a dangerous weapon.  The officers believed the children when they gave the statements and therefore, had probable cause to arrest the plaintiff.  As the Court is aware "Qualified immunity protects "all but the plainly incompetent or those who knowingly violated the law" and allows ample room for mistaken judgment."  Hunter v. Bryant, 112 S.Ct. 534, 537 (1991).  Accordingly, qualified immunity should apply and bar all §1983 and MCRA claims against the Haverhill Individual Defendants.

**IV.    CONCLUSION**

Based on the above referenced arguments, the defendants, City of Haverhill, John J. Guerin, Stephen Brighi, Kim J. Parolisi, Lance A. Dawkins, Alan Ratte, Gary J. Melanson, John

Arahovites, Victor M. Pellot, George Dekeon, Jr., and William Leeman respectfully request that the Court allow the defendants' motion for summary judgment and dismiss all claims against them.

                Defendants, City of Haverhill, John J.
                Guerin, Stephen Brighi, Kim J. Parolisi,
                Lance A. Dawkins, Alan Ratte, Gary J.
                Melanson, John Arahovites, Victor M.
                Pellot, George Dekeon, Jr., and William
                Leeman
                by their attorneys,

                */s/ Regina M. Ryan*
                _____
                Douglas I. Louison   BBO# 545191
                Regina M. Ryan BBO# 565246
                MERRICK, LOUISON & COSTELLO
                67 Batterymarch Street
                Boston, MA 02110
                (617) 439-0305

**CERTIFICATE OF SERVICE**

   I, Regina M. Ryan., hereby certify that on the 30th day of July, 2007, I served the foregoing electronic filing and by causing a copy to be mailed, postage prepaid, directed to: Eric P. Finamore, Esquire, WESTON, PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109.

                */s/ Regina M.Ryan*
                _____
                Regina M. Ryan