# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Civ. No. 005 CV 10152 NMG**

|  |  |
|---|---|
| PAMELA J. HILCHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF HAVERHILL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION TO COMPEL DISCOVERY

### Preliminary Statement

Plaintiff, Pamela J. Hilchey, by her attorney, Eric P. Finamore, hereby submits her brief in support of her motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure.

### Relevant Factual Background

Plaintiff served her discovery requests for the production of documents and for answers to interrogatories upon all defendants in October, 2006. Notices of deposition for the individual defendants were served and a deposition schedule was undertaken. Depositions of the individual defendants were to be taken prior to the Rule 30(b)(6) deposition of the City of Haverhill.

On April 10, 2007, one of the last individual defendants yet to be deposed simply failed to attend his deposition, without prior advice to counsel.

A deposition notice pursuant to Rule 30(b)(6), with an attached schedule pertaining to subjects for deposition and documents – essentially duplicative of the request for discovery served more than six months earlier – was served on the City of Haverhill on May 8, 2007. The deposition was not held on the date for which it was noticed, May 23, 2007. Counsel for the City of Haverhill stated that no deponent would be produced because the discovery deadline had passed. Subsequently, the Court allowed the motion to extend discovery.

Thereafter, on June 1, 2007, plaintiff provided a renewed notice of deposition for June 18, 2007.

Counsel for the parties held discussions regarding the completion of discovery.[1]

In an effort to compromise and complete the discovery required by plaintiff to prepare her case, plaintiff's counsel agreed to limit the scope of what was first requested for the Rule 30(b)(6) deposition. Initially, Schedule A annexed to the Notice of Deposition set forth 18 requests. Plaintiff set forth, in a letter sent by facsimile and regular mail on June 11, 2007, only two requests: those pertaining to citizen complaints and those pertaining to prior lawsuits against the City.[2]

On June 14, 2007, counsel for defendants first called plaintiff's counsel "to discuss with specificity the documents you requested for the deposition on Monday, June 18, 2007." Counsel for defendants unilaterally canceled the noticed deposition and asserted, in her letter dated June 15, 2007, that "I am willing to make my client available in the near future once we narrow down what documents the City needs to produce for

---

[1] *See* Plaintiff's Motion for a Status Conference, ¶ 8 and Exhibit A, submitted July 11, 2007.

[2] *See* Letter dated June 11, 2007 from David Miller to Regina Ryan.

the deposition." The document requests were, as set forth in the letter dated June 11, 2007, already "narrowed down."

Plaintiff's counsel immediately telephoned Haverhill's counsel. In confirmation of the understanding reached by counsel on June 15, 2007 concerning the scope of documents to be produced, plaintiff's counsel sent a letter by facsimile and regular mail.[3]

During this course of communication, defendants' counsel raised for the first time the possibility of requesting bifurcation of trial and discovery, and filed a motion to that effect on June 21, 2007, shortly before the expiration of the discovery period.[4]

Defendant's motion to bifurcate for discovery and for trial was served on July 12, 2007. Plaintiff has opposed the motion.

On the same date, July 12, 2007, the City of Haverhill served its Answers to Plaintiff's First Set of Interrogatories, a copy of which is annexed hereto as an exhibit.

On July 16, 2007, plaintiff opposed the motion to bifurcate for discovery and trial.

On July 19, 2007, the City of Haverhill provided its formal response to plaintiff's request for production pursuant to Rule 33, a copy of which is annexed hereto. The City of Haverhill objected to those two requests specifically set forth in plaintiff's letter dated June 11, 2007. In particular, the City (subsequent to its earlier agreement on June 15, 2007 to provide such documents) objected to Request No. 12, pertaining to citizen complaints, and to Request No. 16, pertaining to lawsuits alleging Constitutional violations.

___

[3] *See* letter dated June 15, 2007 from Eric Finamore to Regina Ryan.

[4]*See* Letter dated June 29, 2007 from plaintiff's counsel to defendants' counsel, included in Exhibit A to Plaintiff's Motion for a Status Conference.

Although there have been some discussions between counsel regarding the provision of the documents, counsel for defendants most recently asserted, in her letter dated July 20, 2007, that "[w]e are still faced with the same issue of the voluminous documents that you are requesting in Schedule A."

On July 30, 2007, without waiting for a ruling on either the motion for a status conference or the motion to bifurcate discovery, defense counsel served a motion for summary judgment as to all claims made by the plaintiff in this case.

Neither the City of Haverhill nor the individual defendants have provided documentation in response to Requests 12 and 16 (included in the requests to the individual defendants), with the exception of certain of the documents that pertain to the present plaintiff and the current action.  Counsel for defendants has not, at any time, provided an estimate of the quantity of documents that they have asserted are too voluminous for production.

## ARGUMENT

### Point I

#### THERE IS NO JUSITIFICATION OR EXCUSE FOR THE CITY OF HAVERHILL'S REFUSAL TO PRODUCE DOCUMENTS WITHIN THE SCOPE OF REQUESTS 12 AND 16.

The requested discovery is relevant to the issues raised in this action.  The action sets forth a cause of action pursuant to 42 U.S.C. § 1983 for Constitutional violations by the City of Haverhill.  The claim against the City of Haverhill has been a part of this action from its inception.

The requirements for a showing of municipal liability are set forth in *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) and its progeny; *see, e.g., Whitfield v.*

*Fajardo*, 431 F.3d 1, 8 – 9 (1st Cir. 2005). A municipality can be liable only on the basis

of its policies, customs, or practices, and these cannot be established, as a matter of law,

by a single occurrence. *Whitfield*, 431 F.3d at 12 and authorities cited therein. Plaintiff's

insistence on responses to Requests 12 and 16 were made in light of the standards for

municipal liability. Set forth immediately below are Request 12, in its entirety, and the

City of Haverhill's response thereto.

Request No. 12

Any and all complaints or reports, made by any person to the City of
Haverhill or its representatives, during the five-year period preceding September
2, 2002, of any alleged misconduct, breach of duty, or other impropriety on the
part of any police officer or police official of the City of Haverhill, including
without limitation any such complaint of improper arrest or arrest without
probable cause, including in your response:

A. All statements or correspondence received from or created by any
complainant or witness;

B. All memoranda or documents created in the course of any investigation;

C. All official recommendations or reports of investigations created in connection
with or generated as a result of such complaints;

D. All documents created by or provided to the internal affairs division or
department;

E. All changes in police policy, practice or procedure in response to such
complaints; and

F. To the extent not described above, any and all documents constituting or
reflecting any complaints or allegations of official wrongdoing or misconduct
on the part of any employee of the City of Haverhill Police Department and
the response of the City of Haverhill Police Department thereto.

Response No. 12

The Defendant objects to this interrogatory [*sic*] as it is overly broad and
unduly burdensome and beyond the scope of discovery.

Request No. 16, and the complete response thereto, is:

Request No. 16

All pleadings and correspondence relating to any lawsuit brought against the City of Haverhill, its Police Department, or any of its police officers or officials, relating to any claim by any person of a violation of state or federal civil rights, for the ten-year period preceding September 7, 2002.

Response No. 16

The defendant objects to this interrogatory as it is overly broad and unduly burdensome. The defendant will identify any and all lawsuits for a five year period prior to September 7, 2002.

Since Rule 26(b)(1) provides, *inter alia*, that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," it is patent that the foregoing request is well within the scope of discovery. The complaint in this action has always set forth a claim against the City of Haverhill for violation of 42 U.S.C. § 1983. *Monell* was delivered by Justice Brennan on behalf of the Burger Court; the Rehnquist Court has come and gone; we are now under the third Chief Justice for whom *Monell* applies. Therefore, the third prong of the City of Haverhill's objection is completely without a basis in law.

The City of Haverhill has not, either, at any time set forth a basis for its assertion that Request 12 is overly broad. In the communications that counsel for the parties have had over the course of the last 90 days, counsel for Haverhill has never identified, in its good-faith attempt to narrow the issues for discovery, how the five-year period is excessively long, nor has counsel for Haverhill ever suggested that Request 12 might be modified in ways that would both satisfy plaintiff's requirements to prepare adequately for trial of the municipal claim and that would be less difficult of compliance. Counsel has provided no information regarding the overbreadth claimed, and there has been no suggestion as to what would ameliorate that putative defect. In fact, as set forth in the

letter dated June 15, 2007 from Eric Finamore to Regina Ryan, Haverhill's counsel had

agreed that defendant would produce, as promptly as possible, documents responsive to

Requests 12 and 16, and that the Rule 30(b)(6) deposition would go forward within the

time frame allowed by the motion to extend the discovery cutoff – by June 22, 2007, if

possible.[5]

There is, similarly, no indication by the City of Haverhill as to why Requests 12

and 16 are unduly burdensome: if, indeed, the City of Haverhill treats casually

complaints regarding constitutional violations, without tracking, investigation, or

response, it might be burdensome to attempt to locate responsive documents. The City of

Haverhill should, however, provide a statement to this effect, since failure to investigate

or report claims of constitutional violations is itself a violation of 42 U.S.C. § 1983.

*Wierstack v. Heffernan*, 789 F.2d 968, 975 (1st Cir. 1986)(affirming judgment of

constitutional violation when the City of Worcester failed to make any investigation of

alleged police misconduct).

There has been no indication as to how voluminous responsive documents are, no

account of how they are stored, no description of what must be done to retrieve them.

---

[5] Without such documents, going forward with the Rule 30(b)(6) deposition would be insufficient to prepare adequately for trial. Moreover, plaintiff has not taken this position without prior concessions to the defendants regarding discovery. The individual defendants (represented by the same counsel as the City of Haverhill) have responded to plaintiff's interrogatories and requests for production, with responses being served in each case on the very day of that defendant's deposition. Each of the individual defendants apparently read their answers and the response to plaintiff's request for production on those dates – the last of which was May 23, 2007 – and few, if any, documents were provided in the course of them to the plaintiff. These concessions were made by plaintiff in an effort to expedite, as much as possible, the process of preparation for trial, and with continuing requests to defendants who had not yet responded to do so. At the present juncture, however, responses to plaintiff's requests have become absolutely essential.

Finally, the City never raised its objection to these requests for the many months after they were served until pressed by plaintiff's counsel for a response. This was after the discovery deadline (upon which the defendant had relied in refusing to produce a Rule 30(b)(6) witness) had expired and then was extended by the Court. Like the Motion to Bifurcate filed by the defendant, the objections interposed to production of discovery ring hollow, coming as they do at a time in the case when all such issues ought to have been resolved.

In these circumstances, there is neither justification nor excuse for the City of Haverhill's failure to produce these essential documents.

<strong><u>Point II</u></strong>

<strong>THE CITY OF HAVERHILL MUST PROVIDE<br><u>ANSWERS TO CRUCIAL INTERROGATORIES.</u></strong>

The City of Haverhill, as demonstrated above, must provide meaningful document discovery to the plaintiff; the City of Haverhill must also provide answers to plaintiff's crucial interrogatories. In particular, the City of Haverhill must answer Interrogatory No. 6 and Interrogatory No. 7, which pertain to the same categories of information as Requests 12 and 16.

Interrogatory No. 6, Interrogatory No. 7, and the City of Haverhill's responses thereto are set forth, in full, immediately below.

<u>Interrogatory No. 6</u>

Please identify any and all complaints or reports made by any person to the City of Haverhill or its representatives, during the five-year period preceding September 7, 2002, of any alleged misconduct, breach of duty, or other impropriety on the part of any police officer or police official of the City of Haverhill, including without limitation any such complaint of improper arrest or arrest without probable cause, and set forth:

A.    The names and addresses of all such complainants;

B.    The names and titles of the police officers or officials about whose conduct the complaints wee made;

C.    The precise nature of the conduct complained of;

D.    The date on which the conduct allegedly occurred;

E.    A description of the response made on behalf of the City of Haverhill; and

F.    The resolution or determination made with respect to each such complaint.

Answer No. 6

The defendant objects to this interrogatory as it is overly broad and unduly burdensome.

Interrogatory No. 7

With respect any lawsuit brought against the City of Haverhill in which it has been alleged that, within the ten-year period preceding September 7, 2002, police officers or officials of the City of Haverhill have violated the civil or constitutional rights of any person, including without limitation any claim of arrest without probable cause, please identify the case title, docket number court, names of all plaintiffs and all defendants, case status and disposition.

Answer No. 7

The defendant objects to this interrogatory as it is overly broad and unduly burdensome.

As an initial matter, although the responses to the subject interrogatories are called "Answers" by the City of Haverhill, they are actually only objections, provided by counsel for the City of Haverhill. In fact, the City of Haverhill did not provide an answer to either interrogatory.[6]

---

[6] The result would be the same even if the City of Haverhill had provided some information in response to the interrogatory, if the City's response were "evasive and incomplete." Rule 37(a)(3).

Both interrogatories request information that is squarely within the scope of Rule 26, for substantially the same reasons as the parallel document requests set forth in Point I, *supra; see Monell; Whitfield; Wierstack*; all *supra*.

The City of Haverhill has provided no factual predicate for its objections that Interrogatory No. 6 and Interrogatory No. 7 are overly broad and unduly burdensome. There is no description of the purportedly onerous undertaking, not required by the Federal Rules and the City's general discovery obligations, that the City maintains is demanded in order to respond to Interrogatory No. 6 and Interrogatory No. 7.

It is the City's obligation to demonstrate the overbreadth and burdensomeness of the interrogatories. *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 228 F.R.D. 426, 434 (W.D.N.Y. 2004). Moreover, City's "generalized objections" that these interrogatories are "overly broad" and "unduly burdensome" are subject to be summarily overruled. *American Rock Salt Co., LLC*, 228 F.R.D. at 432; *Athridge v. Aetna Casualty & Surety Co.*, 184 F.R.D. 181, 190 – 191 (D.D.C. 1998).

Therefore, the City of Haverhill must provide these answers, even if obtaining the required information necessitates research. *Alexander v. Rizzo*, 50 F.R.D. 374 (E.D.Pa. 1970).

**Conclusion**

For all of the reasons set forth above, the plaintiff, Pamela J. Hilchey, hereby requests this Honorable Court for an order compelling discovery responses from the City of Haverhill, as set forth herein, for her reasonable attorneys' fees in bringing the within motion, and for such other and further relief as to the Court seems just.

Respectfully submitted,

PAMELA J. HILCHEY,
Plaintiff,

By her attorney,

/s/ Eric P. Finamore
Eric P. Finamore, BBO # 541872
Weston Patrick, P.A.
84 State Street, Suite 1100
Boston, MA 02109
(617) 742-9310

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 13, 2007.

/s/ Eric P. Finamore

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

PAMELA HILCHEY
    Plaintiff,

V.

CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,
    Defendants.

### DEFENDANT, CITY OF HAVERHILL'S RESPONSES TO FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Request No. 1

1.    Any and all orders, directives, reports, memoranda, regulations, and summaries issued by Haverhill or any of its agencies or in the possession of Haverhill or any of its agencies, evidencing the standards in effect on September 1, 2002 governing the determination of when an arrest for assault with a dangerous weapon by means of an automobile (G.L. c. 265, § 15B[b]) is legal and justified, including, but not limited to the following:

        (a)    all such materials used for training purposes at the Police Academy or elsewhere to train police officers (course outlines, books, manuals, brochures, films, filmstrips, tape recordings, computer programs, or other training materials of every kind to be found in every medium), both when Defendants Brighi, Parolisi, Dawkins,

Ratte, Melanson, Arahovities, Pellott, Dekeon, and Leeman received instruction based upon such materials or provided instruction based upon such materials to others, and at the present time;

(b)    all such materials issued at any time to active duty police officers (including without limitation orders, memoranda, brochures, leaflets, etc.) since any of Defendants Brighi, Parolisi, Dawkins, Ratte, Melanson, Arahovites, Pellott, Dekeon, and Leeman completed their initial training, whether at the Police Academy or otherwise;

(c)    all such materials particular to the arrest of the spouse of a Police Officer for assault with a dangerous weapon by means of an automobile (G.L. c. 265, § 15B[b]).

Response No. 1

The defendant will make all such available documents to the plaintiff for viewing at the Haverhill Police Department that are discoverable to this response.

Request No. 2

All documents evidencing a police response to a call through the 911 system advising of an assault with a dangerous weapon (G.L. c. 265, § 15B[b]) for the period from September 1, 2000 through September 7, 2002, inclusive, including but not limited to (i) incident reports; (ii) interviews with witnesses; (iii) reports to superiors by investigating officers; (iv) reference to the District Attorney for further action; (v) complaint applications; (vi) arrest warrants.

2

Response No. 2

The defendant objects to this interrogatory as it is overly broad and unduly burdensome. The defendants have provided all discoverable responses to this request pertaining to the arrest of the plaintiff pursuant to automatic discovery disclosures.

Request No. 3

All documents reflecting the disposition of every criminal complaint brought on the basis of assault with a dangerous weapon by means of an automobile (G.L. c. 265, § 15B[b]) occurring from September 1, 2000 through September 7, 2002 in which the Police Department of Haverhill conducted the initial investigation.

Response No. 3

The defendant objects to this interrogatory as it is overly broad and unduly burdensome.

Request No. 4

Any and all orders, directives, reports, memoranda, regulations, and summaries issued by Haverhill or any of its agencies or in the possession of Haverhill or any of its agencies, evidencing the standards in effect on September 1, 2002 governing investigations of felonies.

Response No. 4

The defendant will make all such available documents to the plaintiff for viewing at the Haverhill Police Department that are discoverable to this response.

Request No. 5

Any and all orders, directives, reports, memoranda, regulations, and

3

summaries issued by Haverhill or any of its agencies or in the possession of Haverhill or any of its agencies, evidencing the standards in effect on September 1, 2002 governing the corroboration of testimony by witnesses under 10 years of age when such testimony facially supports felony charges.

Response No. 5

The defendant will make all such available documents to the plaintiff for viewing at the Haverhill Police Department that are discoverable to this response.

Request No. 6

Any and all documents evidencing a direction from the Chief of Police or Acting Chief of Police for interviewing of witnesses to an incident subsequent to the filing by the reporting Police Officer of an Incident Report and Complaint Application for the period from September 1, 2000 through September 7, 2002.

Response No. 6

The defendant objects to this interrogatory as it is overly broad and unduly burdensome and beyond the scope of discovery.

Request No. 7

Any and all documents evidencing a direction from the Chief of Police or Acting Chief of Police for interviewing of witnesses to an incident, together with the Incident Reports initially reporting the incident and all documents pertaining to the incident, for the period from September 7, 2001 through September 7, 2002.

Response No. 7

The defendant objects to this interrogatory as it is overly broad and unduly burdensome and beyond the scope of discovery.

<u>Request No. 8</u>

Any and all documents evidencing police action regarding any incident in which Pamela Hilchey was a witness, a victim, or a suspect.

<u>Response No. 8</u>

The defendants have previously produced all documents responsive to this request pursuant to automatic discovery disclosures.

<u>Request No. 9</u>

Any and all documents evidencing Pamela Hilchey's citizen complaints regarding police action or inaction, investigations of such citizen complaints, and dispositions of such complaints.

<u>Response No. 9</u>

The defendants have previously produced all documents responsive to this request pursuant to automatic discovery disclosures.

<u>Request No. 10</u>

Documents evidencing any and all disciplinary actions taken with respect to John J. Guerin, Jr., Stephen Brighi, Kim J. Parolisi, Lance Dawkins, Alan Ratte, Gary I. Melanson, John P. Arahovites, Victor M. Pelott, George Dekeon, Jr., and William Leeman by Haverhill or any of its subdivisions.

<u>Response No. 10</u>

The defendants have previously testified in this matter pertaining to their discipline. It was disclosed that Officer Teller received discipline and Lt. Leeman, however, the discipline was dismissed.

Request No. 11

Any and all documents generated by the Internal Affairs Division or Department of the Haverhill Police Department in the course of investigations of possible misconduct on the part of John J. Guerin, Jr., Stephen Brighi, Kim J. Parolisi, Lance Dawkins, Alan Ratte, Gary I. Melanson, John P. Arahovites, Victor M. Pelott, George Dekeon, Jr., and William Leeman.

Response No. 11

The defendant objects to this request as it is beyond the scope of discovery.

Request No. 12

. Any and all complaints or reports, made by any person to the City of Haverhill or its representatives, during the five-year period preceding September 7, 2002, of any alleged misconduct, breach of duty, or other impropriety on the part of any police officer or police official of the City of Haverhill, including without limitation any such complaint of improper arrest or arrest without probable cause, including in your response:

A.     All statements or correspondence received from or created by any complainant or witness;

B.     All memoranda or documents created in the course of any investigation;

C.     All official recommendations or reports of investigations created in connection with or generated as a result such complaints;

D.     All documents created by or provided to the internal affairs division or department;

E.      All changes in police policy, practice or procedure created in response to such complaints; and

F.      To the extent not described above, any and all documents constituting or reflecting any complaints or allegations of official wrongdoing or misconduct on the part of any employee of the City of Haverhill Police Department and the response of the City of Haverhill Police Department thereto.

Response No. 12

The defendant objects to this interrogatory as it is overly broad and unduly burdensome and beyond the scope of discovery.

Request No. 13

Any and all documents created by or on behalf of the City of Haverhill Police Department, or provided to the City of Haverhill Police Department by any other person, concerning or relating to Pamela Hilchey aside from those described in Paragraphs 8 and 9 above.

Response No. 13

The defendant has produced all discoverable documents in its possession, custody or control to the plaintiff through automatic discovery disclosures.

Request No. 14

Any and all documents concerning or relating to a meeting which took place in 2001 between Stephen Brighi and citizens residing in the Pear Tree Road area concerning Pamela Hilchey.

Response No. 14

The defendant has produced all discoverable documents in its possession, custody or control to the plaintiff through automatic discovery disclosures.

Request No. 15

Any and all documents concerning or relating to the subject incident of September 7, 2002, including without limitation:

    A.    All documents upon which the defendants rely in asserting that probable cause existed on or about September 7, 2002 for the plaintiff's arrest;

    B.    All documents upon which the defendants, or any of them, relied in arresting or pursuing criminal prosecution of the plaintiff on or after September 7, 2002;

    C.    Any and all statements of any witnesses, including Phyllis Monigle, Glenn Monigle, Katelyn Monigle, Matthew Monigle, Alicia Regan, Robert Regan, Kevin Regan, Amy Bastarache, Amanda Bastarache, James Bastarache, or Jennifer Sternlieb;

    D.    All complaints and applications for complaints, together with any supporting documentation; and

    E.    All documents submitted to or received from any court in connection with the subject incident of September 7, 2002.

Response No. 15

The defendant has produced all discoverable documents in its possession, custody or control to the plaintiff through automatic discovery disclosures.

Request No. 16

All pleadings and correspondence relating to any lawsuit brought against the City of Haverhill, its Police Department, or any of its police officers or officials, relating to any claim by any person of a violation of state or federal civil rights, for the ten-year period preceding September 7, 2002.

Response No. 16

The defendant objects to this interrogatory as it is overly broad and unduly burdensome. The defendant will identify any and all lawsuits for a five year period prior to September 7, 2002.

Request No. 17

All recordings of radio transmissions, or transcriptions thereof, relating or concerning Pamela Hilchey and/or the Subject Incident.

Response No. 17

The defendant has produced all recordings of radio transmissions relating to Pamela Hilchey.

Defendants, City of Haverhill, John J. Guerin,
Stephen Brighi, Kim J. Parolisi, Lance A. Dawkins,
Alan Ratte, Gary I. Melanson, John Arahovites,
Victor M. Pellot, George Dekeon, Jr., and William
Leeman,

by their attorney,

Douglas I. Louison    BBO# 545191
Regina Gilgun Ryan BBO# 565246
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Regina M. Ryan., hereby certify that on the _____19th_____ day of
_____July_____, 2007, I served the foregoing electronic filing and by causing a copy
to be mailed, postage prepaid, directed to: Eric P. Finamore, Esquire, WESTON,
PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109.

Regina M. Ryan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

PAMELA HILCHEY
    Plaintiff,

V.

CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,
    Defendants.

## DEFENDANT, CITY OF HAVERHILL'S
## ANSWERS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Interrogatory No. 1

Identify every person whom you expect to offer expert testimony on your behalf at trial, and as to each such person:

    (a)    State the subject matters on which he or she is expected to testify;

    (b)    State the substance of the facts and opinions to which he or she is expected to testify; and

    (c)    Summarize the grounds for each opinion he or she is expected to express.

Answer No. 1

The defendant, City of Haverhill, has not determined who it will call as an expert witness in this matter. The defendant reserves the right to supplement this response at a time prior to trial.

Interrogatory No. 2

If you contend that the injuries or damages alleged by the plaintiff in the complaint were caused by some person for whom the defendant is not legally responsible, please state the name and address of each such person, and state in full and complete detail how such person is responsible for the injuries of the plaintiff.

Answer No. 2

The defendant objects to this interrogatory as it seeks a legal conclusion beyond the scope of discovery. Without waiving the foregoing objection, the defendant states that the City of Haverhill relied on the witness statements provided by the victims to the assault with a dangerous weapon and based on the information provided by those individuals, determined that the City of Haverhill Police Department had probable cause to arrest the plaintiff.

Interrogatory No. 3

Please state the limits of liability and the identity of the insurer with respect to each insurance policy which may be available to satisfy, in whole or in part, any judgment obtained by the plaintiff in this action.

Answer No. 3

The defendant, City of Haverhill, was insured by Massamont Insurance Company on the date of the incident. A copy of the Declaration page will be forwarded under separate cover.

Interrogatory No. 4

Please state the name and address of each person known to the defendant to have knowledge of discoverable matters in this action, and summarize the substance of the facts known by each such person.

Answer No. 4

The defendant identifies any and all police officers from the City of Haverhill. Further, the victims of the assault will be called as witnesses at trial. The testimony is summarized in the police statements previously produced.

Interrogatory No. 5

Please state the policy of the defendant, City of Haverhill, with respect to the indemnification of each of the defendants John J. Guerin, Jr., Stephen Brighi, Kim J. Parolisi, Lance Dawkins, Alan Ratte, Gary I. Melanson, John P. Arahovites, Victor M. Pelott, George Dekeon, Jr., and William Leeman.

Answer No. 5

The defendant objects to this interrogatory as it is unclear what the term "policy" means with respect to the indemnification of the defendant. The defendant directs the plaintiff to Chapter 258 pertaining to indemnification for municipal employees.

Interrogatory No. 6

Please identify any and all complaints or reports made by any person to the City of Haverhill or its representatives, during the five-year period preceding September 7, 2002, of any alleged misconduct, breach of duty, or other impropriety on the part of any police officer or police official of the City of Haverhill, including without limitation any such complaint of improper arrest or arrest without probable cause, and set forth:

3

A.    The names and addresses of all such complainants;

B.    The names and titles of the police officers or officials about whose conduct the complaints were made;

C.    The precise nature of the conduct complained of;

D.    The date on which the conduct allegedly occurred;

E.    A description of the response made on behalf of the City of Haverhill; and

F.    The resolution or determination made with respect to each such complaint.

Answer No. 6

The defendant objects to this interrogatory as it is overly broad and unduly burdensome.

Interrogatory No. 7

With respect to any lawsuit brought against the City of Haverhill in which it has been alleged that, within the ten-year period preceding September 7, 2002, police officers or officials of the City of Haverhill have violated the civil or constitutional rights of any person, including without limitation any claim of arrest without probable cause, please identify the case title, docket number, court, names of all plaintiffs and all defendants, case status and disposition.

Answer No. 7

The defendant objects to this interrogatory as it is overly broad and unduly burdensome.

Interrogatory No. 8

If the City of Haverhill contends that probable cause existed for the arrest of Pamela Hilchey on September 7, 2002, please set forth in full and complete detail the

4

factual basis for such contention, and identify all witness statements and documents upon which reliance is placed in making such contention.

Answer No. 8

The defendant objects to this interrogatory as it seeks a legal conclusion. Without waiving the foregoing objection, the defendant states that probable cause was established based on the fact that the employees of the City of Haverhill acted reasonable when it determined that a crime had been committed by Pamela Hilchey. The probable cause was based on the information provided by the victims to the crime and was affirmed by the Clerk of the Haverhill District Court.

Interrogatory No. 9

Please identify in full and complete detail each and every complaint or report of alleged wrongdoing on the part of Pamela Hilchey which was brought to the attention of the City of Haverhill Police Department prior to September 7, 2002, by any person, and set forth the nature of such allegation, the identities of all persons receiving or responding to such complaints, the identities of all persons making such complaints, and the location and nature of all documents generated as a result of such complaints.

Answer No. 9

The defendant, City of Haverhill, has produced a copy of all complaints brought against Pamela Hilchey through automatic discovery disclosures.

Interrogatory No. 10

Please identify all written or oral policies, practices or procedures of the Haverhill Police Department in effect on September 7, 2002 applicable to investigations and/or prosecutions arising out of allegations of assaults with dangerous weapons (G.L. c. 265, §

5

15B), including those which specifically applied to investigations or prosecutions resulting from allegations that a defendant attempted to strike any individual with a motor vehicle.

Answer No. 10

The defendant has produced the policies and procedures applicable pursuant to automatic discovery disclosures.

Interrogatory No. 11

Please set forth in full and complete detail all communications, conversations, or other interactions between Pamela Hilchey and any employee or official of the City of Haverhill, including any police officer, up to and including September 7, 2002.

Answer No. 11

The defendant objects to this interrogatory as it is overly broad and unduly burdensome. Further, the plaintiff, Pamela Hilchey, is married to an employee of the City of Haverhill which would subject such communications to privilege communications. Without waiving the foregoing objection, the plaintiff has deposed all of the defendants in this matter except for former Chief Brighi and made inquiry as to communications with Pamela Hilchey. Accordingly, the defendant directs the plaintiff to these communications and further directs the plaintiff to the police reports produced.

Interrogatory No. 12

Please describe in full and complete detail any and all written or oral statements made by any witness concerning the subject incident, including any statements made by any City of Haverhill police officer or by Phyllis Monigle, Glenn Monigle, Katelyn

Monigle, Matthew Monigle, Alicia Regan, Robert Regan, Kevin Regan, Amy Bastarche, Amanda Bastarche, James Bastarche, or Jennifer Sternlieb,

Answer No. 12

The defendant directs the plaintiff to the statements of the victims produced through automatic discovery disclosure.

Interrogatory No. 13

If the City of Haverhill, or any of its agents, employees, police officers or officials, obtained any written or oral statements from Pamela Hilchey concerning the subject incident, please identify the substance of such statement(s), whether the statements were written or oral, and the location and custodian of any documents pertaining thereto.

Answer No. 13

The defendant, City of Haverhill, is not aware of any written or oral statements from Pamela Hilchey concerning the subject incident.

Signed under the pains and penalties of perjury this *12* day of *July*, 2007.

Captain Allen Ratte

7

As to Objections:

Douglas I. Louison  BBO#[545191]
Regina M. Ryan BBO# 565246
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Regina M. Ryan., hereby certify that on the _16th_ day of July, 2007, I served the foregoing electronic filing and by causing a copy to be mailed, postage prepaid, directed to: Eric P. Finamore. Esquire, WESTON, PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109.

Regina M. Ryan.

# WESTON, PATRICK, WILLARD & REDDING
### A PROFESSIONAL ASSOCIATION OF INDEPENDENT ATTORNEYS SINCE 1897*
#### 84 STATE STREET
#### BOSTON, MASSACHUSETTS 02109-2299
#### (617) 742-9310
#### FACSIMILE (617) 742-5734

GEORGE B. REDDING (1905-1998)
RALPH H. WILLARD, JR. (1917-2004)

CHARLES E. HOLLY
C. PETER R. GOSSELS
CHARLES S. ADAMS
RICHARD B. OSTERBERG
PAUL F. RYAN
MICHAEL W. WIGGINS
RONALD E. HARDING
J. WALTER FREIBERG, III
GREGORY R. BARISON

L. SETH STADFELD
JOHN R. SHEK
PAUL S. ALPERT
ERIC P. FINAMORE
PETER M. MACY
MARK H. HOLLY
TINA LEUNG
ERIN B. FINN
ERIC J. GYLLENBORG
EDWARD K. LAW

June 11, 2007

<u>By Facsimile and Regular Mail</u>

Regina M. Ryan, Esq.
Merrick, Louison & Costello
67 Batterymarch Street
Boston, MA  02110

Re:  *Pamela Hilchey v. City of Haverhill, et al.*
<u>Civil Action No.  005 CV 10152 NMG</u>

Dear Attorney Ryan:

We seek to reserve our right to review the documents located in the City of Haverhill that, on your representation, would require a full week to copy.

Nonetheless, and in anticipation of the deposition pursuant to Rule 30(b)(6) noticed for Monday, June 18, 2007 at 10:30 A.M., we would like to have copies of a limited subset of those set forth in Schedule A to the notice of deposition we previously served.  In particular, we would like to have documents responsive to No. 12 of Schedule A, including subparts (A) to (F) of No. 12, and those responsive to No. 16 of Schedule A. No. 12 pertains to citizen complaints.  No. 16 pertains to lawsuits.[*]

Interrogatories to the City of Haverhill and requests for the production of documents were served roughly eight months ago.  Answers to the interrogatories and a response to the requests for production are necessary for us adequately to prepare for the deposition.

The foregoing is intended to be within the scope of Local Rule 7.1(a) of the United States District Court for the District of Massachusetts.

Finally, please advise this office at your earliest convenience if there is a reason that the noticed deposition cannot go forward on June 18, 2007.

---

[*] Note that the requests for the production of documents previously served contain similar requests.

*EACH ATTORNEY IN THIS ASSOCIATION IS AN INDEPENDENT PROFESSIONAL WHO IS NOT RESPONSIBLE FOR THE PRACTICE OR LIABILITY OF ANY OTHER ATTORNEY IN THE ASSOCIATION EXCEPT FOR THOSE DIRECTLY EMPLOYED BY OR PRACTICING IN PARTNERSHIP WITH THAT ATTORNEY

Thank you for your attention to these matters.

Sincerely yours,

David Miller

cc:    Lili K. Geller, Esq. (by regular mail only)
       Scott G. Gowen, Esq. (by regular mail only)

MERRICK, LOUISON & COSTELLO, LLP
ATTORNEYS AT LAW

67 BATTERYMARCH STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE: (617) 439-0305
FACSIMILE: (617) 439-0325
www.merrickle.com

June 15, 2007

**VIA FACSIMILE**
**617-742-5734**

David Miller, Esq.
WESTON, PATRICK, WILLARD & REDDING
84 State Street
Boston, MA 02109

Re:    **Pamela Hilchey v. City of Haverhill, et al**
       **USDC CA No. 05-10152-NMG**

Dear Mr. Miller:

I tried calling you on Thursday, June 14, 2007 to discuss with specificity the documents you requested for the deposition on Monday, June 18, 2007. You were not available and I was advised by your office that Eric Finamore would contact me to discuss this further. As of this date, I have not heard from Eric Finamore. I am cancelling the 30(b)(6) deposition for the City of Haverhill for Monday but I am willing to make my client available in the near future once we narrow down what documents the City needs to produce for the deposition.

Thank you for your attention to this matter.

Very truly yours,

Regina M. Ryan

Regina M. Ryan

RMR/lsc
Enclosures

cc:    Lili Geller, Esquire (*via e-mail*)
       John Lang, Esquire (*via e-mail*)
       Eric Finamore, Esquire (*via e-mail*)

## WESTON, PATRICK, WILLARD & REDDING
A PROFESSIONAL ASSOCIATION OF INDEPENDENT ATTORNEYS SINCE 1897*

84 STATE STREET

BOSTON, MASSACHUSETTS 02109-2299

(617) 742-9310

FACSIMILE (617) 742-5734

GEORGE B. REDDING (1905-1998)
RALPH H. WILLARD, JR. (1917-2004)

CHARLES E. HOLLY
C. PETER R. GOSSELS
CHARLES S. ADAMS
RICHARD B. OSTERBERG
PAUL F. RYAN
MICHAEL W. WIGGINS
RONALD E. HARDING
J. WALTER FREIBERG, III
GREGORY R. BARISON

L. SETH STADFELD
JOHN R. SHEK
PAUL S. ALPERT
ERIC P. FINAMORE
PETER M. MACY
MARK H. HOLLY
TINA LEUNG
ERIN B. FINN
ERIC J. GYLLENBORG
EDWARD K. LAW

June 29, 2007

Regina M. Ryan, Esq.
Merrick, Louison & Costello
67 Batterymarch Street
Boston, MA 02110

Re:    *Pamela Hilchey v. City of Haverhill, et al.*
       Civil Action No. 005 CV 10152 NMG

Dear Attorney Ryan:

I write to request discovery from the City of Haverhill. On June 15, 2007, we agreed that you would produce documents, limited for the present to the range we discussed, as well as answers to interrogatories, and that you would designate one or more individuals to be deposed as representatives of the City.

Subsequently, on June 21, you suggested that you may file a motion to bifurcate discovery, to permit disposition of the probable cause issue, and potentially to avoid the need for discovery on the City's policies. I told you that I did not have an immediate response to that suggestion, but I would wait to see the motion and respond appropriately. In addition, we discussed the possibility of mediation, and I told you that I would recommend it to my client.

I have not heard back from you since our conversation of last week. Accordingly, I write to request that you produce the discovery due from the City, and/or file your proposed bifurcation motion. The discovery deadline, as extended by my most recent motion, has now expired, and I need to complete discovery in order to prepare an expert disclosure. In addition, I remain interested in discussing mediation, and request that you get back to me on that subject as well.

Sincerely,

Eric P. Finamore

epf/

---

MERRICK, LOUISON & COSTELLO, LLP
ATTORNEYS AT LAW

67 BATTERYMARCH STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 439-0305
FACSIMILE (617) 439-0325
www.merrickllc.com

July 20, 2007

VIA E-MAIL

Eric P. Finamore, Esquire
WESTON, PATRICK, WILLARD & REDDING
84 State Street
Boston, MA 02109

Re:    Pamela Hilchey v. City of Haverhill, et al
       USDC CA No. 05-10152-NMG

Dear Attorney Finamore:

        In response to your letter dated June 29, 2007, I am writing to advise that at this time the
defendant, City of Haverhill, has complied with the discovery propounded to it by producing Answers
to Interrogatories and Responses to Requests for Production of Documents. In addition, we have filed
the Motion to Bifurcate Discovery in this matter. I am willing to make Deputy Thompson available to
be deposed as a representative of the City. We are still faced with the same issue of the voluminous
documents that you are requesting in the Schedule A. Please contact me and advise whether or not we
can agree to pare down the requests, otherwise, I will be required to seek a protective order from
having the City's representative testify on the items identified in the Schedule A.

        Thank you for your attention to this matter.

                                            Very truly yours,

                                            Regina M. Ryan

                                            Regina M. Ryan

RMR/lsc
DICTATED BUT NOT READ