UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

**PAMELA HILCHEY**
    Plaintiff,

V.

**CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,**
    Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL**

**I.**    **INTRODUCTION**:

The defendants in the captioned action request that this court deny the plaintiff's Motion to Compel and protect the defendants from having to produce such documents until it rules on the Defendants' Motion to Bifurcate Trial and Discovery and or the Defendants Motion for Summary Judgment.

**II**    **ARGUMENT:**

    A.  In the Interest of Judicial Economy The Defendants Must Not Be Compelled to Produce

The defendants filed a Motion to Bifurcate the Trial and Discovery (docket number 37 ). The grounds for the motion were, amongst other things, that judicial economy would best be served by bifurcation pursuant to Fed.R.Civ.P. 42(b). In their motion, the defendants requested that the Court bifurcate the municipal claims from the individual claims based on the fact that the plaintiff must first prove a civil rights violation against the individual officers before it can even

get to municipal liability.

The plaintiff is requesting that this Court compel the defendants to produce documents that go directly to the municipal claim. Specifically, these documents include civilian complaints and law suits against the City of Haverhill. These documents do not relate to the claims against the individual officers accordingly, this information would not be necessary if this Court allows the Defendants Motion to Bifurcate.

If the plaintiff can not establish an actual violation of her rights by the individual officers then the municipal discovery requests will never be needed. All discovery relating to the individual claims has been produced to the plaintiff. Therefore, to require the defendants to go through each officer of the Haverhill Police Department's personnel file and locate civilian complaints, redact the names of the complainant and copy the redacted version for the plaintiff would be extraordinarily time consuming and costly but most importantly may not be necessary. As outlined in the Defendants Motion to Bifurcate, in the interest of judicial economy, the defendants urge that they not be compelled to produce the municipal documents at this time.

B.  **Summary Judgment in Favor of the Defendants Will Make the Motion to Compel Moot.**

The defendants filed a Motion for Summary Judgment. (docket number 41). Said motion requests that all counts and claims be dismissed against the defendants based on the fact that the officers had probable cause to arrest Mrs. Hilchey for assault with a dangerous weapon. The arrest was made pursuant to an arrest warrant issued by the Haverhill District Court relying on statements made by the victims. The municipal claim does not get addressed because the defendants assert that the plaintiff can not establish individual liability which precludes a claim for municipal liability.

Accordingly, defendants in their motion for summary judgment establish that the requisite probable cause was present when they effectuated the arrest of the plaintiff. The defendants further assert the defense of qualified immunity. Qualified immunity protects government officials, such as the Haverhill defendants, who wield discretionary powers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).

The documents requested by the plaintiff are not required to oppose the Defendants Motion for Summary Judgment because the motion only addresses whether or not the individual officers are liable for violating the plaintiff's civil rights and the individual discovery is complete. If no individual liability is established by the plaintiff, then the municipal claim must fail. As it is clear that there is a strong likelihood that the defendants will be successful on their Motion for Summary Judgment and all counts and claims will be dismissed, the defendants request that the Court deny the motion to compel until is has ruled on the motion for summary judgment.

**II    CONCLUSION:**

As the Defendants Motion to Bifurcate and Defendants Motion for Summary Judgment are both pending and a ruling in favor of the defendants on either motion will make the Motion to Compel moot, the defendants request that this Court deny the Plaintiff's Motion to Compel.

>Defendants, City of Haverhill, John J. Guerin, Stephen Brighi, Kim J. Parolisi, Lance A. Dawkins, Alan Ratte, Gary J. Melanson, John Arahovites, Victor M. Pellot, George Dekeon, Jr., and William Leeman
>by their attorney,
>
>/s/ *Regina M. Ryan*
>_____
>Douglas I. Louison   BBO# 545191
>Regina M. Ryan BBO# 565246
>MERRICK, LOUISON & COSTELLO
>67 Batterymarch Street
>Boston, MA 02110
>(617) 439-0305

## CERTIFICATE OF SERVICE

   I, Regina M. Ryan., hereby certify that on the 21st day of August, 2007, I served the foregoing electronic filing and by causing a copy to be served electronically directed to: Eric P. Finamore, Esquire, WESTON, PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109.

>/s/ *Regina M. Ryan*
>_____
>Regina M. Ryan