UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAMELA J. HILCHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 005 CV 10152 NMG |
| ) | |
| CITY OF HAVERHILL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO CONTINUE THE
## FINAL PRETRIAL CONFERENCE

Plaintiff Pamela J. Hilchey, by her attorney, hereby moves this Honorable Court to continue the final pretrial conference of this case, presently scheduled for September 11, 2007 at 3:00 p.m., to a date mutually agreeable to the Court and the parties. The plaintiff suggests that a continuance of approximately 120 days, to a date in January, 2008 or thereafter, would be appropriate.

There have been no previous continuances of the pretrial conference.

The Court previously allowed the plaintiff's motion to extend the period for discovery by four months, from February 28, 2007 to June 25, 2007. That motion also requested a commensurate extension of the trial date. Although the Court allowed the motion, neither the pretrial conference date nor the trial date have been specifically extended by any order.

Plaintiff's counsel respectfully suggests that a commensurate four-month extension of the pretrial conference date would be consistent with the Court's prior order and would permit the parties to adequately prepare for trial.

Additionally, as set forth in the previously-filed motion to continue the trial date, the plaintiff respectfully suggests the following:

The scheduled pretrial conference trial date is premature for many substantive reasons, including: (1) substantial discovery issues which remain resolved between the parties, which issues are the subjects of motions presently pending before the Court; (2) the defendants' motion for summary judgment, and the plaintiff's opposition thereto, which remains to be decided by the Court; and (3) the Court's order, at the Scheduling Conference, that this case would be referred to the mediation program, which referral has not yet been made.

Each of these pending matters substantially affects the ability of the parties to realistically prepare for trial. In light of these unresolved matters, the plaintiff respectfully requests that the Court revise its prior Scheduling Order, and set a new pretrial conference date which will permit the resolution of these issues.

1. *Discovery Issues.*[1] First, the parties have genuine and unresolved disputes concerning the scope of discovery. In summary, the defendants have objected to the plaintiff's request for evidence concerning claims of civil rights violations preceding the plaintiff's arrest, and claims against the individual defendants, among other matters. The plaintiff asserts that such evidence is necessary and relevant to her claims against the defendant City of Haverhill for violation of her civil rights. With respect to this general range of issues, several motions are now pending before the Court:

(a) On July 12, 2007, the defendants filed a Motion to Bifurcate Discovery and Trial Issues. Plaintiff opposed the motion. Decision on this motion will substantially

---

[1] On May 23, 2007, the Court granted the plaintiff's motion to extend the time for discovery to June 25, 2007. However, this extension of time did not lead to a resolution of the parties' discovery disputes.

2

affect the scope of issues to be tried, the evidence to be developed in preparation for trial, and the potential to resolve the case. The plaintiff suggests that a decision on this motion is needed far enough in advance of trial to permit the parties to adequately prepare for trial.

(b)     On August 13, 2007, the plaintiff filed a Motion to Compel Discovery. Defendants opposed that motion. The motion seeks an order compelling production of the outstanding evidence about which the parties disagree, pertaining to a wide range of facts, including other claims of civil rights violations, the official policies and practices of the defendant City with respect to claims of civil rights violations in general and those involving false arrest in particular, investigation of allegations of civil rights violations, and other matters. Once again, resolution of this issue is necessary to permit the parties to determine the issues to be tried, and the evidence which will be available for trial.

The unresolved and pending status of these issues has impeded the ability of the plaintiff to prepare for trial. In particular, the plaintiff was delayed in preparing her expert's disclosure, which was only recently served and is now the subject of a motion to preclude expert testimony. Apparently, the delay in completing discovery has also impeded progress for the defendants, because the defendant's motion for summary judgment was filed well beyond the Scheduling Order deadlines.

2.     *Motion for Summary Judgment.*     The defendants collectively served a motion for summary judgment on July 30, 2007. The plaintiff filed a timely opposition. That motion, too, is pending before the Court, and has not been argued or decided. Indeed, no oral argument has been scheduled. The issues raised by the motion are wide-ranging and detailed. Obviously, a decision on the motion is required to permit the

3

parties to know what issues will be tried, or whether a trial will occur at all. The plaintiff respectfully suggests that the interests of efficiency mandate that the cost of trial preparation ought to be incurred – for both sides – only after the Court has ruled on the motion. Accordingly, a continuance of the pretrial conference date is warranted.

3. *Mediation.* Finally, at the Scheduling Conference, the Court ordered that the case would be referred to Magistrate Judge Sorokin for mediation. This referral has not occurred, and no mediation has been held. Again, the parties ought to incur the substantial expense of trial preparation and trial only if necessary, and if the case cannot be settled. Since no reference to mediation has occurred, the possibility of resolving the case in a court-assisted manner remains unexplored.

4. *The Plaintiff Seeks a Continuance of Approximately 120 Days.* The parties have attempted in good faith to fulfill their discovery obligations and to prepare for trial. However, substantial procedural and substantive issues remain unresolved. The plaintiff recognizes the Court's interest in resolving this case promptly, and does not make this request lightly. However, no party would be prejudiced by the requested continuance, and the interests of justice require additional time for the completion of discovery, dispositive motions, and trial.

**WHEREFORE**, the Plaintiff, Pamela J. Hilchey, respectfully requests this Honorable Court to continue to pretrial conference date to a date in January, 2008, or to some other date consistent with its schedule.

Respectfully submitted,
PAMELA J. HILCHEY,
Plaintiff, by her attorney,

*/s/ Eric P. Finamore*
Eric P. Finamore, BBO # 541872
Weston Patrick, P.A.
84 State Street, Suite 1100
Boston, MA 02109
(617) 742-9310

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 6, 2007.

*/s/ Eric P. Finamore*

5