UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

PAMELA HILCHEY
    Plaintiff,

V.

CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,
    Defendants.

## DEFENDANTS' PRE-TRIAL MEMORANDUM

### I. CONCISE SUMMARY OF THE EVIDENCE

The plaintiff Pamela Hilchey brings this action against the defendants City of Haverhill, John J. Guerin, Stephen Brighi, Kim J. Parolisi, Lance A. Dawkins, Alan Ratte, Gary J. Melanson, John Arahovites, Victor M. Pellot, George Dekeon, Jr., and William Leeman who were at the time of the alleged incidences agents or employees of the City of Haverhill. The plaintiff asserts that the defendants violated her civil rights pursuant to 42 USC §1983 and G.L. c. 12, §11H. The defendants assert that there was probable cause to arrest the plaintiff which would negate any civil rights violations as alleged by the plaintiff.

### II STATEMENT OF THE FACTS

The defendants expect the evidence will establish at trial that on September 7, 2002, the plaintiff, Pamela Hilchey, was arrested by the Haverhill Police and charged with assault with a dangerous weapon, to wit, a motor vehicle. The Haverhill Police Department received an

emergency call advising Mrs. Hilchey had driven her vehicle at some children who were riding their bicycles in her neighborhood. As a result, the police dispatched Officer Melanson to 49 Pear Tree Lane, the home of the Monigle family. Upon arrival, Officer Melanson and then Sgt. Pellot were advised by the children that Ms. Hilchey had driven her Chevy Tahoe truck at the children and they became scared.

The children, Kaitlin Monigle, Matthew Monigle and Amanda Bastrache were all asked to come to the Haverhill Police Station on the afternoon of September 7, 2002 to give a statement to the police. As a result, the police took written statements from the three witnesses. Shortly thereafter, Lt. Dorr of the Haverhill Police Department had the Affidavits and an Application for an Arrest Warrant delivered to the Haverhill District Court. At that time, the clerk of the Haverhill District Court issued a warrant for the arrest of Pamela Hilchey for three counts of assault by means of a dangerous weapon, to wit, a motor vehicle. Mrs. Hilchey was arrested later that evening and transported to the Haverhill Police station where she was photographed, booked and released to her husband without incident.

On September 10, 2002, an additional witness came to the police station, Kevin Regan, and advised that he had also been threatened by Mrs. Hilchey on September 7, 2002. As a result, a fourth count of assault by means of a dangerous weapon, to wit, a motor vehicle, was brought against Mrs. Hilchey.

Ultimately, on August 1, 2003, after a jury trial, Mrs. Hilchey was acquitted of the charges brought against her.

Defendants intend to introduce evidence to establish that they had probable cause to arrest Mrs. Pamela Hilchey for assault by means of a dangerous weapon, her motor vehicle, when they arrested her on September 7, 2002.

**III.    CONTESTED ISSUES**

Whether Mrs. Hilchey drove her motor vehicle at the neighbors on September 7, 2002.

Whether the defendants believed at the time of the arrest that Mrs. Hilchey engaged in criminal activity.

**IV.    JURISDICTIONAL QUESTIONS**

There are no jurisdictional questions at this time.

**V.    QUESTIONS RAISED BY PENDING MOTIONS**

1. The defendants filed a Motion for Summary Judgment requesting that this Court dismiss all counts and claims against the defendants. The crux of the Motion is that the defendants had probable cause to arrest Mrs. Hilchey on September 7, 2002.

2. The defendants filed a Motion to Preclude the Plaintiff from calling James A. Williams, Ph.D. as an expert witness in this matter as it was filed untimely.

3. The defendants filed a Motion to Bifurcate the municipal and individual claims. The defendants have made such a request in the interest of judicial economy as the case will only proceed to the municipal claim if it is established that the officers did not have probable cause to arrest the plaintiff. In doing so, the individual claim case will be limited strictly to the facts surrounding her arrest and will not provide for any additional municipal claims unless the plaintiff is successful in establishing a civil rights violation.

4. Defendants have filed a <u>Motion in Limine to Exclude Evidence of Alleged Misconduct</u> including disciplinary actions, criminal actions and/or civil complaints against any of the individual defendants. The defendants have requested this

        evidence be precluded based on the fact that there is no basis for the presentation of this evidence and its probative value, if any, is clearly outweighed by its prejudicial affect.

5. Plaintiff has filed a Motion to Compel documents from the defendants specifically evidence of civilian complaints against the defendants and civil law suits against the defendants. The defendants have produced copies of civilian complaints for the five years prior to September 7, 2002 and civil lawsuits for the five years prior to September 7, 2002 and agreed to make Deputy Chief Thompson of the Haverhill police department available to testify to these documents.

## VI. ISSUES OF LAW

1. Whether the defendants had probable cause to arrest the plaintiff on September 7, 2002.

2. Whether or not the defendants are qualifiedly immune from liability.

3. Whether the City of Haverhill had an unconstitutional custom, practice or policy that caused the plaintiff's right to be violated.

## VII. AMENDMENTS TO THE PLEADINGS

There are no amendments to the pleadings by defendants at this time.

## VIII. ADDITIONAL MATTERS

There are no additional matters that need to be addressed by the defendants at this time.

## IX. LENGTH OF TRIAL

The defendants anticipate that the length of trial will be approximately seven days.

## X. WITNESSES

1. Pamela Hilchey

2. Lindsey Hilchey

3. Ronald Hilchey

4. Kim Parolisi

5. Lance A. Dawkins

6. Alan Ratte

7. Gary Melanson

8. George DeKeon, Jr.

9. William Leeman

10. Steven Brighi

11. John Arahovites

12. John J. Guerin

13. Phyllis Monigle

14. Glen Monigle

15. Kaitlin Monigle

16. Matthew Monigle

17. Robert Regan

18. Alicia Regan

19. Kevin Regan

20. Amanda Bastarache

21. Lt. Dorr

XI. **EXHIBITS**

1. Printouts showing incidents and/or calls to Haverhill Police Department from Pear Tree Road.

2. Haverhill Police Department incident report dated September 7, 2002.

3. Haverhill Police Department narrative report by Gary Melanson dated September 7, 2002.

4. Haverhill Police Department narrative taken from Kaitlin M. Monigle dated September 7, 2002.

5. Haverhill Police Department narrative taken from Amanda Bastarach dated September 7, 2002.

6. Haverhill Police Department narrative taken from Kevin Regan dated September 10, 2002.

7. Sound recordings and/or transcripts of three telephone calls recorded by the Haverhill Police Department on September 7, 2002.

8. Haverhill Police Department booking sheet for Pamela Hilchey dated September 7, 2002.

9. Portions of a trial transcript from <u>Commonwealth v. Hilchey</u>, Lawrence District Court, 0238CR01669.

> Defendants, City of Haverhill, John J.
> Guerin, Stephen Brighi, Kim J. Parolisi,
> Lance A. Dawkins, Alan Ratte, Gary J.
> Melanson, John Arahovites, Victor M. Pellot,
> George Dekeon, Jr., and William Leeman
> by their attorney,
>     */s/ Regina M. Ryan*
> _____
> Douglas I. Louison   BBO# 545191
> Regina M. Ryan BBO# 565246
> LOUISON, COSTELLO
> CONDON & PFAFF
> 67 Batterymarch Street
> Boston, MA 02110
> (617) 439-0305

## **CERTIFICATE OF SERVICE**

    I, Regina M. Ryan., hereby certify that on 25th day of January, 2008, I served the foregoing via electronic filing directed to: Eric P. Finamore, Esquire, WESTON, PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109.

                                            */s/ Regina M. Ryan*

                                            _____

                                            Regina M. Ryan