## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**CA NO. 05-10152NMG**

**PAMELA HILCHEY**
    **Plaintiff,**

**V.**

**CITY OF HAVERHILL, JOHN J. GUERIN,**
**STEPHEN BRIGHI, KIM J. PAROLISI,**
**LANCE A. DAWKINS, ALAN RATTE,**
**GARY J. MELANSON, JOHN ARAHOVITES,**
**VICTOR M. PELLOT, GEORGE DEKEON, JR.,**
**and WILLIAM LEEMAN,**
    **Defendants.**

### JURY INSTRUCTIONS

Douglas I. Louison  BBO# 545191
Regina M. Ryan BBO# 565246
LOUISON, COSTELLO
CONDON & PFAFF
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

JURY INSTRUCTION NO. 1


Damages based on the abstract "value" or "importance" of constitutional rights are not a permissible element of compensatory damages in Sec. 1983 cases.  Memphis Community School District v. Stachura, 477 U.S. 299, 106 S. Ct. 25, 37 (1986).

JURY INSTRUCTION NO. 2

If you find that the plaintiff's rights were violated, you can award compensatory damages only if you find actual injury caused by the constitutional deprivations.  Carey v. Piphus, 435 U.S. 247 (1987).

<u>JURY INSTRUCTION NO. 3</u>

In considering the issue of plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less.  Damages must not be based on speculation or sympathy because it is only actual damages - what the law calls compensatory damages - that are recoverable.

JURY INSTRUCTION NO. 4


      You may not award any damages to the plaintiff based on loss or damage he sustained for his constitutional rights.  You may only award damages which were caused to them for violations of his constitutional rights and nothing else.  <u>Ortiz v. Burgos</u>, 807 F. 2d 6 (1st Cir. 1986).

JURY INSTRUCTION NO. 5


     If you find the defendants did not violate the plaintiff's constitutional rights, then you may not assess any damages.  <u>Ortiz v. Burgos</u>, 807 F. 2d 6 (1st  Cir. 1986)

JURY INSTRUCTION NO. 6

     If you find that the plaintiff suffered no injury, no compensatory damages can be awarded.  Memphis County School District v. Stachura, 477 U.S. 299, 106 S. Ct. 25, 37 (1986).

<u>JURY INSTRUCTION NO. 7</u>

The plaintiff's case is presented to the Court in the form of a complaint. The complaint is brought under a federal law that is known as Section 1983 of Title 42 of the United States Code. That law provides that any person may seek redress in this Court by way of damages against any person or persons who, under color of law, knowingly subject such person to the deprivation of a right protected by the United States Constitution. In this instance the Plaintiff's Complaint alleges that the plaintiff was deprived of their rights pursuant to the Fourth Amendment to the United States Constitution.

JURY INSTRUCTION NO. 8


The plaintiff has the burden of proving by a preponderance of the evidence that the defendants had violated his constitutional rights.  You must be convinced that each element of the charges they bring more likely than not occurred as they described.

JURY INSTRUCTION NO. 9

For the defendants to be liable, the plaintiff has the burden of proving by a preponderance of the evidence that whatever injuries they suffered were proximately caused by the conduct of the defendants.  That is, you cannot find that the defendants violated the plaintiff's constitutional rights unless you find that there is a sufficient casual connection between the defendants' acts and the alleged injury.  To determine whether there is an affirmative link between the defendants' acts and the alleged injury.  Fernandez v. Chardon, 681 F. 2d 42, 55 (1st Cir. 1982), aff'd sub. nom. Chardon v. Soto, 103 S. Ct. 2611, 77 L. Ed. 2d 47 (1983); Rizzo v. Goode, 443 U.S. 362, 371 (1976).

JURY INSTRUCTION NO. 10

The law grants governmental officials qualified immunity if their conduct is reasonable in light of clearly established statutory or constitutional law. Harlow v. Fitzgerald, 457 U.S. 800, (1982). Even if the law is clearly established, you must still examine all the facts to determine if the conduct of the defendants was reasonable. Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034 (1987).

If you find that the defendants' conduct was reasonable in light of the law and particular facts then you must return a verdict for the defendants.

JURY INSTRUCTION NO. 11


A public official has a qualified immunity and is thereby shielded from liability for civil damages if his conduct does not violate clearly established federal constitutional rights of which a reasonable person would have knowledge.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>Anderson v. Creighton</u>, 483 U.S. 635 , 107 S. Ct. 3034 (1987).

<u>JURY INSTRUCTION NO. 12</u>

"The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law".  <u>Hunter v. Bryant</u>, 116 L.Ed. 589 (1991).

## JURY INSTRUCTION NO. 13

If a public officer....is either authorized or required, in the exercise of his judgment and discretion, to make a decision and the decision and acts are within the scope of his duty, authority and jurisdiction, he is not liable for negligence or other error in the making of that decision, at the suit of a private individual claiming to have been damaged thereby. This rule .... is limited to public officers acting in good faith, without malice and without corruption. <u>Gildea v. Ellershaw</u>, 363 Mass. 800 (1973).

JURY INSTRUCTION NO. 14

      Under M.G.L. C. 12, Section 11I, a Plaintiff is required to establish that his/her exercise or enjoyment of rights secured by the United States and the Commonwealth have been interfered with by "threats, coercion or intimidation".  M.G.L. c. 12 § 11I

JURY INSTRUCTION NO. 15

A defendant can be held liable under the Massachusetts Civil Rights Act only in situations that "involve an actual or potential physical confrontation accompanied by a threat of harm." Layne v. Superintendent, Mass. Correctional Inst., 406 Mass. 156, 546 N.E. 2d 166 (1989) See also Wiletts v. Roman Catholic Archbishop, 411 Mass. 202 (1991); Longval v. Commissioner of Correction, 404 Mass. 325, 535 N.E. 2d 588 (1988).

JURY INSTRUCTION NO. 16

You have the discretion to assess punitive damages in an action under 42 U.S.C. Sec. 1983 and M.G.L. c. 12 § 11H if and only if you find the police officer's conduct to have been motivated by evil motive or intent, or that it involved reckless or callous indifference to the rights of the plaintiff.  Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625 (1983); Larez v. City of Los Angeles, 946 F.3d 630 (9th Cir. 1991). Moreover, punitive damages may not be awarded where actual damages suffice to deter a defendant's wrongdoing.  Rosado v. Santiago, 562 F. 2d 114, 121 (1st Cir. 1977).

JURY INSTRUCTION NO. 17

       To evaluate whether or not the defendants have qualified immunity, you must "first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether the right was clearly established at the time of the alleged violation." <u>Wilson v. Layne</u>, __U.S.___, 119, S.Ct. 1692, 1697 (1999).

JURY INSTRUCTION NO. 18

The issue with regard to false arrest is not whether there has been a finding of guilt beyond a reasonable doubt, but whether the arresting officer had probable cause at the time he made the arrest.  <u>Earle v. Benoit</u>, 850 Fed. 2d 836 (1st Cir. 1988).

Mere alleging a finding of not guilty does not state a Fourth Amendment claim.

JURY INSTRUCTION NO. 19


The determination of probable cause is a "practical non-technical conception affording the best compromise that has been found for accommodating... often opposing interests. Requiring more would unduly hamper law enforcement".  <u>Beck v. Ohio</u>, 379 U.S. 91 (1964).

JURY INSTRUCTION NO. 20

Probable cause exists where the facts and circumstances in the arresting officer's knowledge and of which they have reasonably trust worthy information are sufficient to warrant a man or reasonable caution in believing that an offense has been committed.  U.S. v. Klein, 522 Fed. 2d 296 (1st Cir. 1975).

JURY INSTRUCTION NO. 21

The only requirement for the arrest of plaintiff was if there was a fair, reasonable probability that criminal activity is taking or has taken place, determined under an objective standard.  Wagenmann v. Adams, 829 Fed. 2d 196, 206 (1st Cir. 1987).

JURY INSTRUCTION NO. 22


      No action, except for use of excessive force, shall lie against any officer other than the arresting officer, by reason of the fact that, in good faith and in the performance of his duties, he participates in the arrest or imprisonment of any person believed to be guilty of a crime unless it can be shown that such other officer in the performance of his duties took an active part in the arrest or imprisonment as aforesaid, either by ordering or directing that said arrest or imprisonment take place or be made, or by actually initiating the making and carrying out of said arrest and imprisonment.  No action, except for use of excessive force, shall lie against any bystander assisting an officer in making an arrest, at the request of the officer.

      Mass. G.L. ch 263, section 3; Hall v. Ochs, C.A. 1 (Mass.) 1987, 817 F. 2d 920. See., Santiago v. Fenton, C.A. 1 (Mass.) 1989, 891 F. 2d. 373.

JURY INSTRUCTION NO. 23


**State of Mind: General**

      In order for the plaintiff to establish that he was deprived of a federal right under §1983, he must also show that the defendants acted intentionally or recklessly.  If you find that the acts of the defendant officers were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendant officers.  5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-75 (1998); <u>City of Canton v. Harris</u>, 489 U.S. 378, 388-90 (1989); <u>Daniels v. Williams</u>, 474 U.S. 327, 336 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986).

JURY INSTRUCTION NO. 24

**State of Mind: Intentional**

An act is intentional if it is done knowingly-that is, if it is done voluntarily and deliberately and not because of mistake, accident or negligence.  In determining whether the defendant officers acted with requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done; what the people involved said was in their minds; and your belief or disbelief with respect to those facts. 5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-76 (1998).

JURY INSTRUCTION NO. 25

The plaintiff may not recover punitive damages against the municipal defendant as a municipality is immune from punitive damages under §§ 1983 claims.   Newport v. Fact Concerts, Inc., 453 U.S. 247, 263 (1981).

JURY INSTRUCTION NO. 26

An  officer who conducts an arrest pursuant to a warrant is liable only "where the officer should have known that the facts recited in the affidavit did not constitute probable cause.  Abreu-Guzman v. Ford, 241 F.3d 69 (1st Cir. 2001); citing  Rodriques v. Furtado, 950 F.2d 805, 812 (1st Cir. 1991).

JURY INSTRUCTION NO. 27

It is objectively reasonable for officers to seek an arrest warrant "so long as the presence of probable cause is at least arguable".  <u>Abreu-Guzman v. Ford</u>, 241 F.3d 69 (1st Cir. 2001`; <u>Prokey v. Watkins</u>, 942 F.2d 67, 72 (1st Cir. 1991).

<u>JURY INSTRUCTION NO. 28</u>

The "constitution does not guarantee that only the guilty will be arrested." <u>Baker v. McCollan</u>, 443 U.S. 137, 145 (1979).

<u>JURY INSTRUCTION NO. 29</u>

Once a finding of probable cause has been made, a police officer has no constitutional duty to investigate further to confirm or disprove the original finding.  <u>Del Franco-DeJerez v. Burgos</u>, 876 F.2d 1038, 1042 (1st Cir. 1989).