# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**CA NO. 05-10152NMG**

**PAMELA HILCHEY**
        **Plaintiff,**

**V.**

**CITY OF HAVERHILL, JOHN J. GUERIN,**
**STEPHEN BRIGHI, KIM J. PAROLISI,**
**LANCE A. DAWKINS, ALAN RATTE,**
**GARY J. MELANSON, JOHN ARAHOVITES,**
**VICTOR M. PELLOT, GEORGE DEKEON, JR.,**
**and WILLIAM LEEMAN,**
        **Defendants.**

## DEFENDANTS'  MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED MISCONDUCT INCLUDING DISCIPLINARY ACTIONS, CRIMINAL ACTIONS AND OR CIVIL COMPLAINTS

### I.    STATEMENT OF THE CASE

This is a civil action in which the plaintiff alleges federal and state civil rights violations. Specifically, the plaintiff alleges violations of his Fourth Amendment Right to be free from unreasonable searches and seizures actionable pursuant to 42 U.S.C. Section 1983 .    Additionally, the plaintiff alleges violations of her rights actionable pursuant to the Massachusetts Declaration of Rights. (M.G.L. c. 12 § 11I).

At trial, it is expected that the plaintiff will attempt to introduce evidence of prior disciplinary actions, criminal actions and or civil complaints against various Haverhill police officers. The defendants now move in limine to exclude such evidence.

### II.    ARGUMENT:

#### A.    EVIDENCE OF ALLEGED UNRELATED MISCONDUCT BY THE DEFENDANTS  IS INADMISSABLE AT TRIAL

1.    The Defendants Will Be Unduly Prejudiced.

Evidence of prior conduct of a party offered to prove that the person acted in conformity therewith is inadmissible at trial.  Bonilla v. Yamaha Motors Corp., 955 F.2d 150, 154-155 (1st Cir. 1992).  Rule 404(b) of the Federal Rules of Evidence permits evidence of past conduct for the limited purpose of establishing motive, intent, knowledge or identity.

Here, the plaintiff will attempt to offer at time of trial, evidence and/or testimony from witnesses relating to prior, unsubstantiated and unrelated disciplinary actions, criminal actions or civil complaints against the individual defendants.

But for the limited basis for the admission of such prior instances of conduct, pursuant to Fed. R. Evid. 404(b) there is no relevancy or materiality of prior civilian complaints or departmental discipline in the plaintiff's case against the defendants.  Such prior alleged instances are not admissible pursuant to Fed. R. Evid. 608(b) as they would not be probative of the truthfulness of the defendant.  Rule 608 bars evidence of specific instances of conduct of a witness for the purpose of attacking or supporting his credibility except where the specific instances are the subjects of criminal convictions or probative of truthfulness or untruthfulness of a witness testifying as to his own character.

The introduction of such irrelevant past departmental discipline would be highly prejudicial to the individual defendants, and should be barred pursuant to Fed. R. Evid. 403.  "Rule 404(b) ... is subject to the over-arching protection of Rule 403 which requires that the probative value not be substantially outweighed by the danger of unfair prejudice."  U.S. v. Garcia-Rosa, 876 F. 2d 209, 220-221 (1st Cir. 1989) and U.S. v. Mateos-Sanchez, 864 F. 2d. 232 (1st Cir. 1988).

Fed. R. Evid. 403 states:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403

In <u>Kinan v. City of Brockton,</u> 876 F. 2d 1029 (1st Cir. 1989) the Court of Appeals examined the trial court's exclusion of evidence in a civil rights trial of two prior similar law suits.  Both of which resulted in agreements for judgment for the plaintiffs.  The Court held that the trial court properly excluded evidence of testimony of witnesses relating to the prior cases.

> "We find no abuse of discretion.  Moreover, introducing evidence of the two other cases would inevitably result in trying those cases, or at least portions of them, before the jury.  The merits of the two other cases would become inextricably intertwined with the case at bar. The result would be confusion and the consumption of a great deal of unnecessary time ... Finally, we agree with the District Court that whatever remote relevancy the cases had on custom or practice was outweighed by the potential for prejudice.  Fed. R. Evid. 403.  <u>Id.</u> at 1034-1035.

The Court noted that the prior cases did not result in actual findings of misconduct.  It should be further noted that the Court in <u>Kinan</u> ruled as properly excluded those prior instances as unduly prejudicial even as against the defendant municipality against which the plaintiff had to prove a custom or policy of allowing the deprivation of constitutional rights of citizens.  <u>Id.</u> at 1033.

Under the balancing test of Fed. R. Evid. 403, this Court must weigh the probative value of the alleged prior acts against the danger of undue prejudice to the defendant.  <u>See</u>, e.g. <u>U.S.A. v. Rowe</u>, 360 F.2d 1, 15 (2nd Cir. 1966).  Here, the probative value of other unrelated, unproven acts does not bear on any element of the instant action against the defendants.   The probative value of these other alleged acts is zero.   On the other hand, allowing evidence of  other alleged acts to come before the jury would be highly prejudicial to the defendants.  It would encourage the jury to impermissibly base its decision on irrelevant alleged acts of misconduct of the defendants and not the facts surrounding the action being litigated.  It would place the defendants in a hostile light and it in the eyes of the jury.

In <u>Tigges v. Cataldo</u>, 611 F. 2d 936, 938 (1st Cir. 1979) the plaintiff appealed the District Court judge's ruling excluding certain testimony during cross-examination.  The Court noted that

since the sought after examination dealt with past conduct and was not in and of itself "probative of truthfulness or untruthfulness" pursuant to Fed. R. Evid. 608(b) the plaintiff could not have cross-examined the witness directly on the prior incident.  Id.  "... the inquiry, if allowed, would have thrust before the jury the otherwise inadmissible issue of [the individual officer's past disciplinary record, which could have been highly prejudicial to him".  Id. at 939.

## III.    CONCLUSION:

It is apparent that there is no proper basis for the presentation of prior departmental discipline, criminal complaints or civil complaints against the defendant employees and such presentation would constitute undue prejudice.  The probative value, if any, is clearly outweighed. Accordingly, any evidence of alleged prior misconduct on the part of the individual defendants should be excluded at trial.

Defendants, City of Haverhill, John J. Guerin, Stephen Brighi, Kim J. Parolisi, Lance A. Dawkins, Alan Ratte, Gary J. Melanson, John Arahovites, Victor M. Pellot, George Dekeon, Jr., and William Leeman
by their attorney,

/s/ *Regina M. Ryan*

_____
Douglas I. Louison   BBO# 545191
Regina M. Ryan BBO# 565246
LOUISON, COSTELLO
CONDON & PFAFF
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Regina M. Ryan., hereby certify that on the 25th day of January, 2008, I served the foregoing electronically directed to: Eric P. Finamore, Esquire, WESTON, PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109.

/s/ *Regina M. Ryan*
_____
Regina M. Ryan