UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civ. No. 005 CV 10152 NMG

_____
)
)
PAMELA J. HILCHEY,                )
)
Plaintiff,        )
)
v.                               )
)
CITY OF HAVERHILL, *et al.*,      )
)
Defendants.       )
)
_____)

## PLAINTIFF'S REQUESTS FOR INSTRUCTIONS TO THE JURY

Now comes the plaintiff, in accordance with the provisions of Fed. R. Civ. P. 51, and requests this Honorable Court to instruct the jury on the law, as set forth in the following requests.

By plaintiff's attorney,
*/s/ Eric P. Finamore*
Eric P. Finamore, BBO No. 541872
Weston Patrick, P.A.
84 State Street, Suite 1100
Boston, MA 02109
(617) 742 – 9310

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 29, 2008.

*/s/ Eric P. Finamore*

REQUESTED JURY INSTRUCTION NO. 1

The law to be applied in this case is the federal civil rights law.  It provides a remedy to individuals who have been deprived, under color of state law, of the rights granted by the United States Constitution.

Section 1983 of Title 42 of the United States Cods states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suite in equity, or other proper proceeding for redress.[1]

---

[1] 42 U.S.C. § 1983.

REQUESTED JURY INSTRUCTION NO. 2

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the fourteenth amendment.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.[2]

---

[2] *Lugar v. Edmondson Oil Co.*, 456 U.S. 922 (1982); *Mitchum v. Foster*, 407 U.S. 225 (1972); *Monroe v. Pape*, 365 U.S. 167 (1961).

## REQUESTED JURY INSTRUCTION NO. 3

There is a well-established Constitutional requirement that no person should be subject to arrest without probable cause.   Moreover, application for a criminal complaint without probable cause is itself actionable pursuant to § 1983.  Police officers can be liable for seeking a criminal complaint if they lacked probable cause.[3]

---

[3] *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Abreu-Guzmán v. Ford*, 241 F.3d 69, 73 (1st Cir. 2001).  *Losch v. Borough of Parkesburg*, 736 F.2d 903 (3d Cir. 1984); *Woodley v. Nantucket*, 645 F.Supp. 1365 (D.Mass. 1986).  *Carey v. City of Fall River*, 870 F.2d 40 (1st Cir. 1989).

<u>REQUESTED JURY INSTRUCTION NO. 4</u>

The plaintiff has the burden of proving each and every element of her Section 1983 claim by the preponderance of the evidence. If you find that any one of the elements of plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

The defendants have the burden of proving each element of whatever affirmative defenses they raise. If any one of the defendants fails to prove any one of the elements of a defense by a preponderance of the evidence, you must disregard the defense.[4]

---

[4] *Gomez v. Toledo*, 446 U.S. 635 (1980).

## REQUESTED JURY INSTRUCTION NO. 5

If the plaintiff shows, by a preponderance of the evidence, each of the following three elements, she has established her claim under 42 U.S.C. §1983

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.[5]

---

[5] *Parratt v. Taylor*, 451 U.S. 527 (1981).

## REQUESTED JURY INSTRUCTION NO. 6

The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state. The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency. The term "usage" means a practice or what is done as a matter of course.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.[6]

---

[6] *Monroe v. Pape*, 365 U.S. 167 (1961); *Screws v. U.S.*, 325 U.S. 91 (1945); *U.S. v. Classic*; 313 U.S. 299 (1941).

## REQUESTED JURY INSTRUCTION NO. 7

Since the defendants were all either police officers with the Haverhill Police Department or the Mayor of the City of Haverhill, and so all were officials of the Commonwealth of Massachusetts at the time of the acts in question, each of them was acting under color of state law.  In other words, the first statutory requirement is satisfied, and the plaintiff has no further obligation to prove this to you.[7]

---

[7] *Parratt v. Taylor*, 451 U.S. 527 (1981); *Monroe v. Pape*, 365 U.S. 167 (1961).

## REQUESTED JURY INSTRUCTION NO. 8

The second element of the plaintiff's claim is that she was deprived of a federal right by the defendants. The plaintiff establishes the second element if she shows that:

first, that the defendants, or some of them, committed the acts alleged by the plaintiff;

second, that those acts caused the plaintiff to suffer the loss of a federal right; and

third, that, in performing the acts alleged, the defendants acted either recklessly or intentionally.[8]

---

[8] *Maine v. Thiboutout*, 448 U.S. 1 (1980); *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

## REQUESTED JURY INSTRUCTION NO. 9

The United States Constitution provides that no person may be arrested without due process of law. In other words, a person may not be arrested without probable cause for such an arrest. This means that a police officer must have information that would lead a reasonable person to who possesses the same official expertise as the officer to conclude that the person being arrested has committed or is about to commit a crime, whether in the police officer's presence or otherwise.

The plaintiff claims that she was unlawfully arrested. You must determine whether it was reasonable for the defendants to believe that the plaintiff had committed a crime for which she should be subject to arrest, using the foregoing "reasonableness" standard.[9]

---

[9] *Hunter v. Bryant*, 502 U.S. 224 (1991); *Lallemand v. University of Rhode Island*, 9 F.3d 214 (1st Cir. 1993).

## REQUESTED INSTRUCTION NO. 10

A probable cause determination rests upon reasonableness. For there to be probable cause, it must be shown that, in the totality of the circumstances, a reasonable person would believe that the defendant had committed or was committing a crime. "'Probable cause' means a reasonable likelihood." The evidence should be sufficient to "warrant a man of reasonable caution" to believe that a crime had been committed and that the defendant had committed it.[10]

---

[10] *United States v. Maldonado,* 14 F.3d 95, 105 (1st Cir. 1994). *Valente v. Wallace,* 332 F.3d 30, 32 (1st Cir. 2003); *United States v. Reyes,* 225 F.3d 71, 75 (1st Cir. 2000). *Beck v. Ohio,* 379 U.S. at 96; *Valente v. Wallace, id.*

## REQUESTED INSTRUCTION NO. 11

In this case, the crime for which the probable cause test was operative is assault with a dangerous weapon, G.L. c. 265, § 15B(b). The "definition of assault is an attempt or threat to do bodily harm." That type of criminal assault founded upon an immediately threatened battery requires "proof of intent to cause apprehension," and not merely "proof that the action which constitutes menacing conduct be intentional."

In determining whether there was probable cause for the defendants to arrest the plaintiff on September 7, 2002, you should consider whether there was any "reasonable likelihood" that the plaintiff intended to cause apprehension in the children.[11]

---

[11] *Commonwealth v. Shaffer*, 367 Mass. 508, 515 (1975), quoted in *Commonwealth v. Gorassi*, 432 Mass. 244, 248 (2000). *Commonwealth v. Musgrave*, 38 Mass.App.Ct. 519, 524, *aff'd*, 421 Mass. 610, 611 (1996)(explicitly adopting the Appeals Court's opinion).

REQUESTED JURY INSTRUCTION NO. 12

A plaintiff may successfully show that she was deprived of a protected constitutional right if she shows that any of the defendants acted intentionally or recklessly with regard to that constitutional right.[12]

---

[12]*Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

<u>REQUESTED JURY INSTRUCTION NO. 13</u>

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. So long as the plaintiff shows that the defendants' actions were taken voluntarily you may find that those actions lead to the deprivation of her constitutional rights. This assessment must depend upon what was said and done by the people involved.[13]

---

[13] *Wilson v. Seiter*, 501 U.S. 294 (1991); *Canton v. Harris*, 489 U.S. 378 (1989).

## REQUESTED JURY INSTRUCTION NO. 14

An act is reckless if done in conscious disregard of its known probable consequences. You may find that the defendants violated the plaintiff's rights if you find that the defendants, or some of them, acted reckless toward the plaintiff. Determining whether a person acted recklessly requires an assessment of what that person said and did.[14]

---

[14] *Burke v. Walpole*, 405 F.3d 66 (2005); *Manarite v. Springfield*, 957 F.2d 955 (1st Cir.), cert. den. 113 SCt 113 (1992).

## REQUESTED JURY INSTRUCTION NO. 15

It is sufficient for the plaintiff to recover from the defendants if she shows that the defendants' acts proximately caused her injuries. An act or omission is a proximate cause if it is a substantial factor in producing the injury. In other words, if the injury or damage is a reasonably foreseeable consequence of the defendants' acts or omissions.

This is the third element of the plaintiff's claim for damages from the defendants based upon a constitutional violation and 42 U.S.C. § 1983, the Civil Rights Act.

If the plaintiff shows by a preponderance of the evidence that her injuries would not have occurred without the conduct of the defendants, she has met her burden and is entitled to compensation.

A proximate cause need not always be the nearest cause either in time or in space. There may be more than one proximate cause of an injury or damage. The conduct of two or more people may operate at the same time, either independently or together, to cause an injury.[15]

---

[15] *Graham v. Western Line Cons. School Dist.*, 439 U.S. 410 (1979); *Mt. Healthy School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977).

## REQUESTED JURY INSTRUCTION NO. 16

A supervisor, such as Sergeant Pellot, Lieutenant Dorr, or Captain Ratte, is liable for a violation of the plaintiff's constitutional rights under 42 U.S.C. § 1983 if that supervisor caused the violation.

A supervisor is liable if he does something to cause the injury to the plaintiff – for example, by directing the supervisor's subordinate to do the acts in question – and you should find that the supervisors were liable if you find that they caused the plaintiff's injury. The plaintiff meets her burden of proof as to the personal involvement of the superior in the subordinate's conduct if she shows by a preponderance of the evidence that the deprivation of her rights took place at the supervisor's direction, or with the supervisor's knowledge, acquiescence, or consent.

Also, if a supervisor fails to oversee his subordinate, knowing that his failure to do so probably would cause a deprivation of the plaintiff's rights by the subordinate, you should find that the supervisor caused the injury. The plaintiff meets her burden if she shows by a preponderance of the evidence that the supervisor had a duty to oversee the subordinate, that he grossly disregarded that duty, and that a reasonable person in the supervisor's position would have known that his dereliction of duty probably would cause a deprivation of rights.[16]

---

[16] *Rizzo v. Goode*, 423 U.S. 362 (1976); *Febus-Rodriguez v. Betancourt-Lebron*, 14 F.3d 87 (1st Cir. 1994).

## REQUESTED JURY INSTRUCTION NO. 17

The City of Haverhill is also a defendant.  If the plaintiff shows by a preponderance of the evidence that the action of City of Haverhill officials deprived the plaintiff of her constitutional rights as a result of an "official policy" of the City of Haverhill or as its governmental custom, even though such a custom had not been formally approved by a regular City of Haverhill ordinance or regulation that was approved through the official channels.

Even if the particular policy was established for a single occasion or circumstance, you may still find that it was an official policy of the municipality if it was a deliberate choice to follow that course of action from among several courses of action available by the official or officials responsible for establishing final policy regarding the subject matter in question.[17]

---

[17] *Pembauer v. City of Cincinatti*, 475 U.S. 469 (1986); *Monell v. Dep't Soc. Servs.*, 436 U.S. 658 (1978).

<u>REQUESTED JURY INSTRUCTION NO. 18</u>

Determinations regarding qualified immunity are subject to a three-part analysis.

First, it must be decided whether there has been a Constitutional violation. Ms. Hilchey has alleged that her Constitutional rights were violated because she was arrested and charged without probable cause. The right to be free of arrest except on probable cause is a clearly-recognized constitutional right.

Second, it must be determined whether that right was clearly established at the time of the official's alleged violation. In this case, there is no doubt that the right was clearly established at the time of the events at issue, which occurred in 2002.

Third, the qualified-immunity inquiry must address: "whether an objectively reasonable official would have believed that the action taken violated that clearly established constitutional right."

If you find whether reasonable police officers in the defendants position would believe that their actions violated a clearly established right of the plaintiff, the defendants are not entitled to qualified immunity.[18]

---

[18] *Saucier v. Katz*, 533 U.S. 194 (2001); *Wilson v. Layne*, 526 U.S. 603 (1999); *Jennings v. Jones*, 479 F.3d 110, 118 (1st Cir. 2007) quoting *Starlight Sugar, Inc. v. Soto*, 253 F.3d 137, 141 (1st Cir. 2001) and citing *Wilson v. City of Boston*, 421 F.3d 45, 52 (1st Cir. 2005); *Kelley v. LaForce*, 288 F.3d 1, 6 (1st Cir. 2002); *Abreu-Guzmán v. Ford*, 241 F.3d 69, 73 (1st Cir. 2001). *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

## REQUESTED INSTRUCTION NO. 19

The assessment of what is "objectively reasonable" for the official must be made "in light of clearly established law and the information the official possessed at the time of his allegedly unlawful conduct."[19]

---

[19] *Kelley v. LaForce*, 288 F.3d 1, 7 (1st Cir. 2002); *McBride v. Taylor*, 924 F.2d 386, 389 (1st Cir. 1991).

## REQUESTED JURY INSTRUCTION NO. 20

The plaintiff also claims that her rights under the Massachusetts Civil Rights Act. The Massachusetts Civil Rights Act provides for compensatory damages against defendants who "interfere by threats, intimidation or coercion" with rights under the United States Constitution or the Constitution of the Commonwealth of Massachusetts.[20]

---

[20] G.L. c. 12, §§ 11H and 11I.

REQUESTED JURY INSTRUCTION NO. 21

The plaintiff is entitled to recover from the defendants under Massachusetts law for the deprivation of her state constitutional rights if you find that she was arrested without probable cause.[21]

---

[21] *Santiago v. Fenton*, 891 F.2d 373, 383 (1st Cir. 1989); *Daley v. Harber*, 234 F.Supp.2d 27, 31 − 32 (D.Mass. 2002); *Batchelder v. Allied Street Corp.*, 393 Mass. 819, 822 − 823 (1985).

Plaintiff specifically objects to defendants' proposed Jury Instruction No. 22 as failing to recognize that *Santiago v. Fenton*, 891 F.2d 373, 384 − 385 (1st Cir. 1989) explicitly held that G.L. c. 263, § 3 does not protect against liability for arrests without probable cause.

## REQUESTED JURY INSTRUCTION NO. 22

If the plaintiff shows that the defendants used threats, intimidation or coercion which interfered with her legal rights, she has established that she is entitled to recover under the Massachusetts Civil Rights Act. A "threat" is the exertion of pressure which makes a person fearful. "Intimidation" is comprise of an act which puts the plaintiff in fear for the purpose of compelling or deterring conduct. "Coercion" is the application of force so as to constrain the plaintiff to do something against her will which she would not otherwise have done.

If you find that the plaintiff was arrested without probable cause, you should find that she was subjected to threats, intimidation or coercion within the meaning of the Massachusetts Civil Rights Act. [22]

---

[22] Plaintiff explicitly objects to defendants' proposed Jury Instruction No. 15, which relies upon *Layne v. Superintendent, Mass. Corr. Inst.*, 406 Mass. 156 (1989); *Willitts v. Roman Catholic Archbishop*, 411 Mass. 202 (1991); and *Longval v. Comm'r of Correction*, 404 Mass. 325 (1988). Each of the foregoing authorities was sharply limited by *Planned Parenthood League of Mass. v. Blake*, 417 Mass. 467, 473 – 474 (1994), which established that no "actual or potential physical confrontation" be shown to establish a violation of the Massachusetts Civil Rights Act. *See also Daley v. Harber*, 234 F.Supp.2d 27, 32 (D.Mass. 2002).

REQUESTED INSTRUCTION NO. 23

  Every plaintiff who shows a violation of her constitutional rights is entitled by 42 U.S.C. § 1983 and by the Massachusetts Civil Rights Act to an award of money damages to provide her with full compensation for the harm that she was caused by the violation. Compensatory damages for violations of constitutional rights under 42 U.S.C. § 1983 are just like compensatory damages for torts or wrongs in the common law.[23]

---

[23] *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305 – 308 (1986); *Carey v. Piphus*, 435 U.S. 247 (1978); *Ayasli v. Armstrong* , 56 Mass.App.Ct. 740 (2002).

## REQUESTED INSTRUCTION NO. 24

The compensatory damages to which a plaintiff is entitled upon a finding of a Constitutional violation include out-of-pocket loss and monetary harm, and also intangible injuries such as impairment of reputation, personal humiliation, mental anguish, and mental suffering.[24]

---

[24] *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974); *Carey v. Piphus*, 435 U.S. 247, 264 (1978); *Ayasli v. Armstrong*, 56 Mass.App.Ct. 740 (2002).

## REQUESTED INSTRUCTION NO. 25

Mental and emotional distress is a proper subject of monetary compensation in cases of Constitutional violations.  If you find that the defendants violated the plaintiff's Constitutional rights, you should determine what amount of money is adequate to compensate the plaintiff for that violation.[25]

---

[25] *Memphis Community School Dist. v. Stachura*, 477 U.S. 299 (1986); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974); *Carey v. Piphus*, 435 U.S. 247 (1978); *Ayasli v. Armstrong*, 56 Mass.App.Ct. 740 (2002).

## REQUESTED JURY INSTRUCTION NO. 26

The plaintiff is also be entitled to punitive damages against the defendants for violating her rights if the plaintiff shows that the defendants' conduct was motivated by an evil motive or intent or if it involved reckless or callous indifference to her constitutional rights.[26]

---

[26] *Kolstad v. Ada*, 527 U.S. 526, 536 (1999); *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Rodriguez-Marin v. Rivera-Gonzalez*, 438 F.3d 72, 85 (1st Cir. 2006).

## REQUESTED JURY INSTRUCTION NO. 27

The purpose of punitive damages is to punish and deter reprehensible conduct. Therefore, such punitive damages may be awarded against the defendants in an amount sufficient to punish and deter the misconduct at issue.[27]

---

[27]*Rodriguez-Marin v. Rivera-Gonzalez*, 438 F.3d 72, 84 – 85 (1st Cir. 2006).