UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

PAMELA HILCHEY
    Plaintiff,

V.

CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,
    Defendants.

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO LIMIT OR PRECLUDE DEFENDANT'S OFFERING AFFIRMATIVE TRIAL EVIDENCE

The defendants, City of Haverhill, et al., request that this Court deny the plaintiff's

Motion in Limine to Limit or Preclude Defendants from Offering Affirmative Trial Evidence.

As grounds therefore, the defendants state that the plaintiff's Motion misrepresents the discovery

actions taken by the defendants.

Specifically, the plaintiff requested:

### REQUEST NO. 1

Any and all complaints or reports, made by any person to the City of Haverhill or its
representatives during the five year period preceding September 7, 2002, of any alleged
misconduct, breach of duty, or other impropriety on the part of the police officer or police
official of the City of Haverhill, including without limitation, any such complaint of
improper arrest or arrest without probable cause, including in your response:
A.    All statements or correspondence received from or created by any complainant or
    witness;
B.    All memoranda or documents created in the course of any investigation;
C.    All official recommendations or reports of investigations created in connection
    with or generated as a result of such complaints;
D.    All documents created by or provided to the Internal Affairs Division or

Department;

E.    All changes in policy, practice or procedure in response to such complaints; and

F.    To the extent not described above, any and all documents constituting or reflecting any complaints or allegations of official wrongdoing or misconduct on the part of any employee of the City of Haverhill Police Department and the response of the City of Haverhill Police Department thereto.

## REQUEST NO. 16

All pleadings and correspondence relating to any lawsuit brought against the City of Haverhill, its police department or any of its police officers or officials, relating to any claim by any person of a violation of state or civil rights, for the ten year period proceeding September 7, 2002.

This information sought by the plaintiff is not relevant to the individual claims of false arrest against the defendants.  This evidence would only be discoverable pursuant to a municipal claim pursuant to Monell. The defendants objected to the production of these documents and further filed a Motion to Bifurcate the discovery to prevent the defendants from having to produce municipal discovery and limit discovery to the underlying arrest of Mrs. Hilchey.

Discovery in this matter has been on-going and has included both depositions and written interrogatories and requests for production of documents answered by the individual defendants Arahovites, Dawkins, DeKeon, Guerin, Leeman, Melanson, Parolisi, Pellot and Ratte.  Each set of interrogatories propounded on these individuals asked the defendants to identify any and all claims made against them in their capacity as police officers.  The defendants provided the plaintiff with the responses to these interrogatories, identifying such complaints.  In addition, each of these individuals was deposed by the plaintiff and during the deposition plaintiff's counsel either made inquiry of prior lawsuits and complaints or had the opportunity to make that inquiry.  Counsel for the defendant never instructed any of witnesses not to provide this information to the plaintiff in this matter.  Defendants further produced automatic discovery disclosures which included 35 multi-page exhibits.

In addition, counsel for the defendants  repeatedly made it clear to counsel for the plaintiff that it would produce, pursuant to 30(b)(6), Deputy Chief Donald Thompson to appear for a deposition on behalf of the City of Haverhill and is documented in communications to plaintiff's counsel.

On January 18, 2008, in anticipation of the upcoming trial and in the event the Court denied the Defendants' Motion to Bifurcate and the defendants' Motion for Summary Judgment, counsel for the defendants produced to plaintiff the names of all civil lawsuits brought against the City of Haverhill including civil rights actions for a period of five years prior to the incident in question.  In addition, the City of Haverhill produced all civilian complaints against the City of Haverhill in its possession, custody or control.  In doing so, the City of Haverhill was required to redact the complainants names on the civilian complaints due to privacy issues.  When the information was produced, the defendants' counsel again represented to plaintiff's counsel that she would make available Deputy Thompson for the 30(b)(6) deposition.

Plaintiff now files this motion requesting that the defendants be limited or precluded from offering affirmative trial evidence.

In the plaintiff's motion, she relies on the case of Hinkle v. Gentry, _____ F.Supp. 2d. ___, (2008) W.L. 96100 to suggest that the defendants should be prohibited at the time of trial from presenting a case in chief.  First, the facts in the Hinkle case are much different from the case at bar because the plaintiff never produced documents that were requested by the defendants.  Next, the remedy sought by the defendants in Hinkle was dismissal.  Here, to the contrary, defense counsel produced the documents requested without a court order and the defendants have gone above and beyond to produce documents in this matter and provide written and oral testimony to support any of the inquiries that the plaintiff has made in this matter.

The plaintiff's alleged civil rights violation, at best, amounts to an individual claim for false arrest against the individual police officers.  It is clear as stated in the defendant's Summary Judgment Motion, that the police officers had probable cause to make the arrest of the plaintiff. Therefore, the more complicated and lengthy presentation of evidence relating to municipal policy and practices and supervisory issues will most likely not ever reach a jury.  Accordingly, the defendants filed a Motion to Bifurcate the municipal and individual claims in order to prevent the defendants from having to produce voluminous and unnecessary discovery.   It is likely that the documents that the defendants produced will never be admissible in this trial. Plaintiff has essentially requested unnecessary and voluminous documents and the defendants have produced these documents.

The plaintiff has not been prejudiced in any way by the production of these documents,

the documents produced are complete and the defendants have complied with the rules of this Court. Accordingly the defendants requests that this Court deny the plaintiff's Motion and compensate the defendants for counsel fees incurred in opposing this frivolous motion.

Defendants, City of Haverhill, John J. Guerin, Stephen Brighi, Kim J. Parolisi, Lance A. Dawkins, Alan Ratte, Gary J. Melanson, John Arahovites, Victor M. Pellot, George Dekeon, Jr., and William Leeman
by their attorney,

*/s/ Regina M. Ryan*

_____
Douglas I. Louison   BBO# 545191
Regina M. Ryan BBO# 565246
LOUISON, COSTELLO
CONDON & PFAFF
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Regina M. Ryan., hereby certify that on 30th day of January, 2008, I served the foregoing via electronic filing directed to: Eric P. Finamore, Esquire, WESTON, PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109.

*/s/ Regina M. Ryan*

_____
Regina M. Ryan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

PAMELA HILCHEY
     Plaintiff,

V.

CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,
     Defendants.

## AFFIDAVIT OF REGINA M. RYAN

I, Regina M. Ryan, hereby swear and depose the following:

1.    I am a lawyer in good standing admitted to practice in the Commonwealth of Massachusetts and the United State District Court for Massachusetts.

2.    I represent the defendants in the captioned action.

3.    Plaintiff's counsel has taken the depositions of the following individuals from the City of Haverhill: John J. Guerin, Kim J. Parolisi, Lance A. Dawkins, Alan Ratte, Gary J. Melanson, John Arahovites, Victor M. Pellot, George DeKeon, Jr. and William Leeman. During each of these depositions, counsel for the plaintiff either made inquiry about any complaints against him as an employee of the City of Haverhill or plaintiff's counsel had the opportunity to do so and I never instructed any of the above identified witnesses not to provide a response to such inquiry.

4.    I have prepared written answers to interrogatories for the following individual employees of the City of Haverhill:  John J. Guerin, Kim J. Parolisi, Lance A. Dawkins, Alan Ratte, Gary J. Melanson, John Arahovites, Victor M. Pellot, George DeKeon, Jr. and William Leeman.

5.    For all of the above identified individuals, I have provided answers to interrogatories to

plaintiff's counsel.  Each set of interrogatories, except for former Mayor John Guerin, requested information about prior complaints and I provided the information to plaintiff's attorney.

6.    On August 1, 2007, plaintiff moved to compel documents.  I opposed the motion based on the fact that the Defendants had previously filed a Motion to Bifurcate and a Motion for Summary Judgment.  The Motion to Bifurcate, if allowed, would prevent the defendants from having to produce any of the documents requested and obviously, the Motion for Summary Judgment would prevent the defendants from having to produce any of the documents.

7.    I further produced automatic discovery disclosures which included 35 multi-page exhibits.

8.     January 24, 2008, I produced a redacted copy of civil complaints against the defendants for approximately five years prior to 2002.  The names of the victims were removed as is the practice to protect the victim.  The names of the officers who were the subject of the complaint were included.  I also produced the names of all lawsuits against the City of Haverhill for the five year period prior to September 7, 2002.

9.    I have repeatedly advised  plaintiff's counsel that I would make Deputy Chief Thompson available for deposition pursuant to 30(b)(6) on behalf of the City of Haverhill.


Signed under the pains and penalties of perjury, this 30th day of January, 2008.

/s/ Regina M. Ryan
Regina M. Ryan