UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAMELA J. HILCHEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF HAVERHILL, *et al.*, ) <br> ) <br> Defendants. ) | Civ. No. 005 CV 10152 NMG |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S DISCLOSURE OF EXPERT TESTIMONY

Plaintiff, Pamela J. Hilchey, hereby moves this Honorable Court for an order striking the paper submitted on behalf of the Defendant, City of Haverhill, by which the Defendant purports to satisfy its obligations pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Order of this Court at the final pretrial conference on January 30, 2008. Plaintiff moves further for an order precluding the Defendant from offering expert testimony at trial. The Plaintiff states as grounds therefor:

1. The Court directed the Defendant, City of Haverhill, to make its expert disclosures by February 6, 2008. On February 6, 2008, counsel for the defendant filed and served electronically its paper entitled "Defendant's Federal Civil Procedure 26(a)(2) Disclosure of Expert Testimony."

2. The paper palpably fails to conform to the requirements of Rule 26(a)(2). In particular, *none* of the requirements of Rule 26(a)(2)(B) are met:

- There is no written report prepared by or signed by the expert accompanying the disclosure of the identity of defendant's proposed expert (Rule 26[a][2][B]);

- The document does not set forth a complete statement of the expert's opinions and the basis for them (Rule 26[a][2][B][i]);

- The document does not contain a complete listing of all of the data considered by the proposed expert (Rule 26[a][2][B][ii]);

- There is no specification of any exhibits that are to be used to summarize or support the expert's opinion (Rule 26[a][2][B][iii]);

- The proposed expert's qualifications and a list of publications from February 6, 1998 to date (Rule 26[a][2][B][iv]) are not set forth;

- The document fails to contain a list of all other cases in which the proposed expert has testified as an expert from February 6, 2004 to date (Rule 26[a][2][B][v]); and

- There is no statement of the compensation paid in connection with this case to the expert (Rule 26[a][2][B][v]).

3. The Defendant's failure to properly disclose its anticipated expert testimony in compliance with the Court's order comes more than *ten months* after the original deadline for expert disclosures, and more than *five months* after the plaintiff disclosed her expert testimony. The last significant discovery event occurred more than six months ago.

4. Given the passage of so much time, the Defendant cannot justify its inadequate disclosure on the time constraints imposed by the Court's order permitting it to be served. The Court's order of disclosure cannot be called unanticipated; the Defendant cannot claim unfair surprise. From the filing of this action in 2005 until the final pretrial conference on January 30, 2008, the Defendants neither indicated an intention to designate experts nor asked the Court for leave to do so. Indeed, following the Court's order of September 7, 2007 which rescheduled the final pretrial conference,

the Defendants had almost five months additional to disclose their expert, but did nothing. The Defendants could have made an effort to comply with Local Rule 26.4(A), which requires disclosures to be made at least 90 days in advance of the final pretrial conference, but chose inaction instead.

5.   In light of the foregoing failures, Plaintiff is unable to engage in the trial preparation that is guaranteed as of right by the Federal Rules of Civil Procedure. The disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B) are designed to permit an adverse party to prepare to effectively cross-examine an expert witness. The Plaintiff has not been afforded that ability, and the proper remedy should be preclusion of the Defendant's proffered testimony.

**WHEREFORE,** the Plaintiff, Pamela J. Hilchey, hereby requests this Honorable Court to order that the purported disclosure by the Defendant, City of Haverhill, pursuant to Rule 26(a)(2) be stricken from the record of this case, that the Defendant be precluded from introducing expert testimony at trial, and for such other and further relief as to the Court seems just.

PAMELA J. HILCHEY,
By her attorney,

/s/ Eric P. Finamore
Eric P. Finamore, BBO # 541872
Weston Patrick, P.A.
84 State Street, Suite 1100
Boston, MA 02109
(617) 742-9310

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 15, 2008.

/s/ Eric P. Finamore