UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civ. No. 005 CV 10152 NMG

|  |  |
|---|---|
| PAMELA J. HILCHEY, | ) |
| Plaintiff, | ) |
| v. | ) |
| CITY OF HAVERHILL, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION IN LIMINE
TO LIMIT OR PRECLUDE THE DEFENDANT FROM
<u>INTRODUCING EXPERT TESTIMONY AT TRIAL</u>**

Plaintiff, by her attorney, hereby moves the Court for an Order precluding the defendants from introducing expert testimony at trial. In the alternative, Plaintiff moves for an order limiting the scope of such testimony, as described below. As grounds therefor, Plaintiff states as follows:

1. *The Defendant's Expert Disclosure does not Satisfy Fed. R. Civ. P. 26(b)(4).*

The defendant failed to disclose on February 6, 2008, its proposed expert in conformity with the Court's direction at the final pretrial conference on January 30, 2008, and Rule 26(a)(2). Consequently, plaintiff moved to strike the submission entitled "Defendant's Federal Civil Procedure 26(a)(2) Disclosure of Expert Testimony" on February 15, 2008. That motion is presently pending before the Court. In particular, plaintiff notes that the submission fails to satisfy Rule 26(a)(2)'s requirements in almost every significant respect.

Subsequently, the defendant "supplemented" its prior expert disclosure. The first date (other than a Sunday or holiday) upon which such disclosure was available to plaintiff was Tuesday, February 19, 2008 – thirteen days after the Court ordered full compliance with the disclosure requirements set forth in Rule 26(a)(2)(A) and (B). Although it appears that some of the prior deficiencies may have been remedied, it is clear that others have not. Notable among these is the fact that the "expert" has not signed a report containing his opinion, as required by Fed. R. Civ. P. 26(b)(4). Therefore, the "supplemental" expert disclosure supplied by the defendant, itself, (i) fails to conform to the requirements of Rule 26(a)(2) and (ii) is prejudicial to plaintiff because of its lateness, especially in light of the prior course of discovery in this action.

The Defendant's failure to properly disclose its anticipated expert testimony in compliance with the Court's order comes more than ten months after the original deadline for expert disclosures, and more than five months after the plaintiff disclosed her expert testimony. The defendant failed to meet its obligations disclose its proposed expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(b)(4) and this Court's express direction on January 30, 2008. Therefore, the defendant ought not to be allowed to introduce any expert testimony at the trial.

2.   *The Defendant's Proposed Expert Testimony Violates Fed. R. Evid. 702.*

In the event that the Court is inclined to permit the defendant's expert to testify, plaintiff requests that the Court limit the testimony of the defendant's proposed expert because, as described in the materials disclosed by the defendant, such testimony exceeds the limits of expert testimony permitted by Rule 702 of the Federal Rules of Evidence.

A party may not rely upon an expert witness to establish either: (i) propositions of law, or (ii) facts which the jury is qualified to consider without the need for "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702. The Court of Appeals has recently reaffirmed the long-standing rule that

> [i]t is the judge's role, not a witness's, to instruct the jury on the law. . . . A district court has broad discretion to exclude expert opinion that would impinge on the roles of the judge and jury. . . . For this reason, and to avoid jury confusion, the district court in this case acted well within its discretion in excluding expert testimony about the applicability of OSHA to [defendant].

*Pelletier v. Main Street Textiles, LP*, 470 F.3d 48, 54 – 55 (1st Cir. 2006)(citations omitted); *see also Levin v. Dalva Brothers, Inc.*, 459 F.3d 68, 79 (1st Cir. 2006)("an expert may not offer an opinion concerning a legal question").

The defendant's proposed expert, Daniel Wicks, directly controverts the rule, which was applied in *Pelletier* to affirm this Court's exclusion of evidence, when he purports to address the two issues he defines in these words:

> "1.   Did the Haverhill Police Department engage in an illegal or unconstitutional custom or policy which intentionally targeted the Plaintiff and/or her family for illegal prosecution?
>
> "2.   Did the Haverhill Police Department have probable cause to arrest Pamela Hilchey (Plaintiff) on September 7, 2002, for assault with a dangerous weapon, pursuant to Massachusetts General Laws Ch 265, Sec. 15B?"[1]

---

[1] Defendant provided to plaintiff by electronic service an undated, unsigned affidavit of Daniel C. Wicks that recites: "The attached report is true and accurate to my findings, evaluation, and opinion and is incorporated by reference in this Affidavit." The subsequent page of this document is numbered "2" and is headed, in bold, with the following: "The Opinion of Daniel Wicks concerning the arrest of Pamela Hilchey and the conduct of the Haverhill Police Department" (*sic*)(hereafter, the "Opinion"). The portion that is quoted above appears near the top of this page.

These are issues for the court and the jury. Indeed, it is difficult to imagine a more succinct manner in which the province of the Court and the province of the jury in this action could be usurped than by an expert opinion on these two issues.

Rule 702 authorizes testimony by experts and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The eight single-spaced pages of the Opinion are replete with factual contentions, legal conclusions, putative identification of legal authority, and application of law to portions of the record in the present action. Conspicuously absent are "reliable principles and methods" and the reliable application of the principals and methods to the facts of this case. Mr. Wicks' opinions fail to comply with the requirements of Fed. R. Evid. 702, as those requirements are interpreted by the federal courts. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Thus, for example, the Opinion at page 5 states that "[m]any of these allegations were substantiated in HPD incident reports." The Opinion thus claims that the existence of the incident reports themselves, without more, demonstrate that the complaints to the police reflected in them are true, *i.e.*, that the incident reports "substantiate" that whatever they complained about regarding Ms. Hilchey actually happened in exactly the way the complainant said they had. Rather than "substantiating" that Ms. Hilchey engaged in the alleged behavior, these statements are nothing more than hearsay, are offered for the truth of what was alleged in them, and are clearly inadmissible. The assessment of hearsay for

veracity is not within the purview of anyone's expertise; its admission for the truth of the statements it contains is prohibited. Rule 801(c), Rule 802. It relies upon no specialized knowledge, reasoning or methodology. It is not a subject to which an "expert" can offer an "opinion."

Further, the Opinion at page 7 asserts that "Probable cause is defined as," followed by what appears to be a quotation from a Federal Reporter, although the citation is incomplete. The correct citation appears to be *United States v. Puerta*, 982 F.2d 1297, 1300 (9th Cir. 1992). Not only is this a palpably improper subject for expert testimony, but the Opinion *misquotes United States v. Puerta* in a way that favors the defendant. *United States v. Puerta*, 982 F.2d at 1300 quotes *United States v. Thomas*, 835 F.2d 219, 222 (9th Cir. 1987), *cert. denied*, 486 U.S. 1010 (1988):

> [t]he test for probable cause is whether facts and circumstances within the officers' knowledge are sufficient to warrant a prudent person, or one of reasonable caution, to believe, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense.

The Court is capable of instructing the jury on the definition of probable cause. The jury is capable of determining what a "prudent person, or one of reasonable caution" would have been warranted in doing under the circumstances presented by this case, in accordance with the Court's instruction. Indeed, it is the *jury's function* to make such a determination. Rule 702 and the governing authorities prohibit Mr. Wicks from offering this "opinion" or any other opinion that applies the standard.

Perhaps the most glaring manner in which the Opinion exceeds the scope of proper expert testimony is the portion which purports to answer the question whether the defendant had an "unconstitutional custom or policy which intentionally targeted the Plaintiff and/or her family for illegal prosecution." Reviewing the evidence in a one-

5

sided manner, this "expert" renders his opinion that the Haverhill Police Department acted admirably in its treatment of the plaintiff, *without a single reference to any scientific, technical, or other specialized knowledge.* The written Opinion of Mr. Wicks simply seeks to usurp the jury's role, and to impose its conclusion that the Haverhill Police Department acted "reasonably" under the circumstances present in the Pear Tree Road area preceding the plaintiff's arrest. But that "reasonableness" determination is precisely the role of the jury in this case. There is no scientific or technical reasoning or methodology underlying Mr. Wicks' opinions, and there is no valid application of any such reasoning or methodology to the facts in question. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Therefore, there is no basis to admit Mr. Wicks' opinion, sincerely held though it may be, under the requirements of Fed. R. Evid. 702.

The proffered "Opinion" of Mr. Wicks demonstrates that, in accordance with the First Circuit's opinion in *Pelletier,* Mr. Wicks ought not to be allowed to testify at trial regarding the "issues" he considered or the bases for his opinion.


**WHEREFORE,** the Plaintiff, Pamela J. Hilchey, respectfully requests this Honorable Court to order that the expert proposed by Defendant, City of Haverhill, not be allowed to testify at the trial of the matter as an expert regarding those matters set forth in the papers electronically filed and served by the Defendant pertaining to expert disclosure, and for such other and further relief as to the Court seems just.

Respectfully submitted,
Plaintiff, by her attorney,
/s/ Eric P. Finamore
Eric P. Finamore, BBO No. 541872
Weston Patrick, P.A.
84 State Street, Suite 1100
Boston, MA 02109
(617) 742 – 9310

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 25, 2008.

/s/ Eric P. Finamore