UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAMELA J. HILCHEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HAVERHILL, *et al.*,<br><br>Defendants. | <u>Civ. No. 005 CV 10152 NMG</u> |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE DEFENDANT
FROM DENYING THAT THE INVESTIGATION, CHARGING,
AND ARREST OF THE PLAINTIFF ON SEPTEMBER 7, 2002 WERE
<u>PURSUANT TO THE POLICIES OF THE CITY OF HAVERHILL</u>**

Plaintiff, by her attorney, hereby moves the Court for an Order precluding the Defendant, City of Haverhill, from introducing evidence at trial to show that the investigation and arrest of the plaintiff on September 7, 2002 did not occur as a part or consequence of its official policy. As grounds therefor, Plaintiff states:

1. The Court has previously dismissed the individual defendants originally named in this action pursuant to 42 U.S.C. § 1983 on the basis of their qualified immunity. Remaining for trial of this matter are issues regarding municipal liability pursuant to *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978) and its progeny. Pursuant to the controlling authority, municipal liability will attach if a constitutional violation is the result of a policy of the municipality, even if such policy is adopted for a single occasion. *Pembaur v. Cincinatti*, 475 U.S. 469 (1986); *Wilson v. City of Boston*, 421 F.3d 45, 59 (1st Cir. 2005).

2. The chief executive officer of the City of Haverhill is the mayor. On September 7, 2002, the Mayor of Haverhill was John J. Guerin, Jr., initially a defendant and dismissed upon grounds of qualified immunity.

3. At his deposition, John J. Guerin, Jr., testified that he had not, prior to the day of the deposition, seen any written discovery requests from the plaintiff in this action. Guerin Dep. Tr. at 8 – 9.[1] Moreover, John J. Guerin, Jr., testified that he had not made any efforts to comply with plaintiff's requests for production. Guerin Dep. Tr. at 9.

4. John J. Guerin, Jr. was not the only deposition witness who testified that he had never, prior to the deposition itself, seen plaintiff's requests for production. For example, Officer Pellot had not seen plaintiff's request for production of documents to him prior to his deposition nor had he looked for any responsive documents. No documents have been produced subsequent to Officer Pellot's deposition in response to it.

5. The plaintiff moved to compel the Defendant, City of Haverhill, to respond to her discovery requests. Docket No. 45.

6. The Court granted in part and denied in part plaintiff's motion to compel on January 30, 2008 at the final pretrial conference. (As set forth in the Electronic Clerk's Notes set forth on the Docket.)

7. There has been no relevant disclosure by the Defendant, City of Haverhill subsequent to the final pretrial conference on January 30, 2008.

---

[1] References in this form are to the transcript of the deposition of John J. Guerin, taken March 28, 2007. A copy of the relevant pages is annexed hereto as Exhibit A.

8. The defendant did produce a witness pursuant to Rule 30(b)(6) on Friday, February 15, 2008. The deponent, Deputy Chief Gariepy of the Haverhill Police Department, produced at the deposition some personnel documents pertaining to Officers Melanson and Pellot. The production was apparently from those files over which Deputy Chief Gariepy has immediate control. To the best of counsel's recollection (a transcript of the deposition is not yet available), Deputy Chief Gariepy did not look for any other documents responsive to the requests for production previously served in this case. None of the documents produced by Deputy Chief Gariepy includes any reference to the Pear Tree Road neighborhood, the plaintiff in this action, her husband, or allegations of civil rights violations. The documents do not reflect periodic performance reviews by the Haverhill Police Department, nor any reference to the Fourth Amendment violation found in *United States v. Medina*, 451 F.Supp.2d 262 (D.Mass. 2006) involving Officers Melanson and Arahovites. Moreover, the documents do not comprise the files generated by internal affairs investigations pertaining to any of those initially named as individual defendants in this action.

9. Simply put, the defendant's sole post-order discovery response has been inadequate to comply with the Order of this Court, which was clearly intended to permit the plaintiff to conduct discovery on the legal and factual issues material to her claims. The defendant's inadequate discovery responses merits a sanction at trial, particularly in light of the consistent and repeated failures to produce discovery during the course of this case.

10. It is undeniable that the plaintiff has repeatedly requested documents pertaining to municipal liability in this action, as demonstrated by the document requests to Mayor Guerin, Officer Pellot, and the City of Haverhill, among others.

11. In light of the failure of the employees of the City of Haverhill to have been provided with the requests for production in this action and their failure to make inquiry regarding the requests contained therein, and the failure of the City of Haverhill to produce discovery in response to plaintiff's motion to compel, as it was allowed in part on January 30, 2008, the City of Haverhill ought not to be allowed to deny that the arrest of the plaintiff occurred pursuant to an official policy of the city, and that liability as required for municipal liability by *Monell*, *Pembaur*, and their progeny, as set forth *supra* in ¶ 1. If a jury concludes that the plaintiff was arrested without probable cause, this Court should hold that, as a matter of law, the arrest occurred as part of the official policy of the city.

**WHEREFORE**, Plaintiff, Pamela J. Hilchey, respectfully requests this Honorable Court to order that the Defendant, City of Haverhill, not be allowed to present at trial any evidence showing or tending to show that the actions undertaken by the City of Haverhill on September 7, 2002 regarding the Plaintiff were not in furtherance of official policy of the City of Haverhill, and for such other and further relief as to the Court seems just.

Respectfully submitted,
Plaintiff, by her attorney,
*/s/ Eric P. Finamore*
Eric P. Finamore, BBO No. 541872
Weston Patrick, P.A.

          84 State Street, Suite 1100
          Boston, MA 02109
          (617) 742 – 9310

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 25, 2008.

          */s/ Eric P. Finamore*