# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Civ. No. 005 CV 10152 NMG**

|  |  |
|---|---|
| PAMELA J. HILCHEY, | ) |
| Plaintiff, | ) |
| v. | ) |
| CITY OF HAVERHILL, *et al.*, | ) |
| Defendants. | ) |

## PLAINTIFF'S REQUESTS FOR INSTRUCTIONS TO THE JURY

Now comes the plaintiff, in accordance with the provisions of Fed. R. Civ. P. 51, and requests this Honorable Court to instruct the jury on the law, as set forth in the following requests.

By plaintiff's attorney,
*/s/ Eric P. Finamore*
Eric P. Finamore, BBO No. 541872
Weston Patrick, P.A.
84 State Street, Suite 1100
Boston, MA 02109
(617) 742 – 9310

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 3, 2008.

*/s/ Eric P. Finamore*

## REQUESTED JURY INSTRUCTION NO. 1

The law to be applied in this case is the federal civil rights law.  It provides a remedy to individuals who have been deprived, under color of state law, of the rights granted by the United States Constitution.

Section 1983 of Title 42 of the United States Cods states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suite in equity, or other proper proceeding for redress.[1]

---

[1] 42 U.S.C. § 1983.

REQUESTED JURY INSTRUCTION NO. 2

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the fourteenth amendment.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.[2]

---

[2] *Lugar v. Edmondson Oil Co.*, 456 U.S. 922 (1982); *Mitchum v. Foster*, 407 U.S. 225 (1972); *Monroe v. Pape*, 365 U.S. 167 (1961).

## REQUESTED JURY INSTRUCTION NO. 3

There is a well-established Constitutional requirement that no person should be subject to arrest without probable cause.    Moreover, application for a criminal complaint without probable cause is itself actionable pursuant to § 1983.  Police officers can be liable for seeking a criminal complaint if they lacked probable cause.[3]

---

[3] *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Abreu-Guzmán v. Ford*, 241 F.3d 69, 73 (1st Cir. 2001).  *Losch v. Borough of Parkesburg*, 736 F.2d 903 (3d Cir. 1984); *Woodley v. Nantucket*, 645 F.Supp. 1365 (D.Mass. 1986).  *Carey v. City of Fall River*, 870 F.2d 40 (1st Cir. 1989).

## REQUESTED JURY INSTRUCTION NO. 4

The plaintiff has the burden of proving each and every element of her Section 1983 claim by the preponderance of the evidence.  If you find that each of the elements of the plaintiff's Section 1983 claim has been proven by a preponderance of the evidence, you must return a verdict for the plaintiff.

The defendants have the burden of proving each element of whatever affirmative defenses they raise.  If any one of the defendants fails to prove any one of the elements of a defense by a preponderance of the evidence, you must disregard the defense.[4]

---

[4] *Gomez v. Toledo*, 446 U.S. 635 (1980).

## REQUESTED JURY INSTRUCTION NO. 5

If the plaintiff shows, by a preponderance of the evidence, each of the following three elements, she has established her claim under 42 U.S.C. §1983

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.[5]

---

[5] *Parratt v. Taylor*, 451 U.S. 527 (1981).

REQUESTED JURY INSTRUCTION NO. 6

The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state. The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency. The term "usage" means a practice or what is done as a matter of course.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.[6]

---

[6] *Monroe v. Pape*, 365 U.S. 167 (1961); *Screws v. U.S.*, 325 U.S. 91 (1945); *U.S. v. Classic*; 313 U.S. 299 (1941).

<u>REQUESTED JURY INSTRUCTION NO. 7</u>

Since the actions of which the plaintiff complains were undertaken by police officers with the Haverhill Police Department or the Mayor of the City of Haverhill, and so all were officials of the Commonwealth of Massachusetts at the time of the acts in question, each of them was acting under color of state law.  In other words, the first statutory requirement is satisfied, and the plaintiff has no further obligation to prove this to you.[7]

---

[7] *Parratt v. Taylor*, 451 U.S. 527 (1981); *Monroe v. Pape*, 365 U.S. 167 (1961).

## REQUESTED JURY INSTRUCTION NO. 8

The second element of the plaintiff's claim is that she was deprived of a federal right by the defendants. The plaintiff establishes the second element if she shows that officials committed the acts alleged by the plaintiff, which acts caused the plaintiff to suffer the loss of a federal right; and that, in performing the acts alleged, the defendants acted either recklessly or intentionally.[8]

---

[8] *Maine v. Thiboutout*, 448 U.S. 1 (1980); *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

<u>REQUESTED JURY INSTRUCTION NO. 9</u>

The United States Constitution provides that no person may be arrested without probable cause for such an arrest.  This means that a police officer must have information that would lead a reasonable person to who possesses the same official expertise as the officer to conclude that the person being arrested has committed or is about to commit a crime, whether in the police officer's presence or otherwise.

The plaintiff claims that she was unlawfully arrested, because her arrest occurred without probable cause.  You must determine whether it was reasonable for the defendants to believe that the plaintiff had committed a crime for which she should be subject to arrest, using the foregoing "reasonableness" standard.[9]

---

[9] *Hunter v. Bryant*, 502 U.S. 224 (1991); *Lallemand v. University of Rhode Island*, 9 F.3d 214 (1st Cir. 1993).

REQUESTED INSTRUCTION NO. 10

      A probable cause determination rests upon reasonableness.  For there to be probable cause, it must be shown that, in the totality of the circumstances, a reasonable person would believe that the defendant had committed or was committing a crime. "'Probable cause' means a reasonable likelihood."  The evidence should be sufficient to "warrant a man of reasonable caution" to believe that a crime had been committed and that the defendant had committed it.[10]

---

[10] *United States v. Maldonado*, 14 F.3d 95, 105 (1st Cir. 1994).  *Valente v. Wallace*, 332 F.3d 30, 32 (1st Cir. 2003);  *United States v. Reyes*, 225 F.3d 71, 75 (1st Cir. 2000).  *Beck v. Ohio*, 379 U.S. at 96; *Valente v. Wallace, id.*

<u>REQUESTED INSTRUCTION NO. 11</u>

In this case, the crime for which the probable cause test was operative is assault with a dangerous weapon, G.L. c. 265, § 15B(b).  The "definition of assault is an attempt or threat to do bodily harm."  That type of criminal assault founded upon an immediately threatened battery requires "proof of intent to cause apprehension," and not merely "proof that the action which constitutes menacing conduct be intentional."

In determining whether there was probable cause for the defendants to arrest the plaintiff on September 7, 2002, you should consider whether there was any "reasonable likelihood" that the plaintiff intended to cause apprehension in the children.[11]

---

[11] *Commonwealth v. Shaffer*, 367 Mass. 508, 515 (1975), quoted in *Commonwealth v. Gorassi*, 432 Mass. 244, 248 (2000).  *Commonwealth v. Musgrave,* 38 Mass.App.Ct. 519, 524, *aff'd*, 421 Mass. 610, 611 (1996)(explicitly adopting the Appeals Court's opinion).

<u>REQUESTED JURY INSTRUCTION NO. 12</u>

A plaintiff may successfully show that she was deprived of a protected constitutional right if she shows that any of the defendants acted intentionally or recklessly with regard to that constitutional right.[12]

---

[12]*Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

## REQUESTED JURY INSTRUCTION NO. 13

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. So long as the plaintiff shows that the defendants' actions were taken voluntarily you may find that those actions lead to the deprivation of her constitutional rights. This assessment must depend upon what was said and done by the people involved.[13]

---

[13] *Wilson v. Seiter*, 501 U.S. 294 (1991); *Canton v. Harris*, 489 U.S. 378 (1989).

REQUESTED JURY INSTRUCTION NO. 14

An act is reckless if done in conscious disregard of its known probable consequences. You may find that the defendants violated the plaintiff's rights if you find that the defendants, or some of them, acted reckless toward the plaintiff. Determining whether a person acted recklessly requires an assessment of what that person said and did.[14]

---

[14] *Burke v. Walpole*, 405 F.3d 66 (2005); *Manarite v. Springfield*, 957 F.2d 955 (1st Cir.), cert den. 113 SCt 113 (1992).

<u>REQUESTED JURY INSTRUCTION NO. 15</u>

A municipality, such as the Defendant, City of Haverhill, that through the acts of its officials violates constitutional rights can be held liable in a civil suit, such as this one, for money damages to compensate the victim of such a violation for the injuries caused her by the violation.[15]

---

[15] *Pembaur v. Cincinnati*, 475 U.S. 469, 478 (1986); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978). The plurality opinion in *Pembaur* has been explicitly endorsed by the Court of Appeals. *Wilson v. City of Boston*, 421 F.3d 45, 59 (1st Cir. 2005), citing *Cordero v. De Jesus-Mendez*, 867 F.2d 1, 7-8 (1st Cir. 1989).

REQUESTED JURY INSTRUCTION NO. 16

"The City of Haverhill is liable for deprivations of civil rights caused by the carrying out of its official policies, that is, by such acts which could be said to constitute acts of the *municipality* rather than acts of *employees* of the municipality.[16]

---

[16] *Pembaur v. Cincinnati*, 475 U.S. 469, 478 (1986); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978).

REQUESTED JURY INSTRUCTION NO. 17

An "official policy" need not be a written law or written ordinance enacted by a legislature or city council. In addition, an "official policy" need not be written at all.[17]

---

[17] *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

REQUESTED JURY INSTRUCTION NO. 18

A municipality is liable for an action that was ordered by a person who has the final authority to establish municipal policy.[18]

---

[18] *Pembaur v. Cincinnati*, 475 U.S. 469, 478 (1986); *Monell v. New York City  Dep't of Social Services*, 436 U.S. 658, 691 (1978).

REQUESTED JURY INSTRUCTION NO. 19

A municipality may be liable for the acts of an officer, even if the officer is not the highest-ranking person who has authority to set official policy, if that officer was granted or delegated authority from the highest policy maker of the municipality.[19]

---

[19] *Pembaur*, 475 U.S. at 483, footnote 12. The example set forth in the footnote describes a county sheriff, employment practices, law enforcement decisions, and delegation by the county to the sheriff of final policymaking authority.

## REQUESTED JURY INSTRUCTION NO. 20

If you find, as a fact, that Mayor Guerin authorized the arrest of the plaintiff in violation of her constitutional right to be free from arrest without probable cause, then you should find that the City of Haverhill is liable to her for whatever injuries she was caused by that action.[20]

---

[20]*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

## REQUESTED JURY INSTRUCTION NO. 21

If you find that Mayor Guerin could have made a policy decision regarding the charging and arrest of the plaintiff, but delegated or granted that authority to someone else, then the City of Haverhill is liable for an injuries the plaintiff suffered due to a violation of her right to be free from arrest without probable cause.[21]

---

[21] *Pembaur v. City of Cincinnati,* 475 U.S. 469 (1986).

## REQUESTED JURY INSTRUCTION NO. 22

If you find that Chief Brighi delegated the authority to make policy decisions regarding the plaintiff and the Pear Tree Road neighborhood to Captain Ratte, that Acting Chief Parolisi continued the delegation of that authority, and that Captain Ratte authorized the charging and arrest of the plaintiff in violation of her constitutional right to be free from arrest without probable cause, then you should find that the City of Haverhill is liable to the plaintiff for the injuries that this constitutional violation caused her.[22]

---

[22]*Pembaur v. City of Cincinnati*, 475 U.S. 269 (1986).

REQUESTED JURY INSTRUCTION NO. 23

  If you find that Captain Ratte was granted or delegated the authority to choose among several courses of available action by Mayor Guerin or Chief Brighi, or Acting Chief Parolisi, and you find that Captain Ratte further granted or delegated that authority to Sergeant Pellot, who made the decision to charge the plaintiff and to seek her arrest in violation of her constitutional right to be free from arrest without probable cause, then you should find the City of Haverhill liable to the plaintiff for the injuries that the violation of her constitutional right caused.[23]

---

[23] *Pembaur v. City of Cincinnati,* 475 U.S. 469 (1986).

## REQUESTED JURY INSTRUCTION NO. 24

If you find that Captain Ratte, as the Patrol Commander of the Haverhill Police Department, had the authority to make final policy regarding issues of law enforcement by patrol officers, and that Captain Ratte authorized the way in which the plaintiff was charged and arrested in violation of her constitutional right to be free from arrest without probable cause, then you should find the City of Haverhill liable to the plaintiff for the injuries the constitutional violation caused her.[24]

---

[24] *Pembauer v. City of Cincinnati*, 475 U.S. 469 (1986).

## REQUESTED JURY INSTRUCTION NO. 25

If the plaintiff shows by a preponderance of the evidence that the action of City of Haverhill officials deprived the plaintiff of her constitutional rights as a result of an "official policy" of the City of Haverhill or as its governmental custom, even though such a custom had not been formally approved by a regular City of Haverhill ordinance or regulation that was approved through the official channels, the City if liable to the plaintiff.

Even if the particular policy was established for a single occasion or circumstance, you may still find that it was an official policy of the municipality if it was a deliberate choice to follow that course of action from among several courses of action available by the official or officials responsible for establishing final policy regarding the subject matter in question.[25]

---

[25] *Pembauer v. City of Cincinnati*, 475 U.S. 469 (1986); *Monell v. Dep't Soc. Servs.*, 436 U.S. 658 (1978).

<u>REQUESTED JURY INSTRUCTION NO. 26</u>

It is sufficient for the plaintiff to recover from the defendants if she shows that the defendants' acts proximately caused her injuries. An act or omission is a proximate cause if it is a substantial factor in producing the injury. In other words, if the injury or damage is a reasonably foreseeable consequence of the defendants' acts or omissions.

This is the third element of the plaintiff's claim for damages from the defendants based upon a constitutional violation and 42 U.S.C. § 1983, the Civil Rights Act.

If the plaintiff shows by a preponderance of the evidence that her injuries would not have occurred without the conduct of the defendants, she has met her burden and is entitled to compensation.

A proximate cause need not always be the nearest cause either in time or in space. There may be more than one proximate cause of an injury or damage. The conduct of two or more people may operate at the same time, either independently or together, to cause an injury.[26]

---

[26] *Graham v. Western Line Cons. School Dist.*, 439 U.S. 410 (1979); *Mt. Healthy School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977).

## REQUESTED JURY INSTRUCTION NO. 27

Every plaintiff who shows a violation of her constitutional rights is entitled by 42 U.S.C. § 1983 to an award of money damages to provide her with full compensation for the harm that she was caused by the violation. Compensatory damages for violations of constitutional rights under 42 U.S.C. § 1983 are just like compensatory damages for torts or wrongs in the common law, and are designed to provide compensation, to the extent money can do so, for the injuries suffered by the plaintiff.[27]

---

[27] *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305 – 308 (1986); *Carey v. Piphus*, 435 U.S. 247 (1978); *Ayasli v. Armstrong* , 56 Mass.App.Ct. 740 (2002).

<u>REQUESTED INSTRUCTION NO. 28</u>

The compensatory damages to which a plaintiff is entitled upon a finding of a Constitutional violation include out-of-pocket loss and monetary harm, and also intangible injuries such as impairment of reputation, personal humiliation, mental anguish, and mental suffering.[28]

---

[28] *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974); *Carey v. Piphus*, 435 U.S. 247, 264 (1978); *Acevado-Garcia v. Monroig*, 351 F.3d 547 (1st. Cir. 2003); *Ayasli v. Armstrong*, 56 Mass.App.Ct. 740 (2002).

REQUESTED INSTRUCTION NO. 29

Mental and emotional distress is a proper subject of monetary compensation in cases of Constitutional violations. If you find that the defendants violated the plaintiff's Constitutional rights, you should determine what amount of money is adequate to compensate the plaintiff for all of the harm caused by that violation, including any mental or emotional distress which you find she suffered as a result.[29]

---

[29] *Memphis Community School Dist. v. Stachura*, 477 U.S. 299 (1986); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974); *Carey v. Piphus*, 435 U.S. 247 (1978); *Acevado-Garcia v. Monroig*, 351 F.3d 547 (1st. Cir. 2003); *Ayasli v. Armstrong*, 56 Mass.App.Ct. 740 (2002).

## REQUESTED INSTRUCTION NO. 30

If you find that the plaintiff suffered non-economic or non-physical injuries, such as emotional distress, humiliation, fear or anguish, you should make an award of money which is adequate to compensate the plaintiff for those injuries. Even if you find that the plaintiff might not have suffered physical injury or substantial financial loss, that fact does mean you are limited in the amount of monetary damages you may award the plaintiff.

Damages for pain and suffering defy exact mathematical computation, and are not susceptible to proof by a dollar amount. What is important is that your damage award fairly and rationally reflects the actual suffering which you find was caused to the plaintiff by any violation of her civil rights, and is rationally calculated to compensate her for that suffering.[30]

---

[30] *Borges Colon v. Roman-Abreu*, 438 F.3d 1 (1st Cir. 2006); *Acevado-Garcia v. Monroig*, 351 F.3d 547 (1st. Cir. 2003).

REQUESTED INSTRUCTION NO. 31

Translating legal damage into money damages, especially in cases which involve few significant items of measurable economic loss, is a matter peculiarly within the jury's ken. As jurors, you are entrusted with the task, based upon your experience and common sense, of valuing the damages which the plaintiff suffered in monetary terms, and awarding a sum of money which fairly reflects the of those injuries.[31]

---

[31] *Acevado-Garcia v. Monroig*, 351 F.3d 547 (1st. Cir. 2003); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553 (1st Cir.1989).