UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

PAMELA HILCHEY
    Plaintiff,

V.

CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,
    Defendants.

**DEFENDANT, CITY OF HAVERHILL'S**
**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**
**TO PRECLUDE THE DEFENDANT FROM DENYING**
**THAT THE INVESTIGATION, CHARGING AND ARREST**
**OF THE PLAINTIFF ON SEPTEMBER 7, 2002 WERE**
**PURSUANT TO THE POLICIES OF THE**
**CITY OF HAVERHILL**

    The plaintiff requests that this Court preclude the defendant from denying that the investigation, charging and arrest of the plaintiff on September 7, 2002 were pursuant to the policies of the City of Haverhill.  As grounds therefore, the plaintiff suggests that the defendant has failed to comply with discovery and has withheld documents and evidence from the plaintiff preventing her from properly preparing for trial in this matter.  To the contrary, the defendant has complied with every Court Order in this matter and has produced all discoverable documents to the defendant.  The plaintiff has failed to identify any documents that the defendant has failed to produce.  In fact, the plaintiff has made verbal requests for documents as late as February 15, 2008, that were never previously requested and the defendant has made every attempt to provide

the plaintiff with this information.

On January 30, 2008, this Court denied in part and allowed in part plaintiff's Motion to Compel. At that time, the Court allowed the plaintiff's attorneys that they could take five depositions limited to 20 hours pertaining to the Monell claim. As of this date, plaintiff's counsel has noticed one deposition and that was for Deputy Chief Donald Thompson (not Deputy Chief Garepy as plaintiff has stated in her brief) and the defendant made Deputy Chief Donald Thompson available for his deposition on Friday, February 15, 2008. At the time of the deposition, Deputy Chief Thompson brought with him the personnel files of Officers Pellot and Melanson. The Court in its Memorandum and Order on Summary Judgment ruled that the remaining two issues for trial are whether the plaintiff was arrested without probable cause and whether the City had an unconstitutional custom, practice or policy. The two officers, Sergeant Pellot and Officer Melanson, responded to the scene on the date of her arrest. Accordingly, both of their personnel files were produced by Deputy Chief Thompson.

In addition, at the deposition, for the first time, plaintiff's counsel requested that the City of Haverhill produce the annual reports for the City of Haverhill from 1997 to 2002. These documents had never been previously requested, however, the defendant promptly produced the reports for 1997, 2002 and 2006 and is continuing to try and locate the additional documents. Further, at the deposition, plaintiff's counsel requested that the defendant produce documentation regarding the scheduling of documents. Again, the defendant promptly produced the document to the plaintiff without objection. To suggest in any way that the defendant is withholding evidence or prejudicing the plaintiff in any way is simply untrue.

In her brief, the plaintiff asserts that the City has withheld evidence through the witness John Guerin. John Guerin was the mayor of the City of Haverhill at the time of the plaintiff's

arrest. John Guerin left the position of mayor of Haverhill. He served as mayor of the City of Haverhill from January, 2002 to January, 2004. (See Exhibit A - Deposition of John Guerin p. 11). After serving as mayor for the City of Haverhill, Mr. Guerin became a Civil Service Commission for the Commonwealth of Massachusetts. (See Exhibit A - Deposition of John Guerin p. 6). The plaintiff asserts that Mr. Guerin did not review any documents prior to his deposition nor in this matter. At the deposition, Mr. Guerin was asked if he had seen the Request for Production of Documents sent to him by the plaintiff. Mr. Guerin responded that he did not ever see that document. Counsel for the defendants had met with Mr. Guerin prior to the deposition and had read to him each request made to him by plaintiff's attorney. (See Exhibit C - Affidavit of Regina M. Ryan, Esq.) Mr. Guerin did not have any documents because he was no longer the mayor for the City of Haverhill.

In fact at his deposition, the plaintiff requested documents from John Guerin that were not part of the original request for production of documents. (See Exhibit A - deposition of Guerin pages 22-23.) Counsel for the defendant had Guerin search for the records and advised plaintiff's counsel that he did not have the documents just 12 days after his deposition. (See Exhibit C -- Affidavit of Regina M. Ryan and see Exhibit D -- correspondence to Eric Finamore dated April 9, 2007). Clearly, the defendant has gone beyond to produce all discoverable documents to the plaintiff.

Further, the plaintiff in support of her argument states that the defendant has withheld documents and claims that the personnel files that were produced for Officer Melanson and Officer Arahovites did not reference the case of United States v. Medina, 451 F.Supp. 2d 262 (D. Mass.) (2006). Medina was a criminal matter in which the defendant was charged with a drug crime and a Motion to Suppress Hearing was held. Specifically, Deputy Chief Thompson was

asked at his 30(b)(6) deposition about the case of United States v. Medina and an additional criminal matter of United States v. Matthews.  At that time, Deputy Chief Thompson testified that the police department does not keep track of criminal dispositions and which criminal matters are excluded on Fourth Amendment grounds.  (See Exhibit B - Deposition of Deputy Chief Thompson, p. 46).  In fact, whether or not information evidence is withheld after a Motion to Suppress is not relevant in a civil matter as the standard of liability and admissibility are entirely different.  Accordingly, the defendant is clearly not withholding evidence but does not maintain a record regarding the exclusion of evidence on Fourth Amendment claims nor does the City include it in the personnel file of its employees.

      The City of Haverhill has produced documents voluminous documents to the plaintiff and responded to discovery requests.  The plaintiff has failed to identify any documents that have not been produced through its motion.  In fact, at the pre-trial conference on January 30, 2008, this Court specifically asked plaintiff to identify which documents that the defendant did not produce and the plaintiff was unable to identify any such documents.

      The defendant in the captioned action has been required to respond to multiple, frivolous and meritless motions alleging that it has failed to produce documents in this matter.  The defendant seeks that the plaintiff be sanctioned in this matter and be responsible for attorney's fees incurred as a result of responding to these frivolous motions.  The plaintiff has failed to identify any documents that the defendant has failed to produce.  The defendant has gone above and beyond and produced documents that the plaintiff requested on February 15, 2008 without objection.  Accordingly, the defendants request that this Court deny the plaintiff's Motion and assess sanctions and attorney's fees.

             Defendants, City of Haverhill,
             by their attorney,


             /s/ Regina M. Ryan
             Douglas I. Louison   BBO# 545191
             Regina Gilgun Ryan BBO# 565246
             MERRICK, LOUISON & COSTELLO
             67 Batterymarch Street
             Boston, MA 02110
             (617) 439-0305


## **CERTIFICATE OF SERVICE**

  I, Regina M. Ryan., hereby certify that on the 3rd day of March, 2008, I served the foregoing electronic filing and by causing a copy to be mailed, postage prepaid, directed to: Eric P. Finamore, Esquire, WESTON, PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109.

             /s/ Regina M. Ryan
             Regina M. Ryan

# EXHIBIT A

```
                                            1

                                    Volume: I
                                    Pages: 1 to 48
                                    Exhibits: 1 to 5

       UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF MASSACHUSETTS
                    Civil Action No. 05-10152NMG


  PAMELA HILCHEY,                      )
       Plaintiff,                      )
                                       )
  vs.                                  )
                                       )
  CITY OF HAVERHILL, JOHN J.           )
  GUERIN, STEPHEN BRIGHI, KIM          )
  J. PAROLISI, LANCE A.                )
  DAWKINS, ALAN RATTE, GARY J.         )
  MELANSON, JOHN ARAHOVITES,           )
  VICTOR PELLOT, GEORGE DEKEON,        )
  JR., and WILLIAM LEEMAN              )
       Defendants.                     )



       DEPOSITION of JOHN J. GUERIN, JR., a witness

  called on behalf of the Plaintiff, taken pursuant

  to the Massachusetts Rules of Civil Procedure,

  before Robin Picariello, Registered Merit Reporter

  and Notary Public, at the Offices of Weston,

  Patrick, Willard & Redding, P.A., 84 State Street,

  Boston, Massachusetts, on March 28, 2007

  commencing at 9:17 a.m..


                      R.P. REPORTING
                      63 East Street
              Pepperell, Massachusetts 01463
                      (978) 433-8285
```

6

Q. And what's your present occupation?

A. I'm a civil service commissioner for the Commonwealth of Massachusetts.

Q. That's Commonwealth-wide position?

A. Yes.

Q. Okay. Have you ever been deposed before, Mayor --

A. I have.

Q. -- or Commissioner Guerin?

A. John is fine. Yes, I have.

Q. Just to remind you, I'll be asking you some questions and you're to answer them to the best of your recollection. If you don't recall any answer, then that is the answer --

A. Okay.

Q. -- that you don't recall. Don't guess, don't speculate. And if anything I ask is unclear, please tell me and I'll rephrase the question.

A. Fair enough.

Q. Are you represented by counsel today?

A. Yes, I am.

Q. And that's Attorney Ryan?

A. It is.

    MR. MILLER: I'd like to mark for identification the plaintiff Pamela J. Hilchey's

11

I was a city councilor from 1992 -- January '92 to January 2000 I was council president for five years and vice president for two years.

And one year I stepped down from the presidency to just be a regular rank in file councilor to see if I could get some work down. I left the -- the city councilor declined to run in 2000, took a couple of years off and then came back in 2001 and ran for Mayor and did a two-year term as Mayor and then declined to run and was appointed to the civil service commission by Governor Romney.

Q. Excellent. Now, when you ran for Mayor in 2001, that was a November election; is that correct?

A. Yes, it was.

Q. So you were elected in November 2001?

A. Correct.

Q. And you assumed office?

A. January 2002.

Q. And you left office?

A. In January '04.

MS. GELLER: Could I just have a date you were appointed to the civil service commission.

THE WITNESS: Yes, January 19, 2004.

22

```
 1        begin a file on a certain issue in case there were
 2        other letters coming in about it.  I don't recall
 3        that we had a formal log.  I do know that we had a
 4        log of outgoing communications but not necessarily
 5        incoming because they took on so many different
 6        forms and required so many different actions.
 7   Q.   Do you know what has happened to that log?
 8   A.   The log of outgoing?
 9   Q.   Outgoing communications made by your staff during
10        your tenure as Mayor.
11   A.   Actually it was only -- the only one that I have
12        were only my own outgoing communications, nothing
13        from the staff.
14   Q.   Okay.
15   A.   So, in other words, if a staff member handled an
16        issue and sent a note or sent a letter, what have
17        you, if it had my signature on it, then it would
18        no doubt be in that folder or that binder that has
19        that.
20   Q.   All right.
21             MR. MILLER:  I'm going to call for the
22        production of that for a period a month prior and
23        a month later to September 7th, 2002.  And I will
24        note that to the best of my recollection, that
```

R.P. REPORTING (978) 433-8285

23

```
1    request was first given when the request for
2    production was served in October.
3            MS. GILGUN RYAN:  And so what is it you
4    want, a copy of any log?
5            MR. MILLER:  The log, yes.
6            MS. GILGUN RYAN:  For a month prior to
7    September 7th --
8            MR. MILLER:  Yes.
9            MS. GILGUN RYAN:  -- and a month after --
10           MR. MILLER:  Yes.
11           MS. GILGUN RYAN:  So from August 7th
12   '02 --
13           MR. MILLER:  Yes.
14           MS. GILGUN RYAN:  -- to October 7th '02.
15           MR. MILLER:  Right.
16   BY MR. MILLER:
17   Q.  Do you recall as we sit here today whether you
18   sent out anything pertaining to the matters that
19   are set forth in the letter to you that was marked
20   as Exhibit 4?
21   A.  I don't recall.
22   Q.  You've testified previously that your assistants
23   would review the mail to you and direct it --
24   A.  Mm-hmm.
```

# EXHIBIT B

```
                              VOLUME: I
                              PAGES: 1-76
                              EXHIBITS: 1-4
```

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

                Civil Action No. 05-10152NMG

```
PAMELA HILCHEY,                      )
        Plaintiff,                   )
                                     )
   VS.                               )
                                     )
CITY OF HAVERHILL, JOHN J.           )
GUERIN, STEPHEN BRIGHI, KIM J.       )
PAROLISI, LANCE A. DAWKINS,          )
ALAN RATTE, GARY J. MELANSON,        )
JOHN ARAHOVITES, VICTOR              )
PELLOT, GEORGE DEKEON, JR.,          )
and WILLIAM LEEMAN,                  )
        Defendants.                  )
```

        DEPOSITION OF DONALD E. THOMPSON, a witness called on behalf of the Plaintiff, taken pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before Susan L. Prokopik, Registered Merit Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the offices of Weston Patrick, P.A., 84 State Street, Boston, Massachusetts, on Friday, February 15, 2008, commencing at 9:59 a.m.

                R.P. REPORTING
                63 East Street
     Pepperell, Massachusetts 01463
             (978) 433-8285

1           Judge Gertner.
2  A.   Mm-hmm.
3           MS. RYAN:  Female.
4  A.   It was a shotgun.
5  Q.   The evidence was excluded in that case?
6  A.   It was.
7  Q.   On Fourth Amendment grounds?
8  A.   Yes, it was.
9  Q.   And your testimony, if I understand correctly, is
10      that the Haverhill Police Department does not
11      track those kinds of exclusions in any particular
12      way?
13 A.   Any specific way.
14 Q.   Okay.
15 A.   And just so that I know that I'm understanding
16      and responding correctly, that means that there
17      is a record that that case was dismissed or that
18      particular charge was dismissed but there is no
19      number somewhere where they say, well, search and
20      seizure, dismissed for search and seizure
21      reasons, no.
22           MS. RYAN:  Do you need to take a break
23      or anything?
24           THE WITNESS:  No.  Do you?

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

**PAMELA HILCHEY**
   **Plaintiff,**

V.

**CITY OF HAVERHILL,**
   **Defendant.**

**AFFIDAVIT OF REGINA M. RYAN**

I, Regina M. Ryan, hereby swear and depose the following:

1. I am a lawyer in good standing admitted to practice in the Commonwealth of Massachusetts and the United State District Court for Massachusetts.

2. I represent the defendant in the captioned action.

3. Prior to his deposition, I met with John Guerin and I reviewed with him the Requests for Production of Documents propounded by the plaintiff to him.

4. Based on the fact that Mr. Guerin was no longer mayor of the City of Haverhill at the time he received the Requests for Production of Documents, he advised me that he was not in the custody or control of any of the requests made to him by plaintiff's counsel.

5. At his deposition plaintiff's counsel requested additional documents from John Guerin, not included in the requests for production of documents and I instructed my client to search for these records.

6. I was advised by Mr. Guerin that he no longer had the files and I promptly advised plaintiff's

1

counsel on April 9 2007 that he did not have the documents.

Signed under the pains and penalties of perjury, this 3rd day of March, 2008.

/s/ Regina M. Ryan
Regina M. Ryan

# EXHIBIT D

Case 1:05-cv-10152-NMG    Document 89-5    Filed 03/03/2008    Page 1 of 2

## LOUISON, COSTELLO, CONDON & PFAFF, LLP
### ATTORNEYS AT LAW
### 67 BATTERYMARCH STREET
### BOSTON, MASSACHUSETTS 02110

DOUGLAS I. LOUISON
PATRICK J. COSTELLO
DAVID E. CONDON
BRADFORD N. LOUISON
STEPHEN C. PFAFF
REGINA M. RYAN

TELEPHONE: (617) 439-0305
FACSIMILE: (617) 439-0325
www.merricklc.com

JENA M. CARUSO
VALERIE A. MCCORMACK
ROBERT A. STEWART

April 9, 2007

Eric P. Finamore, Esquire
WESTON, PATRICK, WILLARD &
REDDING
84 State Street
Boston, MA 02109

**Re:** **Pamela Hilchey v. City Haverhill, et al**
    **USDC CA No. 05-10152-NMG**

Dear Counsel:

Please be advised that I conferred with my client, defendant John Guerin with regards to your request for any and all log entries for communications that you had while Mayor of the City of Haverhill from from August 2, 2002 to October 7, 2002. I have been advised that he has searched his files from his tenure as Mayor of the City of Haverhill and does not have any documents responsive to this request.

If I may provide you with any additional information, please feel free to contact me.

Thank you for your attention to this matter.

Very truly yours,

COPY

Regina M. Ryan

xc: Lili Geller, Esquire
    John Lange, Esquire