UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

PAMELA HILCHEY
    Plaintiff,

V.

CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,
    Defendants.

## DEFENDANT, CITY OF HAVERHILL'S
## MOTION FOR JUDGMENT AS A MATTER OF LAW
## PURSUANT TO FED.R.CIV.P. 50(a)

The defendant City of Haverhill moves this Honorable Court to grant judgment in its favor as

the plaintiff has failed to produce any legally sufficient evidentiary basis for a reasonable jury to find that

she would be successful as to her 42 U.S.C. Section 1983 claim.

On January 30, 2008, this Court its Memorandum and Order on Summary Judgment ruled that

the remaining two issues for trial are whether the plaintiff was arrested without probable cause and

whether the City of Haverhill adopted an official custom, practice or policy that was likely to produce a

civil rights violation of the kind alleged and that the City was, at least, deliberately indifferent to such

likelihood.

1.    **THE PLAINTIFF'S FOURTH AMENDMENT  FALSE ARREST CLAIM**
      **MUST BE DISMISSED AS THE ARREST OF THE PLAINTIFF WAS**
      **MADE WITH PROBABLE CAUSE AND PURSUANT TO A VALIDLY**
      **EXECUTED ARREST WARRANT**

It is undisputed that the plaintiff was arrested pursuant to an arrest warrant issued from the

brought to the attention of the Court amounted to probable cause to believe that the plaintiff committed a crime is a pure question of law for the court, and not the jury.

Here in the present case, the plaintiff was arrested pursuant to a validly executed warrant. As such, she would be entitled to no Fourth Amendment protections.

Amendment Rights for failing to properly investigate..

## 2. THERE IS NO EVIDENCE OF AN UNLAWFUL CUSTOM OR PRACTICE BY THE CITY OF HAVERHILL

### Municipal Liability under Section 1983

Municipal liability under section 1983 cannot be based on *respondeat superior*. Monell v. New York City Dep't of Soc. Svces., 436 U.S. 658, 98 S.Ct. 2018 (1978). In order to hold a municipality liable under Section 1983 or the MCRA, a plaintiff must "identify a municipal 'policy' or 'custom' that caused his or her injury." Board of the County Comm'rs of Bryant County v. Brown, 117 S.Ct. 1382, 1388 (1997) Municipal liability lies only when a municipal policy or custom causes the alleged constitutional deprivation. Manarite v. City of Springfield, 957 F.2d 953 (1st Cir. 1992).

The plaintiff, here, must prove a direct link between the policy statement or custom and the constitutional violations. Bowen v. City of Manchester, 966 F.2d 12, 18 (1st Cir. 1992). "[I]solated instances of unconstitutional activity [by subordinates] ordinarily are insufficient to establish a supervisor's policy or custom, or otherwise show deliberate indifference." Maldanado-Denis v. Castillo-Rodriquez, 23 F.3d 576 (1st Cir. 1994).

Moreover, in the cases of supervisory liability, the First Circuit has held that "supervisory liability under §1983 cannot be predicated on a respondeat theory, but only on the basis of the supervisor's own acts or omissions." Seekamp v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997). Thus,

there can be supervisory liability only if (1) there is subordinate liability, and (2) the supervisor's action

or inaction was "affirmatively linked" to the constitutional violation cause by the subordinate.  Id. See

also Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988).   That affirmative link

must amount to "supervisory encouragement, condonation, or acquiescence or gross negligence

amounting to deliberate indifference.  Id.

　　　　The plaintiff in this case has absolutely no evidence that the City of Haverhill embraced a policy

or custom under which any official acted to deprive her of any constitutional rights.  Accordingly, all

claims against the Town under §1983 must be dismissed.

## CONCLUSION

　　　　Based on the above arguments, the defendant respectfully move this Honorable Court to grant

judgment in its favor as the plaintiff has failed to produce any legally sufficient evidentiary basis for a

reasonable jury to find that she would be successful as to her 42 U.S.C. Section 1983 claim.

> Defendant, City of Haverhill,
> by its attorneys,
>
> /s/ Regina M. Ryan
> Douglas I. Louison   BBO# 545191
> Regina M. Ryan BBO# 565246
> LOUISON, COSTELLO, CONDON &
> PFAFF
> 67 Batterymarch Street
> Boston, MA 02110
> (617) 439-0305

## CERTIFICATE OF SERVICE

I, Regina M. Ryan., hereby certify that on the __ rd day of March, 2008, I served the foregoing electronic filing and by causing a copy to be mailed, postage prepaid, directed to: Eric P. Finamore, Esquire, WESTON, PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109.

/s/ Regina M. Ryan
Regina M. Ryan