UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAMELA J. HILCHEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF HAVERHILL, *et al.*, )<br>)<br>Defendants. )<br>) | Civ. No. 005 CV 10152 NMG |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT UNDER FED. R. CIV. P. 50(a)

The Court should deny the defendant's motion for judgment as a matter of law under Fed. R. Civ. P. 50(a). The issues raised by the defendant have been disposed of by the Court's ruling on the defendant's motion for summary judgment.

1. ***Probable Cause.*** There is a well-established Constitutional requirement that no arrest, much less a prosecution, should be made without probable cause. *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Abreu-Guzmán v. Ford*, 241 F.3d 69, 73 (1st Cir. 2001). Moreover, application for a criminal complaint without probable cause is itself actionable pursuant to § 1983. *Losch v. Borough of Parkesburg*, 736 F.2d 903 (3d Cir. 1984); *Woodley v. Nantucket*, 645 F.Supp. 1365 (D.Mass. 1986). Police officers can be liable for seeking a criminal complaint if they lacked probable cause. *Carey v. City of Fall River*, 870 F.2d 40 (1st Cir. 1989).

A probable cause determination rests upon reasonableness. For there to be probable cause, it must be shown that, in the totality of the circumstances, a reasonable person would believe that the defendant had committed or was committing a crime.

*United States v. Maldonado*, 14 F.3d 95, 105 (1st Cir. 1994). "'Probable cause' means a reasonable likelihood." *Valente v. Wallace*, 332 F.3d 30, 32 (1st Cir. 2003); *United States v. Reyes*, 225 F.3d 71, 75 (1st Cir. 2000). The evidence should be sufficient to "warrant a man of reasonable caution" to believe that a crime had been committed and that the defendant had committed it. *Beck v. Ohio*, 379 U.S. at 96; *Valente v. Wallace, id.*

In this case, the crime for which the foregoing test was operative is assault with a dangerous weapon, G.L. c. 265, § 15Bb and, more particularly, with an automobile. The crime involves a "serious charge." (See Complaint, reason for issuance of warrant). It carries a maximum penalty of five years in state prison.

The "definition of assault is an attempt or threat to do bodily harm." *Commonwealth v. Shaffer*, 367 Mass. 508, 515 (1975), quoted in *Commonwealth v. Gorassi*, 432 Mass. 244, 248 (2000). Thus, it is an attempted battery or an immediately threatened battery. *Id.*

It is clear that, at the least, that type of criminal assault founded upon an immediately threatened battery requires "proof of intent to cause apprehension," and not merely "proof that the action which constitutes menacing conduct be intentional." *Commonwealth v. Musgrave*, 38 Mass.App.Ct. 519, 524, *aff'd*, 421 Mass. 610, 611 (1996)(explicitly adopting the Appeals Court's opinion).

Notwithstanding the issuance of the arrest warrant, the jury could find that probable cause did not exist on September 7, 2002, because there was no "reasonable likelihood" – indeed, no evidence – that Ms. Hilchey intended to cause apprehension in the children. "Reasonable caution" prohibited the conclusion that the elements of assault with a dangerous weapon existed.

2.      *Municipal Liability*.          A municipality such as the defendant, City of Haverhill, that through the acts of its officials violates constitutional rights can be held liable in a civil suit for money damages to compensate the victim of such a violation for the injuries caused to her by the violation. *Pembaur v. Cincinnati*, 475 U.S. 469, 478 (1986); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978). *See Wilson v. City of Boston*, 421 F.3d 45, 59 (1st Cir. 2005), *citing Cordero v. De Jesus-Mendez*, 867 F.2d 1, 7-8 (1st Cir. 1989).

The City of Haverhill is liable for deprivations of civil rights caused by the carrying out of its official policies, that is, by such acts which could be said to constitute acts of the municipality rather than acts of employees of the municipality. An "official policy" need not be a written law or written ordinance enacted by a legislature or city council. In addition, an "official policy" need not be written at all. A municipality is liable for an action that was ordered by a person who has the final authority to establish municipal policy. A municipality may be liable for the acts of an officer, even if the officer is not the highest-ranking person who has authority to set official policy, if that officer was granted or delegated authority from the highest policy maker of the municipality. *Pembaur v. Cincinnati*, 475 U.S. 469, 478 (1986); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978).

The jury could find that the defendant acted through its policy-making officials to deny the plaintiff her constitutional rights. Since the jury could find that the plaintiff was arrested without probable cause, and that her arrest occurred as part of an unconstitutional policy on the part of the defendant, the defendant's motion under Fed. R. Civ. P. 50(b) must be denied.

By plaintiff's attorney,

/s/ Eric P. Finamore
Eric P. Finamore, BBO No. 541872
Weston Patrick, P.A.
84 State Street, Suite 1100
Boston, MA 02109
(617) 742 – 9310

CERTIFICATE OF SERVICE

I hereby certify that this document was served in-hand on counsel for the defendant on March 11, 2008.

/s/ Eric P. Finamore