United States District Court
District of Massachusetts

| | |
|---|---|
| Pamela J. Hilchey,     ) | |
|      ) | |
|     Plaintiff,   ) | |
|      ) | Civil Action No. |
|     v.      ) | 05-10152-NMG |
|      ) | |
| City of Haverhill,   ) | |
|      ) | |
|     Defendant.   ) | |

**CHARGE TO THE JURY**

March 13, 2008

**MEMBERS OF THE JURY:**

You have now heard the evidence and the closing arguments in this case. It is now my duty to instruct you on the law that you must follow and apply. In any jury trial there are, in effect, two judges. I am one of the judges and you, collectively, are the other. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case. You, as jurors, are judges of the facts. But in determining what actually happened in this case, that is, in reaching your decision as to the facts, it is your sworn duty to follow the law as I am about to define it for you. When I have finished, you will begin your discussion with each other, what we call your deliberations.

-1-

To help you understand and remember these instructions on the law, I will divide them into three parts: First, general instructions intended to guide you throughout your deliberations; second, instructions about the claims, about questions you will be asked to answer (as stated in the Verdict Form), and about the law you must apply in considering these questions; and third, some additional general instructions about procedures during your deliberations.

These instructions are somewhat complicated, and I ask you to pay very careful attention. I need to read them because I cannot commit to memory all of the law about which I have to instruct you, but I will submit to you a written copy of this charge when you go to the jury room. I want to caution you right away, however, not to dwell on any one particular portion of it, if you decide to review it at all, because you must consider these instructions as a whole and not just one individual particular instruction. So I ask you to do your best to stay with me.

## PART I

### GENERAL INSTRUCTIONS

All of my instructions are about the law you must apply. I do not mean any of my instructions to be understood by you as a comment by me on the facts or on the evidence in this case. It is your function to determine the facts. Although the law allows a trial judge in this court to comment on evidence, I deliberately do

not do so and instead leave the fact-finding entirely in your hands. You are to be the sole and exclusive judges of the facts.

Fortunately, you do not need to resolve every dispute of fact raised by the evidence. In order to know which fact disputes are important, you need to know what rules of law to apply. I have explained some of the rules to you during the course of the trial, and I will explain others to you now. The lawyers were allowed to comment during their arguments on some of these rules of law, but if what they have said about the law differs in any way from my instructions, you must be guided only by the instructions on the law as I state them.

You must follow all of the rules as I explain them to you. A single sentence or statement might not refer to an exception or qualification that I have stated elsewhere in these instructions, so you must consider all these instructions together, as a unit.

Even if you disagree with one or more of the rules of law, or don't understand the reasons for them, you are bound to follow them. This is a fundamental part of our system of government by law rather than by the individual views of the judge or jurors who have the responsibility for deciding a case. If I make any mistake in instructing you about the law, fair and even-handed application of the law to this and other cases is nevertheless assured, because any mistake I make on the law can be corrected on appeal.

In contrast, your decision on disputed facts is final. That is, your findings on material disputed facts are not subject to appeal. You are the final and exclusive judges of the facts.

-3-

In your fact-finding, of course, you are not to be swayed by bias, prejudice, sympathy or antagonism.  It is your function to find the facts fairly and impartially, on the basis of the evidence.

The evidence in the case consists of all exhibits received into evidence, all facts that may have been admitted or stipulated and all of the sworn testimony of the witnesses.  A stipulation means simply that the parties accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  Statements and arguments of counsel are not evidence in the case.  Any evidence ordered stricken by the Court must also be disregarded.  Anything you may have seen or heard outside the courtroom is not evidence and you must disregard it entirely.  Your verdict must be based solely on the evidence presented in this courtroom and in accordance with my instructions.

Also, from the facts proved, you may draw reasonable inferences about additional facts.  An inference is a deduction or conclusion.  An inference is an additional finding that your experience, reason and common sense lead you to draw from facts that you find are proved by the evidence.

### Direct and Circumstantial Evidence

Two more phrases often used in discussions about evidence received in a trial are "direct evidence" and "circumstantial evidence".

Testimony of a witness showing first-hand observation of a

-4-

fact by that witness is direct evidence. For example, the testimony of an eyewitness just about what he or she saw is direct evidence. If the witness is permitted to go beyond what he or she saw and is permitted to state a conclusion, or inference, or opinion, that part of the answer is not direct evidence. Instead, it is one kind of circumstantial evidence.

Circumstantial evidence is proof of some facts, including events and circumstances, on the basis of which the jury may infer the existence or nonexistence of additional facts.

For example, let's suppose that you have been in this courtroom for a few hours and you have not been able to look outside. A man comes into this courtroom wearing a wet raincoat and carrying a dripping umbrella. You may draw the inference from those circumstances that it is raining outside. That is what we call circumstantial evidence as opposed to direct evidence which would be the testimony of the man in the wet raincoat taking the stand and telling you that it is raining outside.

Direct and circumstantial evidence have equal standing in law. That is, with respect to what weight shall be given to evidence before you, the law makes no distinction between direct and circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. You are to consider all the evidence in the case and give each item of evidence the weight you believe it deserves.

### Inferences

Any inference that you draw from the facts proved must be a

-5-

reasonable one and not merely conjecture or guesswork. You might decide that you do not have a sufficient basis to decide what inference to draw. It is for you, as judges of the facts, to decide whether the evidence before you is or is not sufficient for you to draw an inference. Ultimately, in drawing inferences, you should use your common sense.

If any reference by the Court or by the lawyers to matters of evidence is different from the way you remember the evidence, let your collective memory control.

## Objections

At times during the trial you heard lawyers object to questions asked by the other lawyer, and to answers by witnesses. It is a proper function of lawyers to object. In objecting, a lawyer is requesting that I make a decision on a question of law. Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They should not influence your thinking about the facts.

When I sustained an objection to a question, the witness was not allowed to answer. Do not attempt to guess what the answer might have been. And, if you heard an answer to the question before my ruling, you are to disregard it. In your deliberations, do not consider or talk about any question to which I sustained an objection or any answer or other statement that I excluded, or struck, or told you not to consider.

Also, during the course of the trial I may have made comments

-6-

to the lawyers, or spoken to a witness concerning the manner of his or her testifying.  Do not assume from anything that I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## Note Taking

At the beginning of the trial, I instructed you about taking notes.  I remind you that notes taken by any juror are not evidence in the case and must not take precedence over your independent recollection of the evidence received in the case.  Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is.

## Credibility

An important part of your job as jurors will be deciding whether or to what extent you believe what each witness had to say, and how important that testimony was.  You are the sole judges of the credibility of each witness.  In deciding whether to believe a witness or how much weight to give a witness's testimony, you may consider anything that reasonably helps you to assess that testimony.  The following are the kinds of questions you may want to consider in evaluating a witness's credibility.  Did the person seem honest?  Did he or she have some reason not to tell the truth?  Did the witness have an interest in the outcome of the case?  Did he or she gain any personal advantage by testifying in this case?

Did the witness seem to have a good memory? Did the witness's testimony differ from his or her earlier testimony or from the testimony of other witnesses? Was the witness's testimony different on cross and direct examination? What was the witness's manner while testifying? These are some, but, of course, not all, of the kinds of things that will help you decide how much weight to give to what each witness said.

You may also consider any demonstrated bias, prejudice or hostility of a witness in deciding what weight to give to the testimony of that witness.

The mere number of witnesses or exhibits or the length of the testimony has no bearing on what weight you give to evidence, or on whether you find that the burden of proof has been met. Weight does not mean the amount of the evidence. Weight means your judgment about the credibility and importance of the evidence.

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because an inconsistency or difference exists. Two or more witnesses may see or hear things differently. Innocent misrecollection, like failure of recollection, is a common experience. In weighing the effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

On the other hand, you are not required to accept testimony, merely because it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent

-8-

improbability, or for whatever reason, that testimony is not worthy of belief. You may accept all of a witness's testimony or you may reject all of it, or you may accept part and reject another part.

## Prior Inconsistent Statements

You have heard evidence that at some earlier time, including at a deposition, a witness has said or done something which counsel argue is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered as affirmative evidence in determining credibility. Rather, it was placed before you for the more limited purpose of helping you decide whether, or how much, if any, of that witness's trial testimony to believe.

In making this determination, you may consider whether the witness purposely made a false statement or made an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency, and if so, whether it appeals to your common sense.

## Expert Witness

During the trial you have heard testimony from individuals having specialized skill or knowledge. Such a witness is referred to as an "expert witness." The mere fact that a witness is allowed to testify as one having specialized knowledge or experience does not indicate that you must believe that testimony. Nor should you substitute the expert's testimony for your own reasonable judgment and common sense. The credibility of each witness is for you to determine.

-9-

The law allows a person having specialized knowledge or experience to state an opinion in court about matters in that person's particular field. The fact that such a witness expressed an opinion does not mean, however, that you must accept that opinion. It is for you to decide whether the opinions expressed were mere speculations or guesses, which you should disregard, or were instead based on sound reasons, judgment and facts.

If you find that part or all of the opinion testimony was based on stated or unstated assumptions, and you further find that those assumptions are contrary to what you find on the evidence before you, then you will disregard any part of the opinion testimony that was based on assumptions contrary to your factual findings.

Also, your decision whether or not to rely upon opinion testimony by an expert witness will depend on your judgment about whether the witness's training and experience is sufficient for him or her to give the opinion that you heard.

It is up to you, bearing all these considerations in mind, to decide whether you believe and choose to rely on the testimony of a witness having specialized knowledge or experience. You may accept all of it, part of it, or none of it, as you find appropriate.

## Burden of Proof

Because this is a civil case, the plaintiff has the burden of proving every disputed element of her claim by a preponderance of the evidence. If you conclude that the plaintiff has failed to

-10-

establish a claim by a preponderance of the evidence, you must decide against the plaintiff on that particular claim.

To establish something by a preponderance of the evidence means to prove that it is more likely true than not true. It means that such evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is more likely true than not true. As I said at the beginning of the trial, to put it differently, if you were to put the plaintiff's and defendant's evidence on opposite sides of the scales, the plaintiff would have to make the scales tip somewhat to her side with respect to that claim. In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them.

The burden of proof has not been carried if, after considering all the evidence, you find that you must speculate, guess or imagine that one or more of the necessary facts is true. Although the burden is on the plaintiff to prove her contentions by a preponderance of the evidence, this rule does not, of course, require proof to an absolute certainty. Nor is proof beyond a reasonable doubt or by clear and convincing evidence required. As to all of the issues in this case, the standard for defining the burden of proof is the "preponderance of the evidence" standard.

-11-

## Sympathy

In many cases there is an element of sympathy which surrounds the trial.   People involved in the case may be deserving of sympathy in everyday life.  However, the courtroom is not the place for sympathy.  When you decide this case, you must do so on the basis of the facts as you find them, disregarding sympathy and emotion.  You must consider the evidence in a calm, dispassionate, analytical manner in accordance with the burden of proof I have just described and the specific instructions I will give you momentarily.

## Municipal Defendant

The fact that the defendant in this case is a municipality does not mean that it is entitled to any lesser consideration by you than if it were an individual.   All litigants, municipal corporations as well as individuals, are entitled to your fair and unbiased consideration.

## PART II

In this case, I will submit specific questions to you in a Verdict Form.  First, I will summarize the claim and explain how to apply the law to that claim.   In a moment, my deputy clerk will distribute copies of the Verdict Form that you will have in the jury room and that I will explain and refer to from time to time during the remainder of my instructions.

## FEDERAL CIVIL RIGHTS CLAIM

Section 1983 of Title 42 of the United States Code provides
that any individual may seek redress, by way of money damages,
against any person or persons, including a city, who (or which),
under color of state law, deprives that individual of any of his
or her constitutional rights.

The plaintiff, Pamela Hilchey, alleges that she was deprived
by the City of Haverhill of rights guaranteed by the United
States Constitution.  The federal constitutional right that the
plaintiff claims that the defendant violated is her right to be
free from arrest without probable cause.

The plaintiff must prove each of the following three
elements by the preponderance of the evidence:

> (a)  that the conduct complained of was committed by a
> person acting under color of state law;
>
> (b)  that this conduct deprived the plaintiff of rights,
> privileges, or immunities guaranteed by the
> Constitution or laws of the United States and
>
> (c)  that the defendant's acts were the proximate cause of
> the consequent damages sustained by the plaintiff.

### Under Color of Law

The **first** element of the plaintiff's civil rights claim is
that the conduct complained of was committed by a person acting
"under color of state law".  A person was acting under color of
state law if he was acting in his capacity as a police officer
and not in some other capacity.

In this case, the parties do not contest the fact that all

-13-

of the officers involved in Ms. Hilchey's arrest were acting
under color of state law as police officers of the City of
Haverhill and, therefore, you must find that that element has
been established.

The **second** element that the plaintiff must prove is that she
was deprived of a federal civil right by the defendant.  In order
to prove this element, the plaintiff must demonstrate two things:
first, that she was arrested without probable cause and, second,
that her arrest arose out of an official custom or policy of the
City of Haverhill.  I will now discuss each of those requirements
in turn.

### Arrest Without Probable Cause

### [Read Question 1]

Ms. Hilchey claims that on September 7, 2002, she was
arrested and deprived of liberty "without due process of law",
or, in other words, without authority of law.  The parties do not
dispute that the plaintiff was arrested on September 7, 2002, so
the question before you is whether or not, at the time the
Haverhill police officers sought a warrant for Ms. Hilchey's
arrest, there was probable cause to believe that she had
committed the crime with which she was charged.

Probable cause means that the facts and circumstances known
to the responsible officer (or officers) are sufficient to allow
a reasonably prudent person, who possesses the same official
expertise as those officers, to conclude that the person being

-14-

arrested has committed or is about to commit a crime.  The
information upon which an officer relies in making an arrest must
be more than just rumor or mere suspicion, but it does not
require sufficient evidence to justify a conviction.  The fact
that a party subsequently may be found not guilty on a charge for
which she was arrested is not relevant to the issue of whether
probable cause existed for the arrest in the first place.  The
probable cause determination is made at a different point in time
by a different, less demanding standard than the standard of
proof required for a criminal conviction.

In this case, the plaintiff's specific allegation is that
the officers of the Haverhill Police Department sought a warrant
for her arrest when there was no probable cause to believe that
she had committed a crime.  Because the officers had an
unconditional duty to arrest Ms. Hilchey once the warrant was
issued, it is the application for the warrant rather than its
execution that allegedly violated the plaintiff's constitutional
rights.

A determination of probable cause must be made in light of
the totality of the circumstances.  During your deliberations you
should, therefore, consider what information was in the officers'
possession at the time that the decision to apply for the warrant
was made.  Furthermore, your evaluation of probable cause should
take account not only of the evidence in their possession but
also the reasonableness and thoroughness of the investigation

-15-

carried out before the decision to seek a warrant was made.  The officers were not required to conduct an exhaustive or perfect investigation but they were required to conduct a reasonable investigation.

The crime for which Ms. Hilchey was arrested is assault by means of a dangerous weapon, to wit, a motor vehicle.  The elements of that crime are as follows: 1) that the suspect put the victim in reasonable fear of imminent bodily harm, 2) by means of a dangerous weapon and 3) with intent to cause such fear.  Therefore, in deciding whether or not there existed probable cause to support her arrest, you must consider whether it was reasonable for the Haverhill police officers to conclude that each of those elements of the crime was present.

## Official Custom or Policy

### [Read Question 2]

Ms. Hilchey alleges that the City of Haverhill violated her constitutional right to be free from arrest except based upon probable cause as a result of the City's maintenance of a custom or policy that violated that right.  With the exception of former Mayor Guerin, all of the evidence concerning municipal policy in this case has concerned policies within the Police Department. Because the Department is an agency of the City, official policies of the Department are official policies of the City and my references to the City in these instructions are not meant to distinguish it from its police department.

-16-

While the City may not be liable merely because it is the
employer of the officers who sought the warrant to arrest Ms.
Hilchey, you may find that the City is liable to her if you find,
by a preponderance of the evidence, that 1) the actions of the
individual officers were done in accordance with an official
policy of the City and 2) those actions proximately caused the
deprivation of the plaintiff's civil rights. Thus, Ms. Hilchey
must prove that the City caused the constitutional violation by
demonstrating the existence of official policy or custom and a
causal link between that policy or custom and the constitutional
violation.

The phrase "official policy" refers to decisions made by
employees of the City who are sufficiently highly placed that
their decisions may fairly be attributed to the City itself.   An
official's decisions may be attributed to the City if that
official has the authority to make a final and non-reviewable
determination of policy with respect to the action ordered.

You must bear in mind, however, the difference between
discretion to make a decision and authority to set policy.  The
fact that an official has the discretion to hire and fire
subordinate personnel, for example, does not necessarily mean
that he has the authority to set employment policies for the
entire department.  Even if such an official exercises his
discretion in an unconstitutional manner, that decision to act
unlawfully is not necessarily a decision of the City.  Similarly,

-17-

individual patrol officers in the Police Department have the
discretion to arrest an individual suspected of committing a
crime, but only commanding officials have the power to set policy
regarding who will be arrested and under what circumstances.
Only if the primary policymaking authorities fully delegate their
power to subordinates can those subordinates set official policy.

There is no requirement that Ms. Hilchey prove that the
actions were taken pursuant to a long-standing or regularly
applied policy of the municipality. A government frequently
chooses a course of action tailored to a particular situation.
Such a policy need not even be committed to writing. Even if you
find that the particular policy was established for a single
occasion, you may find that it represented an official policy of
the municipality, provided that a deliberate choice to follow a
course of action was made from among various alternatives by the
officials responsible for establishing the final policy with
respect to the subject matter in question.

A city may be held liable only for violations that are
either intentional or reckless. An act is intentional if it is
done knowingly, that is, if it is done voluntarily and
deliberately and not because of mistake, accident, negligence or
other innocent reason. An act is reckless if it is done in
conscious disregard of its known probable consequences. In order
to prevail, Ms. Hilchey must prove, by a preponderance of the
evidence, that the City, through its policymakers, either

-18-

intentionally or recklessly deprived her of her civil rights. The proof of policies that were merely negligent with respect to possible civil rights violations is not sufficient.

### CAUSATION

### [Read Question 3]

If you find that the defendant violated plaintiff's federal constitutional right to be free from arrest without probable cause, you must then determine whether the actions of the defendant were the proximate cause of the plaintiff's alleged injuries. Proximate cause means that there must be a sufficient causal connection between the acts of the defendant and any injury or loss to the plaintiff. An injury or damage is proximately caused by an act if you find, from a preponderance of the evidence in the case, that the act was a substantial factor in bringing about or actually causing the damage and that the damage was either a direct result or a natural and probable consequence of the act. In order to recover for an injury, Ms. Hilchey must show, by a preponderance of the evidence, that the injury to her would not have occurred but for the conduct of the defendant.

There may, of course, be two or more causes of injury or other damage. Many factors or the conduct of two or more persons may operate at the same time, either individually or together, to cause an injury and each may be a proximate cause. Ms. Hilchey cannot recover, however, if her injuries were caused by a new or

-19-

independent source of injury which intervenes between the acts or omissions of the City and her injuries and which produced a result that was not reasonably foreseeable by the City.  For example, a defendant is not liable for damages which resulted from the plaintiff's own acts.

Another way of explaining the meaning of "proximate cause" is this: if the claimed injury or other damage would have occurred anyway, regardless of the defendant's act or failure to act, then it was not caused by the defendant's act or failure to act.  Thus, if you find that Ms. Hilchey would have suffered the same outcome regardless of whether the City adopted a particular policy, you must find that she has failed to show that her injuries were caused by the City.  If, on the other hand, the injuries would not have occurred but for the City's conduct then Ms. Hilchey has satisfied the element of causation.

#### Damages

I now turn to the question of damages.  The mere fact that I instruct you on damages does not mean that you must find damages.  Also the mere fact that I instruct you on a particular kind of damages does not mean that you must find damages of that kind.  I am required to give you a complete set of instructions as to the law.  You are to award damages only if you find that the plaintiff has proved her claim by a preponderance of the evidence.

#### [Read Question 4]

If you find that the plaintiff is entitled to a verdict, you

-20-

may award damages to reasonably compensate her for the actual
injuries that you find, by a preponderance of the evidence, were
caused by the defendant's actions.  These are known as
"compensatory damages".  As with other elements of proof, the
elements of damages must not be based on conjecture, surmise or
speculation.

The object of damages allowed by law is to award the
equivalent in money to the plaintiff for actual past, present and
future harm or loss.  Compensatory damages can be awarded to
compensate for physical and mental harm such as physical injury,
disability, pain and suffering, fear and humiliation as well as
any disability, mental anguish or pain and suffering plaintiff
will suffer in the future.  Any amount you award the plaintiff
will be the maximum amount that she will ever be able to receive
from the defendant, now or in the future.

Bear in mind that recovery will not be barred because there
may be a lack of certainty in the plaintiff's proof of aspects of
loss that, by their nature, are not susceptible to precise
calculation.  However, you are not permitted to award speculative
damages.  Any award of damages must be based on the evidence and
on a finding by you that the plaintiff has convinced you, by a
preponderance of the evidence, that she has been injured as she
claims to have been injured.  Damages must be ascertainable by
reference to some definite standard, either of market value,
established experience or direct inference from known

-21-

circumstances.  A mathematical certainty in measuring damages is not a prerequisite for recovery.  The determination of damages is left to your judgment and estimation as the triers of fact.

If you return a verdict for Ms. Hilchey, but find that she has failed to prove that she has suffered any actual or compensatory damages, then you may return an award of nominal damages, meaning a trivial sum not to exceed One Dollar.  Nominal damages may be awarded when a plaintiff has been deprived by a defendant of a constitutional right but has proved no real damage as a result of the constitutional deprivation.

If you award damages, you are not to include any amount for interest in the initial assessment although you may decide whether to award any interest in a separate determination.  If you decide that interest should be awarded, the calculation of that interest is  not for the jury but for the Court.  In addition, you are not to take into account any kind of taxes.

### Civil Rights Violation - Interest

### [Read Question 4a]

If you decide that compensatory damages should be awarded to the plaintiff, you must then decide whether to award interest. Whether you do award interest, which would be interest from the time this lawsuit began in 2005 to the present, should depend upon whether you conclude that interest is necessary to compensate the plaintiff for any injury suffered, bearing in mind that the plaintiff has not had the use of the damages you award

-22-

during the time this litigation has been pending.

## PART III

### Procedures During Deliberations

When you go to the jury room to begin considering the evidence in this case, the forewoman, Ms. Walker, will assure that every juror is present during all of your deliberations and that all jurors, the forewoman included, will have equal and full opportunity to participate in the deliberations.  Once you are in the jury room, if you need to communicate with me, the forewoman will send a written message to me.   If you do send a written message to me, I will discuss it with the lawyers for both sides before responding to you, so please continue your deliberations to the extent you are able during the time it takes for me to respond to your question.  Do not stop your deliberations while you wait for a response.   And do not tell me how you stand, either numerically or otherwise, on any issue before you, until after you have reached a verdict.

On matters touching simply on the arrangements for your meals, schedule and convenience, you are free to communicate with the marshal orally rather than in writing.  You are not to communicate with anyone other than me about the case, however, and then only in writing.

I have read to you what is called a verdict form.  A verdict form is simply the written notice of the decision that you reach.

-23-

You will have the original and copies of this form in the jury room and, when you have reached your verdict, you will have your forewoman fill in, date, and sign the original to state the verdict upon which you agree. You will then report, in writing to the marshal, that you have reached a verdict after which you will be invited to return with your verdict to the courtroom. Your verdict must be unanimous. That is, you must be unanimous as to the answer to each of the questions you answer.

It is my practice, absent special circumstances, to allow a jury to recess before dinner and begin deliberations again in the morning of the next regular court day.

It is not yet time for you to start deliberating. I will have a sidebar conference with counsel and you can be at ease for a few minutes. I will then have some brief final instructions to give you before you retire to deliberate.

[SIDEBAR]

Members of the jury, it is now time for the case to be submitted to you. You may commence your deliberations. All of you who are the jury must be together at all times when you are deliberating. Whenever you need a recess for any purpose, your forewoman, Ms. Walker, may declare a recess. Do not discuss the case during a recess in your deliberations. All your discussion of the case should occur only when you are all together and your forewoman has indicated that deliberations may proceed. This should be your procedure so that everyone in the jury will have

-24-

equal opportunity to participate and to hear all of what other members of the jury have to say.    You may go to the jury room and may commence your deliberations.