UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

PAMELA HILCHEY
    Plaintiff,

V.

CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,
    Defendants.

## DEFENDANTS' MOTION TO RECONSIDER

The defendant, City of Haverhill, requests that this Court reconsider the imposition of sanctions against the defendant at the final pre-trial conference on March 7, 2008. As grounds therefore, the defendant, City of Haverhill, states that the additional order by the Court to provide voluminous documents to the plaintiff over the weekend before trial and to make herself available to plaintiff's counsel over the entire weekend served as a sanction.

In addition to the imposition of sanctions, the City of Haverhill was ordered to produce to plaintiff the complete civil litigation files for all Fourth Amendment civil rights claims against the City of Haverhill from 1997 to 2002; to make herself available to plaintiff's counsel for the entire weekend; produce a 30(b)(6) deponent and to produce all motions to suppress findings adverse to the Haverhill Police .

In order to comply with the Court's order, counsel for the City of Haverhill was required to obtain from the law firms of Kopelman & Paige and Pierce, Davis & Perritano files that were pending during this time period. These documents had to be curried to counsel's law firm and

had to be purged of all work product and privileged information before plaintiff's counsel could view the documents.

In addition, counsel for the defendant was required over the weekend to obtain any information pertaining to criminal motions to suppress hearings involving the defendant, City of Haverhill police officers. As a result counsel had to interview members of the detective unit to inquire individually as to their memories regarding motions to suppress and had to conduct a search of Pacer and Westlaw in an attempt to obtain a complete record of information.

Further, counsel for the defendant was required to obtain all civil files in the custody of the law firm of Louison, Costello, Condon & Pfaff, LLP involving the City of Haverhill. This order required a search of the off-site storage facility in order to obtain this information.

Counsel for the defendant made all of the above documents available to plaintiff's counsel over a three day period and scheduled meetings with plaintiff's counsel on Saturday, Sunday and Monday in order to provide the information to plaintiff's counsel as ordered by the Court.

Counsel for the plaintiff arrived an hour late for the first meeting and for the second meeting which was held on Sunday, counsel for the plaintiff e-mailed counsel for the defendant 20 minutes prior to the scheduled start that he would not be able to make the meeting.

After making this time consuming and exhaustive search for records, that clearly affected trial counsel's ability to prepare for trial, not one document or witness called by plaintiff at trial was gained from this information.

In addition, the City of Haverhill was sanctioned for failing to advise plaintiff's counsel that it intended to supplement its expert disclosure. Plaintiff's counsel filed a Motion to Strike Defendant's Expert but never engaged in a L.R. 7.1 conference. Had the plaintiff properly

complied with the Local Rules, he would have known that the expert opinion was being supplemented as it was forwarded to him within 48 hours of filing the motion. It would be unfair to sanction counsel for the defendant when plaintiff did not comply with the rules of the Court.

As counsel raised at the pre-trial conference, she had disclosed the identity of all of the Fourth Amendment claims against the City of Haverhill in January, 2008 and these files are readily available on the Pacer system at the United States District Court. There was no effort to withhold any information by the defendants at any time.

A District Court has the inherent power to sanction a party when the party exhibits bad faith including the party's refusal to comply with the Court's orders. Chambers v. Nasco, Inc., 501 U.S. 32 (1991). However, the imposition of sanctions requires a finding of bad faith or conduct tantamount to bad faith. Roadway Express, 447 U.S. 752 (1980). Moreover, Fed.R.Civ.P. 37(c)(1) expressly authorized the District Court to impose monetary sanctions on a party for a refusal to obey a discovery order. Based on the fact that counsel for the defendant, City of Haverhill, never refused to obey a discovery order; identified all of the civil claims and their federal dockets numbers to plaintiff in January; and worked the entire weekend prior to trial obtaining documents for plaintiff, the defendant respectfully requests that this Court reconsider the imposition of sanctions.

For the above stated reasons, the defendant, City of Haverhill, requests that this Court reconsider its imposition of sanctions.

        Defendants, City of Haverhill,

        by its attorneys,

        /s/ *Regina M. Ryan*
        Douglas I. Louison   BBO# 545191
        Regina Ryan BBO# 565246
        LOUISON, COSTELLO, CONDON & PFAFF
        67 Batterymarch Street
        Boston, MA 02110
        (617) 439-0305

## **CERTIFICATE OF SERVICE**

    I, Regina M. Ryan., hereby certify that on the 20th day of March, 2008, I served the foregoing document via electronic filing directed to: Eric P. Finamore, Esquire, WESTON, PATRICK, WILLARD & REDDING, 84 State Street, Boston, MA 02109.

        /s/ Regina M. Ryan
        Regina M. Ryan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO. 05-10152NMG

**PAMELA HILCHEY**
    Plaintiff,

V.

**CITY OF HAVERHILL, JOHN J. GUERIN,
STEPHEN BRIGHI, KIM J. PAROLISI,
LANCE A. DAWKINS, ALAN RATTE,
GARY J. MELANSON, JOHN ARAHOVITES,
VICTOR M. PELLOT, GEORGE DEKEON, JR.,
and WILLIAM LEEMAN,**
    Defendants.

## AFFIDAVIT OF REGINA M. RYAN, ESQ.

I, Regina M. Ryan, hereby depose and say the following:

1. I am a lawyer in good standing admitted to practice in the Commonwealth of Massachusetts and the United State District Court for Massachusetts.

2. I represent the defendants in the captioned action.

3. Pursuant to the Court's Order of March 7, 2008, I was required to obtain from the law firms of Kopelman & Paige and Pierce, Davis & Perritano files that were pending during 1997-2002. I had these documents curried to my firm and I had to be go through each file and purge all of the work product and privileged information.

4. In addition, I was required over the weekend to obtain any information pertaining to criminal motion to suppress hearings involving the defendant, City of Haverhill police officers. As a result I went to the Haverhill police department and met with officers from the Detective Unit and the Captain in charge of detectives and interviewed them regarding motions to suppress findings. I further conducted a search of Pacer and Westlaw in an attempt to obtain this

information.

5. I was required to have two employees of Louison, Costello, Condon & Pfaff search the firms off-site storage facility in order to obtain archived files.

6. I made all of the information I obtained available to plaintiff's counsel in the firm's conference room all weekend.

7. I was required to cancel previously scheduled plans in order to accommodate the Court's request.

8. I scheduled meetings with plaintiff's counsel on Saturday, Sunday and Monday in order to provide the information to plaintiff's counsel as ordered by the Court.

9. On Saturday I advised counsel for the plaintiff I would be available from 10:00 -12:00. Counsel arrived an hour late for the first meeting and stayed until approximately 1:15. For the second meeting which was held on Sunday, counsel for the plaintiff e-mailed me 20 minutes prior to the scheduled start that he would not be able to make the meeting. I had previously provided him my cell phone number so he could reach me all weekend.

10. After making this time consuming and exhaustive search for records, that clearly affected my ability to prepare for trial, I am not aware of one document or witness called by plaintiff at trial that was gained from this information.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20th DAY OF MARCH, 2008.

/s/*Regina M. Ryan*
Regina M. Ryan