UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAMELA J. HILCHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civ. No. 005 CV 10152 NMG |
| | ) |
| v. | ) |
| | ) |
| CITY OF HAVERHILL, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S OPPOSITION TO
### DEFENDANT'S MOTION TO RECONSIDER

Plaintiff opposes the Defendant's Motion to Reconsider[1] relative to the imposition of sanctions in the amount of $2,000 on the defendant by this Court on March 7, 2008.

1.  *Failure to Produce Documents.*   First, the defense counsel suggests that the order of sanctions should be rescinded because compliance with the Court's order to produce documents, *per se*, served as a sufficient sanction. However, that compliance was not a sanction, but merely that which counsel should have done in the first instance, and provides no reason for the Court to reconsider its prior order.

The Court will recall that, at the pretrial conference on January 30, 2008, it allowed in part the plaintiff's motion to compel the production of documents by the defendant, and continued the trial to March 11, 2008, to permit the plaintiff to conduct additional discovery.

---

[1] Defense counsel already asked this Court, at the hearing of March 7, 2008, to reconsider the imposition of sanctions. The Court declined.

Following that order, the defendant did not produce any additional documents. Indeed, as plaintiff subsequently learned, defense counsel continued to withhold documents pertaining to other actions for civil rights violations which had been filed against it in this court and elsewhere, of which counsel had actual knowledge, and some of which were apparently physically present within her office.[2]

In light of the defendant's failure to produce additional documents, the plaintiff filed a motion *in limine* for sanctions at trial. On March 7, 2008 this Court held a hearing on the plaintiff's motion, and was advised of the withheld documents and of the fact that at least some of the 101 cases on the list involved civil rights claims, concerning which no documents had been produced. The Court denied the plaintiff's requested sanction striking defenses, but instead imposed sanctions of $2,000 upon the defendant, "*to be paid forthwith*," and ordered the documents to be produced. Of the total of $2,000, half related specifically to the failure to produce documents.

The sanctions ordered by the Court have not been paid

Apparently, then, in an action which she now calls a "sanction," defense counsel spent time and resources gathering the documents, which consisted in part of case files *in the storage facility of her own firm*, as well as case files obtained from other law firms. Plaintiff's counsel viewed these documents over the weekend before trial, to the extent they were available. Some of the documents were not made available until after the trial had commenced, and plaintiff's counsel was required to view those documents in the afternoon or evening during trial. As to all of these late-produced documents, plaintiff's

---

[2] The defendant had first produced "Citizen Complaint" files, along with a list of 101 unspecified civil cases against the defendant, on January 24, 2008, two weeks before the scheduled trial, 10 months after the close of discovery and 8 months after the plaintiff had

counsel attempted to ascertain, on extremely short notice, whether they were likely to yield trial evidence.

Defense counsel now asks this Court to reconsider the sanctions – still unpaid – as they relate to the production of documents, on the grounds that gathering of documents itself was a sufficient sanction. This argument is specious, for at least two reasons:

*First*, the production of these documents constituted nothing more than the discovery in which defense counsel *should have engaged anyway*, many months ago and without the necessity of court intervention. If defense counsel found it difficult to gather these documents at the last minute, during evenings and weekends before trial, she should consider that this difficulty could have been avoided if the documents had been produced in a timely manner, during the regular course of discovery. The consultation with officers of the police department regarding motions to suppress, about which defense counsel complains, was nothing short of her duty as attorney of record in this action.

*Second*, the circumstances under which the documents were produced were at least as onerous on the plaintiff, who had the burden of proof at trial, as they were on the defendant. If the production of this late-ordered discovery hampered trial preparation by the defendant, it must have had – and did have – the same effect on the plaintiff. Nevertheless, defense counsel would have the Court consider this mutual hardship as a "sanction" imposed solely on the defendant.

It is entirely reasonable to suppose that, if defense counsel had produced the documents seventeen months ago, when they were requested, plaintiff's counsel could have developed them into admissible evidence to place before the jury. Thus, the fact

---

moved to compel their production.

that "not one document or witness called by the plaintiff at trial was gained by this information" indicates not, as defendant would have it, that the discovery was improper or unnecessary. Rather, it shows the extent to which defense counsel achieved the goal of preventing meaningful discovery on the issues raised by the documents. Counsel succeeded in preventing disclosure of relevant documents until the very eve of trial, and the opportunity supposedly secured to the plaintiff by the Federal Rules of Civil Procedure, to have meaningful pretrial discovery and preparation, was lost. Defense counsel now tries to bootstrap that impediment into evidence that her failure to produce the documents was justified. The Court should reject that argument for the sophistry it is.

In any case, the Court should be aware that the sanctions ordered by the Court have not been paid. Plaintiff's counsel now regretfully finds it necessary to suggest that further sanctions, and/or a finding of contempt, are now warranted.

2.   *Late Disclosure of Expert.*   Defense counsel also asks for reconsideration of the additional sanction of $1,000 imposed for the late disclosure of the defense expert because, the argument goes, if plaintiff's counsel had asked for supplementation under L.R. 7.1, supplementation would have been provided voluntarily. This argument ignores the facts: the defendant failed to comply with the Court's order to fully disclose expert testimony by February 6, 2008, and no conference among counsel would have changed those facts. If such a conference had occurred, defense counsel would have done what she did anyway: provide an additional, if tardy and inadequate, disclosure.

Once again, the Court will recall that, at the pretrial conference on January 30, 2008 the defendant obtained, over the plaintiff's objection, leave to serve an expert

4

disclosure pursuant to Fed. R. Civ. P. 26(a)(2) by February 6, 2008. Nonetheless, the defendant failed to make its proper disclosure by that date, filing instead a submission which was defective under Fed. R. Civ. P. 26(a)(2) in every material respect. Trial was four weeks away, and the defendant had failed to meet the Court-ordered disclosure deadline. Plaintiff moved to strike the submission.

Subsequently, apparently in response to plaintiff's motion, the defendant "supplemented" its prior expert disclosure with a document which first became available to plaintiff on Tuesday, February 19, 2008 – thirteen days after the Court ordered full compliance with the disclosure requirements set forth in Rule 26(a)(2). Even that document did not cure all of the deficiencies of the prior "disclosure," most notably lacking a signature of the proffered expert.

Once again, the plaintiff sought a remedy for the inadequate disclosure, this time moving to preclude the defendant from introducing expert testimony at trial. Once again, the Court denied the plaintiff's requested sanction. The Court generously allowed the defendant to present expert testimony, although it sanctioned the defendant $1,000 for the late-filed disclosure, and ordered defense counsel to produce a document signed by the expert.

The defendant failed to comply with the order of the Court in both respects: no sanction was paid, and no signed copy of the disclosure was provided. Those defects continue to the present time.

On March 13, 2008 the defendant sought to offer testimony from its expert. Plaintiff objected, because defense counsel *still* had not produced a signed copy of the expert disclosure in compliance with Fed. R. Civ. P. 26(a)(2), as had been ordered the

week before. Once again, the Court granted an indulgence in favor of defense counsel, permitting the expert to testify over the objection of the plaintiff.

There is no justification for the defendant's argument that a L.R. 7.1 conference would have cured the defects in the defendant's disclosure. If counsel had initiated such a conference, the same results would have obtained: defense counsel would still have failed to meet the February 6 deadline, and would still have filed the late disclosure as she did. If a L.R. 7.1 conference might have been technically required, it would have made no difference in the outcome. Defense counsel cannot blame the lack of a conference for the late and inadequate expert disclosure.

On March 14, 2008 a jury returned a verdict in favor of the defendant. The verdict, of course, does not alter the pretrial history of the case.

The $2,000 in sanctions remains unpaid.

Given this history, it is ironic that defense counsel should ask this Court to reconsider the imposition of the sanctions which were, after all, far less than the Court could have imposed, and far less than the plaintiff sought. In view of the willful failure to obey discovery orders, the Court would have been warranted, in its discretion, in striking defenses under Fed. R. Civ. P. 37. The Court would also have been warranted, in its discretion, in striking the defendants' proposed expert testimony. The Court did neither, imposing the mildest of sanctions, and permitting the defendant to fully defend the case at trial.

Those sanctions may well be inadequate to deter such conduct in the future, but nevertheless they should stand.

**WHEREFORE**, Plaintiff, Pamela J. Hilchey, respectfully requests that this Honorable Court deny the Defendant's Motion to Reconsider, and award her additional sanctions, costs and attorneys' fees as provided in Fed. R. Civ. P. 37, and for such other and further relief as to the Court seems just.

Plaintiff, by her attorney,
/s/ Eric P. Finamore
Eric P. Finamore, BBO No. 541872
Weston Patrick, P.A.
84 State Street, Suite 1100
Boston, MA 02109
(617) 742 – 9310

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 21, 2008.

/s/ Eric P. Finamore