UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAMELA J. HILCHEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF HAVERHILL, *et al.*, )<br>)<br>Defendants. ) | <u>Civ. No. 005 CV 10152 NMG</u> |

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR COSTS

Plaintiff, by her attorney, hereby submits her opposition to Defendant City of Haverhill's Motion for Costs, and states as grounds therefor:

A.  *The Motion Should be Denied in its Entirety.*

1.  As the Defendant acknowledges, it is within the Court's discretion to allow or deny Defendant's request for costs pursuant to Rule 54 of the Federal Rules of Civil Procedure. Motion at 1.[1] In the present circumstances, allowing the Defendant costs would be inequitable, for the following reasons.

2.  Plaintiff is a single mother with extremely limited economic resources. In essence, costs would be imposed upon her for asserting rights accorded by the United States Constitution and the Civil Rights Act of Congress.

---

[1] References in this form are to Defendant, City of Haverhill's Motion for Costs (sometimes called "Haverhill's Motion"), citing Rule 54(d) and *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).

3. Due in part to Plaintiff's impecunious circumstances, Plaintiff resides in North Carolina, far from the jurisdiction of this Court.

4. The economic burden of any costs awarded by the Court against the Plaintiff would, as a practical matter, be shouldered by Plaintiff's teenage daughter, who has several years before her high-school graduation.

5. On the other hand, although the motion for costs is sought in the name of the City of Haverhill, the defense of the claim was covered by a liability insurance carrier. Indeed, the affidavit submitted in support of the motion for costs indicates that $13,204.95 worth of invoices was submitted to Carolyn Hamel at Massamont Insurance Agency. The defendant did not bear these costs; an insurer, in the business of underwriting risk, did so. Now the insurer is attempting to recover some of its expenditures. The insurer's economic resources, however, are far greater than those available to the Plaintiff and her daughter, both in absolute terms and in marginal value.

6. The Plaintiff's claims in this action were neither frivolous nor improper in any way. The Plaintiff's complaint was subject to serious pretrial challenges, and required the jury's deliberation, after a full trial, for six hours.

7. The only determination by the Court regarding any allegedly improper pretrial conduct in this action was its determination, at the pretrial hearing on March 7, 2008, that the Defendant had failed to fulfill its discovery obligations pursuant to the Federal Rules of Civil Procedure.

8. This Court should balance the harms to be suffered by the Plaintiff if costs are imposed, against the ability of the Defendant's insurer to bear its own costs, and conclude that an award of costs against the plaintiff would be inequitable in this case.

B. *The Majority of the Costs Claimed by the Defendant are Improper.*

9. Elements of costs allowable to a prevailing party under Fed. R. Civ. P. 54(d) are specified exclusively in 28 U.S.C. § 1920. They include, *only*:

> (1) Fees of court clerk and marshal;
>
> (2) Court reporters' fees for necessary transcripts;
>
> (3) Witness (as provided in 28 U.S.C. § 1821) and printing fees;
>
> (4) Copying fees;
>
> (5) Docket fees; and
>
> (6) Compensation of court-appointed experts and interpreters.

10. Defendant's motion seeks payment of costs far in excess of those specific allowable costs set forth in 28 U.S.C. § 1920. In particular, the Affidavit of Tara L. Kelly, submitted by the Defendant in support of its motion, includes items in ¶ 3(b) and ¶ 3(c) travel expenses of attorneys, and $8,100 in costs to retain its expert, Daniel C. Wicks in ¶ 5(k) and ¶ 5(l). Neither travel by attorneys nor the retention by a party of an expert are costs within Rule 54, pursuant to 28 U.S.C. § 1920.

11. As this Court has previously held, travel expenses and the like for attorneys are not allowed as costs pursuant to Rule 54 and 28 U.S.C. § 1920. *Walters v. President and Fellows of Harvard College*, 692 F.Supp. 1440 (D.Mass. 1988).

12. Moreover, expert witness fees are generally not recoverable under 28 U.S.C. § 1920. *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983). In no event are they recoverable for more than what is established in 28 U.S.C. § 1821(b)(*i.e.* $40 per day for attendance at trial). *Denny v. Westfield State College*, 880 F.2d 1465, 1473 (1st Cir. 1989). Indeed, the Supreme Court has held that costs for experts are not to be allowed in

3

actions pursuant to 42 U.S.C. § 1983, as this one was. *West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83 (1991). Therefore, these costs must not be allowed.

12. The great majority of the costs sought by the defendants are simply not allowable under the applicable statute and corresponding case law. They must be denied.

13. The Plaintiff requests this Honorable Court to recognize the undue burden an award of costs would impose upon her, and to deny the Defendant's motion for taxation of costs or, at the very least, cut such costs to the items expressly permitted by 28 U.S.C. § 1820.

**WHEREFORE**, Plaintiff, Pamela J. Hilchey, respectfully requests this Honorable Court to deny, in full and with prejudice, Defendant, City of Haverhill's Motion for Costs, and for such other and further relief as to the Court seems just.

Respectfully submitted,
Plaintiff, by her attorney,
*/s/ Eric P. Finamore*
Eric P. Finamore, BBO No. 541872
Weston Patrick, P.A.
84 State Street, Suite 1100
Boston, MA 02109
(617) 742 – 9310

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 11, 2008.

*/s/ Eric P. Finamore*